## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  RWT-10-0694 |
| | * | |
| LAUREN STEVENS, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

******

## UNITED STATES' MOTION TO PRECLUDE ADVICE OF COUNSEL DEFENSE TO 18 U.S.C. § 1519 AND FOR HEARING REGARDING APPLICABILITY OF THE DEFENSE TO OTHER CHARGES

Defendant Lauren Stevens has indicated through counsel her intention to present an advice of counsel defense to the charges in this case.  With respect to the obstruction count charging a violation of 18 U.S.C. § 1519 (Count Two), an advice of counsel defense is not permitted as a matter of law.  With regard to the remaining charges, no evidence, argument, or jury instruction on the subject should be allowed unless and until the defendant demonstrates (outside the presence of the jury) the necessary factual foundation for such a defense.

## I.    Background

On November 8, 2010, the grand jury returned an indictment charging the defendant with one count of obstruction under 18 U.S.C. § 1512, one count of obstruction under 18 U.S.C. § 1519, and four counts of false statements under 18 U.S.C. § 1001.  The Court set December 17, 2010, as the deadline for pretrial motions.

The indictment alleges that the defendant engaged in a year-long effort to deceive the Food and Drug Administration ("FDA") and obstruct the FDA's investigation into the off-label promotion

of the prescription drug Wellbutrin by the defendant's then employer, GlaxoSmithKline ("GSK").[1] The indictment alleges that in October 2002, the FDA asked for information about the company's promotion of Wellbutrin as part of an inquiry into whether the drug was being promoted for uses that had not been approved by the FDA.  Data demonstrating a drug's safety and efficacy for a particular use is required for FDA approval.  The FDA had approved Wellbutrin only for the treatment of depression in adults.  The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq*., prohibits the marketing or promotion of drugs for unapproved – or "off-label" – uses.

The indictment further alleges that from February 2003 through November 2003, in response to the FDA's inquiry, Stevens signed and sent a series of letters from GSK to the FDA that falsely denied that the company had promoted the drug for off-label uses, even though she knew that the company had, among other things, sponsored numerous programs where the drug was promoted for unapproved uses.  The indictment alleges that Stevens knew that the company had paid numerous physicians to give promotional talks to other physicians that included information about unapproved uses of the drug.  According to the indictment, the company paid one such physician to speak at 511 promotional events and another physician to speak at 488 promotional events in 2001-2002.

The indictment also alleges that through at least January 2004 Stevens did not provide the FDA with slide sets used by the physicians who were paid by the company to promote the drug, even though the FDA had asked for the slide sets and Stevens had previously promised to obtain and provide the FDA with such materials.  The indictment alleges that a legal memorandum was

---

[1] Criminal charges have not been filed against GSK.  Accordingly, the indictment of Stevens did not refer to GSK or the drug Wellbutrin by name.  *See* U.S. Attorneys' Manual § 9-27.760.  GSK subsequently acknowledged in numerous news media articles that Stevens was an attorney at GSK during the time in question.  Consequently, GSK and Wellbutrin will be referred to by name in this and future pleadings.

prepared for Stevens that set forth the "pros" and "cons" of producing the slide sets to the FDA; one of the "cons" was that the slide sets would provide "incriminating evidence about potential off-label promotion of Wellbutrin SR that may be used against GSK in this or in a future investigation."  The indictment charges that Stevens nonetheless represented that the company's response to the FDA's request was "final" and "complete."  Indictment ¶¶ 34-37.

In responding to the FDA, the defendant worked with other attorneys, including both in-house GSK attorneys and attorneys from an outside law firm.  Through counsel, the defendant has indicated an intent to raise an advice of counsel defense to the charges that she made false statements to the FDA and deliberately concealed information and documents from the FDA.  It is not clear (1) whether the defendant will claim that the advice on which she purportedly relied came from both inside counsel and outside counsel, or only outside counsel, (2) whether the counsel on whose advice she relied represented her and gave her personal advice, or whether these counsel represented GSK along with her, or (3) what advice she purports to have received, let alone how legal advice to knowingly submit false statements to the FDA could be reasonable or reasonably relied upon by her.  Regardless, the United States submits that any reliance on counsel was not in good faith and, furthermore, that the defendant did not provide all relevant facts to the outside counsel, as required for such a defense.

