## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No.  10-cr-694-RWT** |
| | ) | |
| **LAUREN STEVENS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANT'S MOTION FOR A BILL OF PARTICULARS</u>

## <u>INTRODUCTION</u>

The allegations in the current Indictment are insufficient to permit Defendant Lauren Stevens to prepare adequately for trial.  Counts One and Two of the Indictment (which are the counts principally at issue in this Motion) charge Ms. Stevens with obstruction.  Counts Three through Six charge Ms. Stevens with false statements under 18 U.S.C. § 1001.  The Indictment also alleges that Ms. Stevens withheld and concealed documents and other evidence "that showed the extent of K-Corp.'s promotion of W-Drug for unapproved uses."[3]  Indict. p. 5 (¶ 25).

## <u>ARGUMENT</u>

**I.      The Court Has Broad Discretion To Order A Bill of Particulars When The Indictment Fails To Allege Information Required To Prepare A Defense Or Avoid Unfair Surprise At Trial**

"The disposition of a motion for a bill of particulars is left to the sound discretion of the trial court . . . ."  *United States v. Poe*, No. 94-5414, 1996 WL 139200, at *4-5 (4th Cir. Mar. 26, 1996); *see also United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973).  A bill of

_____

[3] Defendant here uses the pseudonyms for the company and drug used in the Indictment as drafted by the government.

particulars is warranted when the requested information is necessary "'to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense.'"  *United States v. Adams*, 335 F. App'x 338, 344 (4th Cir. 2009) (quoting *United States v. Schembari,* 484 F.2d 931, 934-35 (4th Cir. 1973)). An accused is entitled to a bill of particulars "'as of right'" when necessary to serve these purposes "even though it requires 'the furnishing of information which in other circumstances would not be required because [it is] evidentiary in nature.'"  *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954) (quoting *United States v. U.S. Gypsum*, 37 F. Supp. 398, 402 (D.D.C. 1941)).  Federal Rule of Criminal Procedure 7(f) was amended in 1966 to discourage the "sporting theory of justice" by encouraging more liberality in granting bills.  *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971); *see also* Fed. R. Crim. P. 7(f) (Advisory Committee Note).

Doubts as to whether a bill should issue should be resolved in favor of a defendant because "[s]ince [a] defendant is presumed innocent . . . it cannot be assumed that he knows the particulars sought."  *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y. 1966); see also *United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) (the defendant must "be given the benefit of the doubt in gray areas") (quoting *United States v. Manetti*, 323 F. Supp. 683, 697 (D. Del. 1971)).  The prosecution's reluctance to reveal its case "must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense."  *Manetti*, 323 F. Supp. at 696 (D. Del. 1971).

## II.     The Indictment Fails To Allege Information Necessary To Prepare A Defense And Avoid Surprise At Trial

The Indictment omits information critical to the preparation of a defense and necessary to prevent prejudicial surprise at trial.  Accordingly, Ms. Stevens respectfully requests that the Court order the government to provide the information set forth below in a bill of particulars.[4]

### A.     Counts Three through Six

It is Ms. Stevens' current understanding, based on representations from the government, that the only false statements with which Ms. Stevens is charged in Counts Three through Six are those actually quoted in the Indictment at pages 13 through 18.[5]  To the extent that Ms. Stevens' understanding is correct, further particularization is unnecessary as to Counts Three through Six.

### B.     Counts One and Two

Count One alleges that Ms. Stevens made "false and misleading statements" to the FDA and "conceal[ed] documents and other information"  Indict. p. 11 (¶ 2).  Count Two alleges that Ms. Stevens "sent false letters" to the FDA, "falsified and altered documents," and "concealed and covered up evidence of promotional activities."  Indict. p. 12 (¶ 2).  Although counsel can speculate as to *some* of the specifics at issue, neither count clearly identifies the universe of false

---

[4] Ms. Stevens has moved to dismiss Count Two of the Indictment on various grounds.  It is well settled that a bill of particulars cannot save an otherwise defective indictment.  *See Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Loayza*, 107 F.3d 257, 260 (4th Cir. 1997) (citations omitted); *see also United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976) (*per curiam*) (citation omitted).  Thus, the Court need consider Defendant's motion for a bill of particulars only to the extent that the Court denies Defendant's motions to dismiss.  However, even if the Court determines that the Indictment is sufficient, the Court has discretion to order a bill of particulars.  *See King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968); *United States v. Faulkner*, 53 F.R.D. 299, 300 (E.D. Wis. 1971).

