IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RWT-10-0694 |
| | * | |
| LAUREN STEVENS, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | ****** | |

**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO PRECLUDE ADVICE OF COUNSEL DEFENSE TO 18 U.S.C. § 1519 AND FOR HEARING REGARDING APPLICABILITY OF THE DEFENSE TO OTHER CHARGES**

In her opposition (DE 56) to the United States' motion (DE 19) to preclude the advice of counsel defense as to Count II, which charges her with violating 18 U.S.C. §1519, and for a hearing on the applicability of the advice of counsel defense to the other charges against her, defendant Lauren Stevens argues that she is entitled to assert an advice of counsel defense as to all counts of the indictment.

In light of the showing Stevens makes in her opposition, the United States withdraws its request for a pre-trial hearing regarding whether Stevens may offer evidence to support an advice of counsel defense to Count I, which charges her with obstructing justice in violation of 18 U.S.C. §1512, and Counts III through VI, which charge her with making false statements in violation of 18 U.S.C. §1001.  As the United States noted in its initial motion, the Fourth Circuit requires a defendant seeking the advice of counsel defense to prove "(a) full disclosure of all pertinent facts to an expert, and (b) good faith reliance on the expert's advice." *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000); *see United States v. Polytarides*, 584 F.2d 1350, 1353

(4th Cir. 1978) (discussing the factors that warrant an advice of counsel defense: that the defendant (1) before taking action; (2) in good faith sought the advice of an expert he thought was a competent attorney; (3) disclosed all material facts to the lawyer; (4) secured the advice on the lawfulness of his possible future conduct; and (5) acted strictly in accordance with the lawyer's advice).  Whether the evidence Stevens will offer at trial will be sufficient to warrant a jury instruction on the advice of counsel defense is an issue that can await resolution until the charging conference after the close of the evidence.  At that time, the Court will be able to determine, for example, whether Stevens disclosed all material facts to her lawyer and what advice she received.  The United States takes no position now on whether the instruction should be given.

But while the United States does not disagree that the advice of counsel defense is available for violations of 18 U.S.C. §1512 and 1001, it does dispute Stevens' claim regarding the applicability of the advice of counsel defense to a charge under 18 U.S.C. §1519, as alleged in Count II.  Reliance on the advice of counsel can be used to demonstrate a defendant's good faith or lack of intent to violate the law.  *See Polytarides*, 584 F.2d at 1353.  The advice of counsel defense only negates the element of willfulness, however.  *See In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989) ("Advice of counsel may be a defense in a criminal contempt proceeding because it negates the element of willfulness."); *see also United States v. United Medical and Surgical Supply Corp.*, 989 F.2d 1390, 1403 (4th Cir. 1993) ("Good faith reliance on the advice of counsel is not a complete defense to an allegation of willful misconduct, but is merely one fact a jury may consider when determining [the defendant's] state of mind.").  That is, the advice of counsel defense is designed to establish that "in relying on counsel's advice,

2

defendant lacked the requisite intent to violate the law." *Polytarides*, 584 F.2d at 1353.  Thus, where the United States need not prove specific intent, evidence that the defendant relied in good faith on expert advice is irrelevant.  *See United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981); *see* L. Sand, et al., *Modern Federal Jury Instructions* §8-4 (Reliance on Counsel) (describing the good faith reliance upon advice of counsel defense as a defense to a "crime which involves willful and unlawful intent").

Section 1519 does not include a willfulness requirement.  The plain language of §1519 requires that the defendant knowingly falsified, concealed, covered up, destroyed, or altered documents or records, and that the defendant do so with the intent to obstruct, impede, or influence.  18 U.S.C. §1519.  It does not require that she did so willfully, with the specific intent to violate the law.  As set forth in detail in the United States' consolidated opposition to defendant's motions to strike Count II under 18 U.S.C. § 1519, the text and legislative history of §1519 demonstrate congressional intent that §1519 not require that the defendant acted with willful intent – in contrast to §1512.  *See* United States' Consolidated Opposition to Defendant's Motion to Strike Count II Under 18 U.S.C. § 1519 (DE 53) at 13-19, 22-31.  The United States will not repeat that argument here, but incorporates it by reference.  The United States notes, however, that the cases involving other obstruction statutes cited by Stevens in her opposition are inapposite, as those statutes include as an element the term "corruptly," which Congress eschewed in enacting 18 U.S.C. § 1519.  *See* 148 Cong. Rec. S7418-01, 2002 WL 1731002 (daily ed. July 26, 2002) (statement of Sen. Leahy).  Moreover, the exception set forth in 18 U.S.C. §1515(c) for "lawful, bona fide, legal representation services" addresses Stevens' claim that acts of legitimate legal representation could be wrongfully captured by §1519.  Section 1519

does not include as an element a requirement that the defendant acted willfully, and thus, the advice of counsel defense is not applicable to it.

Dated: March 4, 2011                           Respectfully submitted,

                                               TONY WEST
                                               Assistant Attorney General
                                               U.S. Department of Justice

                                                    /s/
                                               SARA MIRON BLOOM
                                               Assistant United States Attorney
                                               United States Courthouse
                                               Suite 9200
                                               1 Courthouse Way
                                               Boston, MA 02210
                                               (617)748-3265

                                               PATRICK JASPERSE
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Office of Consumer Litigation
                                               P.O. Box 386
                                               Washington, DC 20044
                                               (202) 616-0509

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2011, a copy of the foregoing United States' Reply to Defendant's Opposition to Motion to Preclude Advice of Counsel Defense to 18 U.S.C. § 1519 and for Hearing Regarding Applicability of the Defense to Other Charges was electronically filed with the Court and served on defense counsel listed below via ECF:

Reid H. Weingarten
William T. Hassler
Robert Ayers
Steptoe and Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Rweingarten@steptoe.com; whassler@steptoe.com; rayers@steptoe.com

Michelle L. Levin
Steptoe and Johnson LLP
750 Seventh Ave.
New York, NY 10019
millevin@steptoe.com

Brien T. O'Connor
Ropes and Gray LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199
Brien.O'Connor@ropesgray.com

Colleen A. Conry
Ropes and Gray LLP
700 12th St., NW, Suite 900
Washington, DC 20005
Colleen.Conry@ropesgray.com

       /s/
Patrick Jasperse
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 616-0509