UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LAUREN STEVENS, )<br>)<br>Defendant. )<br>) | **FILED UNDER SEAL**<br><br>No. 10-cr-694-RWT |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR DISCLOSURE
OF THE GOVERNMENT'S PRESENTATION TO THE GRAND JURY
RELATING TO THE ADVICE OF COUNSEL DEFENSE AND 18 U.S.C. § 1515(c)**

Defendant Lauren Stevens, through counsel, respectfully submits this reply in support of her motion for disclosure of grand jury transcripts (Doc. # 25). As set forth in defendant's motion and further addressed herein, the Court should order disclosure of the grand jury transcripts pursuant to Rule 6(e)(3)(E)(ii) and conduct an *in camera* review to determine whether the government's failure to properly and accurately instruct the grand jury on the governing law and relevant facts requires dismissal of the Indictment.

I.   **The Government Failed to Adequately Instruct the Grand Jury**

The grand jury is a "constitutional fixture in its own right . . . serving as a kind of buffer or referee between the Government and the people." *United States v. Williams*, 504 U.S. 36, 47 (1992). "Its mission is to 'inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred.'" *In re Grand Jury, John Doe No. G.J. 2005-2*, 478 F.3d 581, 584 (4th Cir. 2007) (quoting *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991)). "A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every

proper way to find if a crime has been committed." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 701 (1972)). It is critical, therefore, that the grand jury not only be "independent," but that it is also fully "informed." *Wood v. Georgia*, 370 U.S. 375, 390 (1962).

Although the Supreme Court has held that failure to present exculpatory evidence does not necessarily warrant dismissal of the indictment, *see Williams*, 504 U.S. at 51-55, the government is clearly charged with the critical duty of providing an accurate statement of the governing law to the grand jury. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 430 (1983) (noting that it is the prosecutor who "advises the lay jury on the applicable law"); *In re Grand Jury Proceedings*, 700 F. Supp. 626, 628 (D.P.R. 1988) (same). This is because, "[a]s a legal advisor to the grand jury, the prosecutor must give the grand jury sufficient information concerning the relevant law 'to enable it intelligently to decide whether a crime has been committed." *United States v. Twersky*, No. S2 92 Cr. 1082 (SWK), 1994 WL 319367, at *5 (S.D.N.Y. June 29, 1994). Accordingly, the government's failure to present both the *law* regarding the advice of counsel defense and the *law* regarding 18 U.S.C. § 1515(c) warrants, at minimum, an *in camera* review to determine if the grand jury proceedings, and ultimately the indictment, are constitutionally defective.[1]

---

[1] The government, in its Opposition, argues that the prosecution was not required to inform the grand jury of the advice of counsel defense or 18 U.S.C. § 1515(c) because they constitute affirmative defenses. *See* United States' Sealed Redacted Opposition to Defendant's Motion for Disclosure of Grand Jury Transcripts ("Redacted Opp.") at 11-12. As an initial matter, the advice of counsel defense is not an affirmative defense because it acts to negate scienter, which is an element of the crimes charged. The government does not cite any authority to the contrary. In addition, even if one assumes *arguendo* that 18 U.S.C. § 1515(c) constitutes an affirmative defense, a grand jury "may inquire into possible affirmative defenses and the like in order to determine whether a prosecution should proceed." *United States v. Furrow*, 125 F. Supp. 2d 1170, 1176 (C.D. Cal. 2000) (quoting *Port v. Heard*, 594 F. Supp. 1212, 1217 (S.D. Tex. 1985)).

Moreover, in light of its potential failure to properly instruct the jury on the law as it relates to the advice of counsel defense and 18 U.S.C. § 1515(c), there is a high probability that the government also may have failed to present the relevant facts of the case to the grand jury.[2] Because "the prosecutor operates without the check of a judge or a trained legal adversary," *United States v. Serubo*, 604 F.2d 807, 817 (3d Cir. 1979), "the prosecutor has the dual role of pressing for an indictment and of being the grand jury adviser" and, "[i]n case of conflict, the latter duty must take precedence." *Williams*, 504 U.S. at 63 (Stevens, J., dissenting). To this effect, it is of significant importance that the government provide the grand jury with a fair and accurate presentation of both the law and the relevant facts, as opposed to engaging in a cherry-picking exercise to secure an indictment. *See United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) ("the prosecutor's right to exercise some discretion and selectivity in the presentation of evidence to a grand jury does not entitle him to mislead it or to engage in fundamentally unfair tactics before it").

