IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | Case No.: RWT 10cr0694 |
| LAUREN STEVENS | |
| Defendant. | |

### ORDER
### **UNDER SEAL**

The Court has begun its *in camera* review of the grand jury transcripts provided by the Government pursuant to the Court's March 9, 2011 Order. However, in order for the parties to adequately brief the issue of what effect there would be on the Indictment if a question on the advice of counsel defense was asked by a grand juror and was incorrectly answered, the Court is providing counsel with the following excerpt of the grand jury transcripts:

MR. JASPERSE: Do the Grand Jurors have any legal questions for Ms. Bloom or I?

A JUROR: I have a question. Does it matter that maybe she was -- that Lauren Stevens was getting direction from somebody else about how to handle this? Does it matter or is it not relevant?

MR. JASPERSE: There is something in the law called the advice of counsel defense and that is a defense that a defendant can raise, once the defendant has been charged.

There are also exceptions to the advice of counsel defense. So in other words, a person who is charged with a crime cannot simply say, Well, my lawyer said it was okay. There are various requirements, including that the purpose in getting the advice cannot be to commit a crime or to engage in fraud. Another requirement is that the person receiving the advice must provide full information, all of the information, to the attorney who is rendering the advice.

MS. BLOOM: And I think essentially if the elements of the crime are met, that the person knows that they are submitting a false statement and -- what the advice of counsel defense goes to is if someone reasonably relies on someone else to believe that they are not committing a crime, but when -- if you have an attorney who knowingly submits a false statement -- and I think you saw some evidence -- you know, would that person know that that's a crime.

So, that while it can be relevant at trial what a person knows and who else gave them advice, if you find probable cause for the elements here that the attorney Lauren Stevens reasonably knew that she was making false statements and the elements that Patrick went through, then that's sufficient to find probable cause.

Does that help?

A JUROR: Yes.

(Excerpt from Transcript of Grand Jury Proceedings Held on November 8, 2010 in the United States District Court for the District of Maryland.)

Counsel should address the above exchange in their supplemental briefs. Supplemental memoranda should be filed **under seal**.

Counsel are cautioned that this Order is to be maintained in the exclusive possession of counsel and may be reviewed only by counsel, counsel staff, and the Defendant, and that these individuals may use the information contained in this Order only for the representation of the Government and the Defendant in this matter unless further Order of the Court is sought and obtained.

Accordingly, it is, this 10th day of March, 2011, by the United States District Court for the District of Maryland,

**ORDERED,** that the parties **SHALL ADDRESS** the above exchange in their supplemental briefs on what effect there would be on the Indictment if a question on the advice of counsel defense was asked by a grand juror and was incorrectly answered; and it is further

**ORDERED,** that counsel **SHALL MAINTAIN** this Order in their exclusive possession and allow review of this Order only by counsel, counsel staff, and the Defendant, and that these individuals may use the information contained in this Order only for the representation of the Government and the Defendant in this matter unless further Order of the Court is sought and obtained.

                                            /s/
                                 ROGER W. TITUS
                            UNITED STATES DISTRICT JUDGE