## II.     Advice of Counsel Is Not a Defense to the 18 U.S.C. § 1519 Charge

### A.     Advice of Counsel is a Defense Only to Specific Intent Crimes

Reliance on the advice of counsel can be used to demonstrate a defendant's good faith or lack of intent to violate the law.  *See United States v. Polytarides*, 584 F.2d 1350, 1353 (4th Cir. 1978); *United States v. Painter*, 314 F.2d 939, 943 (4th Cir. 1963).  The defense of reliance on expert advice

is not available in every case, however, but only in cases where specific intent is an element of the crime. Where the government need not prove specific intent, evidence that the defendant relied in good faith on expert advice is irrelevant. *See United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981). The essence of an advice of counsel defense "is that, in relying on counsel's advice, [a] defendant lacked the requisite intent to violate the law." *United States v. Traitz*, 871 F.2d 368, 382 (3d Cir. 1989) (quoting *Polytarides*, 584 F.2d at 1353). "Good faith is a relevant consideration on an issue of specific intent where a pertinent inquiry would be whether defendant acted with bad motives." *United States v. Custer Channel Wing Corp.*, 376 F.2d 675, 682 (4th Cir. 1967). *See also United States v. Dyer*, 750 F. Supp. 1278, 1293 (E.D. Va. 1990) ("In general, an advice of counsel defense applies only where the violation requires proof of specific intent, that is, proof that a defendant has actual knowledge that his conduct is illegal."). However, as the district court noted in *United States v. Okun*, 2009 WL 414009 (E.D.Va. 2009), "'good faith,' untethered to an element of a crime, provides no defense to criminal conduct." *Id.* at *3. The Okun court went on to explain that "good faith reliance on the advice of counsel is a defense to specific intent crimes such as mail and wire fraud because such reliance tends to negate the required *mens rea*." *Id.* at *6.

Thus, as the Eighth Circuit explained in *United States v. Powell*, 513 F.2d 1249 (8th Cir. 1975), a charge regarding the reliance on counsel defense "is warranted only where the crime charged involves willful and unlawful intent." *Id.* at 1251. In *Powell*, the defendant was charged with unlawful dealing in firearms without a license, a general intent crime, and the court therefore rejected the applicability of the defense. "Specific intent or knowledge of the defendant that he is violating the law is not an essential element of the crime of unlawful firearms dealing under section 922(a)(1)," the court held, and therefore advice of counsel was irrelevant. *Id.*

4

The courts have consistently rejected an advice of counsel defense for general intent crimes. *See, e.g.*, *United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) (advice of counsel defense did not apply because § 1461 obscenity statute did not require intent to violate the law); *United States v. Smith*, 2001 WL 371927, at *2 (9th Cir. 2001) (unpublished) (no advice of counsel defense for manufacturing and possessing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 844); *United States v. Wood*, 446 F.2d 505, 507 (9th Cir. 1971) (advice of counsel was not a defense because specific intent was not an element of the offense of refusing induction into the armed forces)*; United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1110 (E.D. Cal. 2008) (no advice of counsel defense for conspiracy to distribute a controlled substance); *United States v. Impastato*, 543 F. Supp. 2d 569, 578-79 (E.D. La. 2008) (advice of counsel defense unavailable for extortion and fraud charges that lacked specific intent requirement); *United States v. Schafer*, 2007 WL 2121734, at *4 (E.D. Cal. 2007) (no advice of counsel defense for conspiracy to distribute a controlled substance); *United States v. Mihalich*, 2006 WL 3499984, at *3 (N.D. Ohio 2006) (no advice of counsel defense for operating an illegal gambling business in violation of 18 U.S.C. § 1955); *United States v. Cross*, 113 F. Supp. 2d 1253, 1256 (S.D. Ind. 2000) (same); *United States v. Dyer*, 750 F. Supp. 1278, 1293 (E.D. Va. 1990) (no advice of counsel defense for violating 18 U.S.C. § 857, the since-repealed Mail Order Drug Paraphernalia Act);[2] *United States v. Lord*, 710 F. Supp. 615, 616-17 (E.D. Va. 1989) (no advice of counsel defense for violating 18 U.S.C. § 208(a), the conflict of interest statute), *aff'd*, 902 F.2d 1567 (4th Cir. 1990); *United States v. Plitt Southern Theatres, Inc.*,