[5] The Indictment itself states that the false statements at issue "include" the quoted statements, but does not on its face say that the false statements charged are limited to the quoted statements.  Following discussions between counsel, however, Defendant not understands that the false statements charged in these Counts are limited to the statements quoted.

statements at issue, the documents allegedly "falsified and altered," or the documents

concealed.[6]   Consequently, the government should be ordered to identify alleged false

statements outside the Indictment and indicate why those statements are false to allow

Ms. Stevens to prepare adequately for trial.

> **1.     The government should identify with specificity the "false" or "misleading" letters or statements at issue in Counts One and Two**

"A defendant faced with false statements charges should not have to waste precious pre-

trial preparation time guessing which statements he has to defend against . . . when the

government knows precisely the statements on which it intends to rely and can easily provide the

information." *United States v. Trie*, 21 F. Supp. 2d. 7, 21 (D.D.C. 1998); *see also Rogers*, 617 F.

Supp. at 1029 (general allegations of false statements not sufficient); *United States v. Clifford*,

426 F. Supp. 696, 703 n.4 (E.D.N.Y. 1976) (in a § 1001 case, "[t]he starting point for everything

is the statement." (citation omitted)).   Given the critical importance of the specific statements in

a false statements prosecution, courts have consistently required that the government identify the

false statements at issue in a bill of particulars.   *See United States v. Automated Med. Labs., Inc.*,

770 F.2d 399, 405 (4th Cir. 1985) (In a § 1001 case, while reserving its ruling on the bill of

particulars issue, the court instructed the government to identify the specific false entries at

issue.); *see also Trie*, 21 F. Supp. 2d at 21-22 ("The government must provide information as to

exactly what the false statements are [and] what about them is false.").

---

[6] Counts One and Two incorporate paragraphs 1 through 41 of the Introductory Allegations which contain some specifics regarding alleged false statements and documents allegedly concealed.  Indict. pp. 7-10 (¶¶ 29-33, 36-37, 39-41) ("false statements"); Indict. p. 6 (¶¶27 a-d); p. 8 (¶ 33) ("concealment").  The Introductory Allegations, however, do not even purport to list the universe of such statements or documents, and counsel for the government has declined to provide any additional specifics in discussions with counsel.

In addition, the background sections of the Indictment do not identify <u>any</u> documents that
(Continued …)

In *Automated Medical*, the defendants requested that the government identify which entries in the defendants' log books formed the basis of the false statements counts charged in the indictment.  770 F.2d at 405.  In response, "[t]he Government represented to the district court that it could not indicate which specific entries on which documents were false because, "although its witnesses would testify to the fact that they made false entries, they would not now be able to testify as to which specific entries were false and which were true."  *Id*.  Further, "[t]he Government explained that its case involved a pattern and practice of falsifications over a long period of years and that its proof would not be limited to selected entries or specific dates."  *Id*. After the court instructed the government to identify the false entries at issue in the defendants' logs to the extent that it could, the government sent the defendants a letter that:

> generally described the type of evidence regarding each log and indicated the page numbers that the government intended to highlight at trial. The letter also stated that various witnesses would identify their own initials and handwriting on the logbooks and documents.  In certain instances, this would indicate a false entry to the extent that the person initialing the entry might not have actually witnessed the event being recorded or that one person's initials might have been forged by another.

*Id*.  The court found that, because the government identified the specific documents and entries therein that the government alleged were false, the government had provided sufficient detail to satisfy the purpose of a bill of particulars.  *Id*.

Identification of the specific false statements or entries at issue in obstruction charges is equally critical in false statements charges.  Indeed, the need for the government to identify the statements at issue in Counts One and Two is even greater in this case because the government has expressly stated that it intends to rely on facts not alleged in the Indictment to prove Counts

---

were even allegedly "falsified" or "altered."