In its Redacted Opposition, however, the government repeatedly relies upon the Supreme Court's holding in *Williams*, which deals with exculpatory evidence, as an excuse for any failure that may have occurred to inform the grand jury of key factual events. *See* Redacted Opp. at 5-6, 9.[3] But the government cannot legitimately contend that justice would not require a prosecutor to present the grand jury with facts that form the very foundation and context for the entire case merely because the facts may also constitute exculpatory evidence. *Cf. Ciambrone*, 601 F.2d at

---

[2] It is undisputed that the government was well aware of the full extent of Ms. Stevens' reliance on counsel prior to seeking an indictment. In fact, detailed presentations by counsel for defendant were made to the government on this very issue long before the government made its presentation to the grand jury.

[3] The government filed both redacted and unredacted versions of its opposition to this motion. Counsel for Ms. Stevens has only seen the redacted version.

623 ("We would add that where a prosecutor is aware of any substantial evidence negating guilt he should, in the interest of justice, make it known to the grand jury, at least where it might reasonably be expected to lead the jury not to indict.").

Without knowledge of the core facts underlying the charged conduct, the grand jury would have had little basis on which to reject the government's allegation that Ms. Stevens intended to mislead the FDA. But with these facts—and not even accounting for the absence of any instruction on the law regarding the advice of counsel defense and 18 U.S.C. § 1515(c)—the grand jury could have easily concluded that Ms. Stevens did not possess the requisite intent to commit the crimes charged because she relied on the opinions of the legal team tasked with formulating GSK's responses to the FDA.

Accordingly, to the extent the government's presentation to the grand jury on either the applicable law or relevant facts was misleading on these critical issues, the presentation almost certainly would have impacted the jury's ability to render a fair and informed judgment on whether to indict. *See United States v. McDonald*, 61 F.3d 248 (4th Cir. 1995) (holding that, even post-*Williams*, "the government's creation or acceptance of an erroneous impression that related to [exculpatory matters] could support" a claim to quash the indictment for defects in the grand jury proceedings).

II.  **Defendant Has Made a "Particularized" Showing of the Potential Defects**

Disclosure and subsequent review of the grand jury proceedings is, of course, almost always necessary before potential defects can be definitively established and the question of dismissal can adjudicated. But as the government correctly notes, it is not sufficient for a defendant to seek review of grand jury proceedings based strictly on the hope of discovering whether there were irregularities with the process. *See* Redacted Opp. at 3-5. Instead, under

Rule 6(e)(3)(E)(ii), a defendant must demonstrate with "particularity" that a "ground may exist to dismiss the indictment" based on defects with the grand jury proceedings. *See United States v. Johnson*, 337 F.2d 180, 197 (4th Cir. 1964); *see also United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-82 (1958). Regardless of how this threshold showing of particularity is measured, it is clear that the line has been crossed here.

Ms. Stevens' legitimate suspicions of the constitutional defects before the grand jury are not based on unfounded speculation or even bare allegations—they are based on the government's own representations to this Court. Throughout the case, the government has steadfastly maintained that the advice of counsel defense does not apply. In fact, in its Opposition, the government contends that it was not required to inform the jury regarding the law on advice of counsel in part because "Stevens does not have a valid advice of counsel defense" as to any of the charges.[4] Redacted Opp. at 10. Clearly, the government's argument to this Court that the advice of counsel defense is inapplicable creates an extremely high probability—sufficient to constitute a particularized showing—that the government failed to provide the grand jury with an accurate statement of the governing law and relevant facts.[5]

Simply put, the government's continued refusal to acknowledge the central role of the advice of counsel defense in this case, as well as the affirmative defense provided by 18 U.S.C. § 1515(c), is more than enough to raise serious doubts about the integrity of the grand jury

---

[4] The government also filed a motion to preclude the advice of counsel defense entirely as to one of the charges and to require a pretrial hearing to establish a foundation for the defense as to the remaining four charges. *See* Government's Motion to Preclude Advice of Counsel Defense (Doc. # 19). The government's motion is still pending.

[5] The government's Redacted Opposition does not suggest that prosecutor did, in fact, instruct the jury on the law and facts in question. If there were no defects, the government would presumably not take issue with, at the very least, an *in camera* by this Court. Ms. Stevens' counsel has no way of determining if this issue is addressed in the Unredacted Opposition submitted to the Court *ex parte*.

process. Such doubts warrant, at minimum, disclosure of the relevant transcripts and a review of the proceedings by this Court to ensure that the defects did not "substantially influence the grand jury's decision to indict." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)).

Respectfully Submitted,

Dated: March 4, 2011

By: /s/ William T. Hassler

Reid H. Weingarten
William T. Hassler
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
(202) 429-3000

Brien T. O'Connor
Ropes & Gray LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
(617) 951-7000

Colleen A. Conry
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900 Washington, DC 20005-3948
(202) 508-4600

*Counsel for Defendant Lauren Stevens*