---

[2]   In granting the government's motion in limine to exclude advice of counsel evidence, the *Dyer* court noted that the evidence was excludable under Federal Rules of Evidence 402 and 403. 750 F. Supp. at 1293 n.30.  The court reasoned that the evidence would be highly prejudicial because it would confuse the jury by leading it to believe that the statute employs a willfulness scienter requirement.  *Id.*

1987 WL 19346, at *9 (W.D.N.C. 1987) (no advice of counsel defense for violation of the Sherman Act).

This settled rule of law is also reflected in various model jury instructions. *See, e.g.*, L. Sand, *et al.*, *Modern Federal Jury Instructions: Criminal Pattern Instruction* § 8.04 (Reliance on Counsel) (describing the good faith reliance upon advice of counsel defense as a defense to a "crime which involves willful and unlawful intent."); Ninth Circuit Model Crim. Jury Instr. § 5.9 cmt. (2003) (advice of counsel is a defense to crimes involving willful and unlawful intent); Eleventh Circuit Pattern Crim. Jury Instr., Special Instr. § 18 cmt. (2003) (advice of counsel instruction should be used "only in cases where 'intent' is an element. It is not to be used where it is required only that the defendant acted 'knowingly.'").

B.      18 U.S.C. § 1519 is Not a Specific Intent Crime

1.      18 U.S.C. § 1519 Requires That the Act Be Done "Knowingly"

As a matter of law, advice of counsel is not a defense to a violation of 18 U.S.C. § 1519. Therefore, even if the Court allows evidence regarding the alleged advice of counsel, the jury must be instructed that the defense is inapplicable to the § 1519 charge. That statute provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

To convict the defendant of § 1519, the government must prove that the defendant acted knowingly, and with the intent to obstruct a pending or contemplated investigation. There is no requirement that the defendant act "willfully," that is, with a specific intent to violate the law. That

point is dispositive here, as advice of counsel is a defense only to specific intent crimes, which § 1519 is not.

The definition of the intent requirement for a federal offense lies with Congress, and the issue is therefore one of statutory construction. *Staples v. United States*, 511 U.S. 600, 605 (1994) ("we have long recognized that determining the mental state required for commission of a federal crime requires 'construction of the statute and . . . inference of the intent of Congress'") (quoting *United States v. Balint*, 258 U.S. 250, 253 (1922)).  The proper construction of § 1519 is unmistakable.

The language of the statute is clear.  "Knowingly" modifies the altering or falsification of records, which means that the defendant committed the act consciously and not inadvertently.  The "intent" element requires that the defendant also committed the act with the purpose of obstructing an investigation.  In short, § 1519 requires proof only that the defendant acted knowingly – that is, with awareness of her conduct – and that she acted with intent to impede a pending or contemplated investigation.  There is no requirement that the defendant intend to violate the law, and thus, as the cases cited above explain, there is no *mens rea* for advice of counsel to negate.

2.     "Knowingly" Means the Act Was Not Done by Mistake

With respect to the "knowingly" element, the Supreme Court in *Arthur Andersen LLP v. United States,* 544 U.S. 696 (2005)*,* said that the words "knowingly" and "knowledge" are generally understood to mean "awareness, understanding, or consciousness," as in an act done voluntarily and intentionally, not because of accident or mistake.  *Id.* at 696.  Statutes proscribing "knowing" conduct, as distinguished from "willful" conduct, generally do not require the government to prove that the defendant knew his conduct was unlawful or even that he was conscious of wrongdoing. *See, e.g., United States* v. *Talebnejad*, 460 F.3d 563, 572-73 (4th Cir. 2006) ("[n]othing in the

statutory language [of the illegal money transmitter statute] – such as the use of the word 'willful' – suggests that the Government must additionally prove knowledge of the law"; "presumption that a *mens rea* attaches to the elements of the offense 'requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, deeply rooted in the American legal system, that, ordinarily, ignorance of the law or a mistake of law is no defense to criminal prosecution'") (quoting *Staples*, 511 U.S. at 622 n.3 (Ginsburg, J., concurring)).