One and Two.  Just as a defendant requires notice of which statements the government alleges are false to defend against false statement charges, the government must specify the alleged false statements that form the basis of obstruction charges so that the defendant has notice of the alleged unlawful conduct at issue and can prepare adequately for trial.  *See United States v. Savoy*, 38 F. Supp. 2d 406, 417 (D. Md. 1998) (bill of particulars not warranted because the government identified the alleged perjured declaration that formed the basis of the obstruction charge); *see also United States v. Anderson*, 441 F. Supp. 2d 15, 19-20 (D.D.C. 2006) ("[T]his Court will apply the same analysis with respect to the false statements referenced in the obstruction, tax evasion and fraud charges in this case as it would if the indictment had charged perjury or false statements.").  In *Anderson*, the court declined to differentiate between the specificity required for allegedly false statements referenced in obstruction or fraud charges and false statements charged under 18 U.S.C § 1001, and instead stated:

> Each [relevant paragraph of the Indictment] accuses [the defendant] of making or "causing to be made" false and fraudulent statements. . . .  But it does not say how many such statements were made; what they were; who made them; . . . how [the defendant] caused them to be made; and what he said or caused another to say . . . that was false (and how it was false).  Without this information, the defendant cannot adequately prepare a defense for trial or evaluate a possible alternative disposition of this case.

441 F. Supp. 2d at 20.

The Indictment in this case similarly lacks sufficient detail regarding the allegedly false statements upon which the government intends to rely for each charge.  Consequently, the Court should require the government to specify all of the allegedly false statements or information upon which it intends to rely at trial and how each statement is false.

2.     **The government should specify the documents and other information allegedly "falsified," "altered" or "concealed"**

For the same reasons that the government must identify the allegedly false statements at issue in Counts One and Two, the government must identify the documents and other information that Ms. Stevens allegedly " falsified and altered" or concealed from the FDA, and how any such documents were falsified or altered.  The Indictment is void of any factual allegations to support the government's allegation in Count Two, that Ms. Stevens allegedly falsified or altered documents in violation of 18 U.S.C. § 1519.  Further, the Indictment fails to identify any allegedly concealed document that contained "evidence of promotional activities including gifts and entertainment by K-Corp. for W-Drug."  Without knowing which documents and other information that Ms. Stevens allegedly concealed or which she allegedly altered or falsified, she cannot determine which of the myriad of allegations in the Indictment form the basis of Counts One and Two, or what facts outside the Indictment the government intends to use to prove those counts.  Consequently, the Indictment provides inadequate notice of the documents and other information at issue in Counts One and Two, and Ms. Stevens is left to guess what allegations she must be prepared to defend against at trial.

III.    **The Government Cannot Rely on "Open File" Discovery in this Case to Satisfy its Responsibility to Provide a Bill of Particulars**

The government cannot in good faith contend that it has provided Ms. Stevens with sufficient particulars to prepare adequately for trial by adopting an "open file" discovery policy.  The government has informed Ms. Stevens that the discovery in this case consists of millions of pages of documents.  Ms. Stevens should not be required to sift through millions of pages to identify which alleged false statements, documents and other information are issue in the Indictment.  More importantly, while the relevant statements and documents may be buried in

the discovery, a review of the millions of documents alone will not enable Ms. Stevens to

determine which statements the government alleges are false and which documents it alleges

Ms. Stevens falsified, altered or concealed.  Consequently, access to "open file" discovery does

not provide Ms. Stevens with sufficient particulars to allow her to prepare adequately for trial.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Ms. Stevens respectfully requests that the Court direct the

government to prepare a bill of particulars setting forth the information requested in the

accompanying motion.

Respectfully submitted,


Dated: December 17, 2010

By: s/ _____
Reid H. Weingarten
William T. Hassler
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
(202) 429-3000

Brien T. O'Connor
Ropes & Gray LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
(617) 951-7000

Colleen A. Conry
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
(202) 508-4600

*Counsel for Defendant Lauren Stevens*