Such an interpretation of § 1519 is confirmed by the default rule that knowledge of the law is irrelevant in a criminal offense. "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). Accordingly, Congress usually imposes an element of "willfullness" when it intends to deviate from the standard rule. When Congress deviates, the statute on its face requires proof that a defendant knew of and intended to violate the law. The Supreme Court recently explained: "When the term 'willful' or 'willfully' has been used in a criminal statute, we have regularly read the modifier as limiting liability to knowing violations. . . . Thus we have consistently held that a defendant cannot harbor such criminal intent unless he 'acted with knowledge that his conduct was unlawful.'" *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2209 n.9 (2007) (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)).

3.      18 U.S.C. § 1519 Does Not Require That the Act Be Done "Willfully"

Section 1519 does not require "willfulness." Rather, it demands proof only that the defendant acted "knowingly," that is, with awareness of his conduct. That term "merely requires proof of knowledge of the facts that constitute the offense." *Bryan*, 524 U.S. at 193 (further noting

8

that "the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.").

The Supreme Court has traditionally interpreted the term "willfully" as used in the federal criminal tax statutes as requiring proof that the defendant acted with knowledge of the law and an intent to violate it. *Cheek*, 498 U.S. at 200; *United States v. Murdock*, 290 U.S. 389, 394 (1933). In *Cheek*, the Court explained that "[t]his special treatment of criminal tax offenses is largely due to the complexity of the tax laws." 498 U.S. at 200. The Court reasoned that the complexities are such that citizens may not "comprehend the extent of the duties and obligations imposed," and thus innocently believe they are not violating the law. *Id.*

The Supreme Court reached a similar conclusion in a different context in *Liparota v. United States*, 471 U.S. 419 (1985). At issue there was the federal statute governing food stamp fraud, 7 U.S.C. § 2024(b)(1), which punishes anyone who "knowingly uses, transfers, acquires, alters, or possesses" food stamps in an unauthorized manner. To avoid criminalizing "a broad range of apparently innocent conduct," the Court held that to violate the statute, the defendant must have known that his possession of food stamps was illegal. *Liparota*, 471 U.S. at 426. The Court distinguished food stamp fraud from other public welfare offenses, which did not require greater specific intent because they "rendered criminal a type of conduct that a reasonable person should know . . . may seriously threaten the community's health or safety." *Id.* at 433 (noting that "[a] food stamp can hardly be compared to a hand grenade . . . or . . . the selling of adulterated drugs.").

In *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994), the Supreme Court held that the term "willfully," as used in 31 U.S.C. § 5324, required proof that the defendant, in structuring cash transactions to avoid a reporting requirement, knew his conduct was unlawful. *Id.* at 149. While

mindful of the "venerable principle that ignorance of the law generally is not a defense to a criminal charge," the Court determined that currency structuring was not so "obviously 'evil' or inherently 'bad' that the willfulness requirement is satisfied irrespective of the defendant's knowledge of the illegality of the structuring." *Id.* at 146, 149 (citations omitted).

Here, the single paragraph that is § 1519 is not even remotely analogous to the morass of highly technical rules that make up the Internal Revenue Code, or to other regulatory offenses. The statute, unlike those at issue in *Ratzlaf* and the tax crimes, does not include the word "willful." Further, the statute bars a person from destroying or concealing evidence known to be material to a pending or contemplated federal investigation. The wrongfulness of such conduct is apparent, and thus no specific intent requirement may be imposed as in *Liparota.*

4.   The Legislative History Confirms that § 1519 Was Not Meant to Require Willfulness

Indeed, the legislative history makes explicitly clear Congress' intent that the statute means exactly what it says -- that any person who knowingly acts to prevent evidence from being available in an investigation of any matter within the jurisdiction of any department or agency of the United States is culpable. The statute was adopted in 2002 in direct response to the widely publicized Arthur Andersen/Enron scandal, which brought into focus certain perceived deficiencies in preexisting obstruction statutes. Senator Patrick Leahy, then-Chairman of the Senate Committee on the Judiciary, and one of the co-sponsors and drafters of § 1519, explained:

> [T]he current laws regarding the destruction of evidence are full of ambiguities and technical limitations that should be corrected. This provision is meant to accomplish those ends. . . . Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter . . . . [T]he intent required is the intent to obstruct . . . . The intent of the provision is

10

> simple; people should not be destroying, altering, or falsifying documents to obstruct any government function.

148 Cong. Rec. S7418, at S7419 (daily ed. July 26, 2002) (statement of Sen. Leahy). The statute "'give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly' and 'provide[s] explicit standards for those who apply them.'" *United States v. Fumo*, 2007 WL 3132816, at *18 (E.D. Pa. 2007) (footnote omitted; quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)).

Thus, the statute differs in its simplicity in many respects from 18 U.S.C. § 1512, a preexisting obstruction statute, which requires that offending acts be done "corruptly." As acknowledged below, that element apparently requires proof of unlawful specific intent. This was conspicuously omitted from § 1519, which, as Senator Leahy stated, requires proof only of knowing conduct and an intent that evidence be unavailable in an investigation. Congress' intent not to impose a willfulness requirement could not be clearer, both from the statutory text and the legislative history.

     5.     <u>The Defendant Is Not Entitled to an Advice of Counsel Instruction as to the § 1519 Charge</u>

For these reasons, advice of counsel is not a defense to a § 1519 charge. Such advice would not negate the only elements of the crime: knowledge of the facts and the intent to make evidence unavailable in an investigation. The defendant's intent to influence the investigation will be established, among other ways, by evidence that she and others explicitly recognized that the documents not produced to the FDA provided "incriminating evidence about potential off-label promotion of Wellbutrin SR that may be used against GSK in this or in a future investigation" and for this reason (among others) decided not to produce them to the FDA, despite the fact that Stevens

11

herself had promised the FDA orally and in writing to produce them and then represented that her response to the FDA was final and complete.  Indictment ¶35.

That is all § 1519 requires.  If that is shown, the fact that at least some of the other attorneys may have gone along with the plan would be irrelevant.  The defendant would have sought the advice in furtherance of an unlawful scheme to conceal the incriminating evidence.  *See, e.g., Traitz*, 871 F.2d at 382 (noting that advice of counsel "is not designed to insulate illegal conduct.").  Indeed, allowing Stevens to rely upon an advice of counsel defense would effectively defeat the very purpose of § 1519 by insulating precisely the sort of conduct Congress sought to punish and deter.

**III.   Stevens Must Set Forth Sufficient Evidence Before She Should Be Permitted to Present Evidence or Receive the Benefit of an Instruction Regarding an Advice of Counsel Defense to the Other Charges**

   A.   18 U.S.C. §§ 1001 and 1512

In contrast to 18 U.S.C. § 1519, the offenses described at 18 U.S.C. §§ 1001 and 1512 may be the subject of an advice of counsel defense.  Section 1001 explicitly requires proof of willfulness. Section 1512 includes an element, not found in § 1519, that the defendant who seeks to obstruct justice act "corruptly."  *See Arthur Andersen*, 544 U.S. at 706  (corrupt persuasion requires proof that the defendant was "conscious of wrongdoing").  Thus, advice of counsel appears to be a defense to a § 1512 charge.

   B.   The Prerequisites for an Advice of Counsel Defense

The advice of counsel defense requires a defendant to prove (1) full disclosure of all pertinent facts to the attorney, and (2) good faith reliance on the attorney's advice.  *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000).  *See also United States v. Newport News Shipbuilding*, 276 F. Supp. 2d 539, 565 (E.D. Va. 2003) (same two prerequisites required to establish good faith reliance on

12

non-legal professional advice).   The Seventh Circuit has defined the elements of the defense as follows:

> (1) before taking action, (2) [the defendant] in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.

*United States v. Cheek*, 3 F.3d 1057, 1061 (7th Cir. 1993) (internal quotation and citation omitted).

Consulting with an attorney does not automatically insulate a defendant from criminal liability.  *See Painter*, 314 F.2d at 943; *Linden v. United States*, 254 F.2d 560, 568 (4th Cir. 1958).

> That the defendants proceeded under advice of a lawyer is a fact to be considered together with other facts in determining the question of the defendants' good faith, but legal advice does not under all circumstances constitute an impregnable wall of defense. . . .   To hold otherwise would be to say that no matter how violative of law a defendant's conduct may be, and regardless of consciousness of wrongdoing on his part and his adviser's, the advice confers immunity.   No such doctrine has been given legal sanction.

*Linden*, 254 F.2d at 568 (citations omitted).  *See also United States v. Rice*, 449 F.3d 887, 896-97 (8th Cir. 2006) ("[A] defendant is not immunized from criminal prosecution merely because he consulted an attorney in connection with a particular transaction.  Rather, to rely upon the advice of counsel in his defense, a defendant must show that he: (i) fully disclosed all material facts to his attorney before seeking advice; and (ii) actually relied on his counsel's advice in the good faith belief that his conduct was legal"); *Traitz*, 871 F.2d at 382 ("It must be remembered that the advice of counsel defense is meant to be available only to those who, after full and honest disclosure of the material facts surrounding a possible course of action, seek and obtain the advice of counsel on the potential legality of their actions.  The defense is not designed to insulate illegal conduct.") (citations omitted).

13

C.   The Defendant Must Establish the Prerequisites Before the Court Can Allow the Advice of Counsel Defense

The defendant must proffer sufficient evidence of the elements of the advice of counsel defense to be permitted to pursue the defense. *See United States v. Lugo*, 131 Fed. App'x 901, 905 (4th Cir. 2005) (unpublished) (affirming conviction where district court refused to instruct on reliance of advice of counsel on ground that defendant failed to offer an adequate foundation)*; United States v. Secor*, 73 Fed. App'x 554, 563 n.2 (4th Cir. 2003) (affirming conviction where district court refused to admit evidence in support of advice of counsel defense where evidence demonstrated defendant knowingly submitted false tax returns); *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000) (affirming conviction and finding no evidence that would have entitled the defendant to an instruction on reliance of advice of counsel despite his interactions with various attorneys); *Rogers v. Unum Life Insurance Co.*, 1996 WL 281864, at *5 (4th Cir. 1996) (unpublished) (affirming district court's ruling that the defendant failed to show he fully and honestly disclosed all material facts of which he knew, or should have known upon a reasonable investigation, or that in good faith he followed his counsel's advice where counsel was not called to testify as to what information counsel was provided and what advice counsel gave); *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (affirming conviction where there was "no indication that an attorney had been hired to give Bostian himself legal advice, that Bostian actually received such advice or that he relied on this advice"); *United States v. West*, 2 F.3d 66, 70 (4th Cir. 1993) (affirming denial of request for jury instruction on defense of good-faith reliance on advice of professionals (attorneys and accountants) due to failure to offer "evidence to support a finding of the essential elements of the defense"). *But see Miller*, 658 F.2d at 237-38 (reversing for failure to instruct jury on reliance

14

on defense of advice of expert defense, where defendant testified he was specifically advised by a

government official not to report income, and noting that it is reversible error not to give a specific

instruction on reliance defense when a proper foundation has been laid).   As the district court in

*Okun* noted:

> First, there is a defense which often is referred to as "good faith reliance on the advice
> of counsel." That is to say: good faith reliance on the advice of counsel is a defense to
> specific intent crimes such as mail and wire fraud because such reliance tends to negate
> the required mens rea. . . . The elements of this defense are "(a) full disclosure of all
> pertinent facts to an expert, and (b) good faith reliance on the expert's advice." . . .
>
> [I]f the record contains evidence on each of these elements, Okun is entitled to a jury
> instruction on this defense. It is worth emphasizing, however, that there must be
> evidence on each and every element of the defense to warrant the giving of an
> instruction on the advice of counsel defense.

2009 WL 414009, at *3-6 (citations omitted).

Similarly, the Third Circuit also recently confirmed that the district court should not give an

instruction regarding an advice of counsel defense unless the defendant established the prerequisites

of the defense.

> Certainly a district court is "bound to give the substance of a requested instruction
> relating to any defense theory for which there was any foundation in the evidence."
> *United States v. Blair*, 456 F.2d 514, 520 (3d Cir. 1972).  But a court
>
> > also ha[s] to avoid diverting the jury by idle speculation and frivolous
> > considerations.  A confused jury can give as improper a verdict as one
> > which has failed to receive some significant instruction.  Therefore, the
> > charge should direct and focus the jury's attention on the evidence
> > given at trial, not on far fetched and irrelated ideas that do not sustain
> > a defense to the charges involved.

*United States v. Hoffecker*, 530 F.3d 137, 156 (3d Cir. 2008) (quoting *United States v. Blair*, 456

F.2d 514, 520 (3d Cir. 1972)).  *Accord United States v. Al-Shahin*, 474 F.3d 941, 947-48 (7th Cir.

2007) (district court correctly refused to tender jury instruction on advice of counsel where defense

was not supported by the evidence, and defendants had sought advice to further fraudulent scheme);

*United States v. Rice*, 449 F.3d 887, 896-97 (8th Cir. 2006) (district court did not err in refusing to

give an advice of counsel instruction where facts did not support it).

1.        The Court May Not Allow the Advice of Counsel Defense Until the Defendant Establishes That She Provided Counsel With Full Information Regarding the Relevant Facts

Before the district court may allow her to present an advice of counsel defense, the defendant

must first establish that, before signing the letters and withholding the relevant documents and other

evidence, she gave her counsel full information regarding the relevant facts that she knew.  There

is evidence that Stevens did not share all pertinent facts that she knew with attorneys from the law

firm.

2.        The Court May Not Allow the Advice of Counsel Defense Until the Defendant Establishes That She Sought the Purported Advice in Good Faith

Second, the defendant also must establish that she in good faith sought the advice of counsel

about whether she could legally make these knowingly false representations, and that she reasonably

relied upon counsel's advice to believe that it was legal and appropriate to make false statements to

the FDA and to conceal promised documents and information from the FDA while representing that

her response to the FDA was final and complete.  Stevens knew the representations she was making

were not true.   It cannot be reasonable for someone to rely upon an attorney to advise him or her to

knowingly make false statements.  This is particularly true when the person claiming to be advised

is an attorney herself, who had dealt with the FDA before in the highly regulated pharmaceutical

environment.

16

The advice of counsel defense is also not available where the counsel participates in the crime. *See United States v. West*, 392 F.3d 450, 457 (D.C. Cir. 2004) ("The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime.").  Thus, the defense is not available if the evidence shows that some other counsel agreed with Stevens to conceal the "incriminating" documents and information from the FDA, including the off-label slide sets and information about compensation provided to doctors attending GSK promotional programs for Wellbutrin.

3.       The Court May Not Allow the Advice of Counsel Defense Until the Defendant Establishes That She Received the Advice From Her Counsel

Finally, for the Court to allow Stevens to present an advice of counsel defense, she must present at least some evidence that the advice came from her personal counsel.  *See United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984).  Here, however, Stevens did not hire counsel to advise her personally.  The other attorneys acted along with her in representing GSK.

Thus, absent a proffer by Stevens of facts which meet the prerequisites of the advice of counsel defense, the Court should not permit the introduction of any evidence supporting the defense, nor should it instruct the jury regarding the defense.

17

## V.    <u>Conclusion</u>

The right to a fair trial does not include the right to assert defenses that have no basis in law or fact.  As a matter of law, Stevens may not present an advice of counsel defense to the 18 U.S.C. § 1519 charge.  With respect to the remaining charges, she should not be allowed to present evidence or obtain a jury instruction regarding the advice of counsel defense absent a proffer of facts that meet the prerequisites of the defense.

Dated:  December 17, 2010                    Respectfully submitted,

TONY WEST
Assistant Attorney General
U.S. Department of Justice


_____/s/_____
SARA MIRON BLOOM
Assistant United States Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617)748-3265

PATRICK JASPERSE
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 616-0509

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2010, a copy of the Government's Motion to Preclude

Advice of Counsel Defense to 18 U.S.C. § 1519 and for Hearing Regarding Applicability of the

Defense to Other Charge was electronically filed with the Court and served on defense counsel listed

below via ECF.

Reid H. Weingarten
William T. Hassler
Robert Ayers
Steptoe and Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036

Michelle L. Levin
Steptoe and Johnson LLP
750 Seventh Ave.
New York, NY 10019

Brien T. O'Connor
Ropes and Gray LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199

Colleen A. Conry
Ropes and Gray LLP
700 12th St., NW, Suite 900
Washington, DC 20005

                                         _____/s/_____
                                         Patrick Jasperse
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Office of Consumer Litigation
                                         P.O. Box 386
                                         Washington, DC 20044
                                         (202) 616-0509