IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RWT-10-0694 |
| | * | |
| LAUREN STEVENS, | * | |
| | * | FILED UNDER SEAL |
| Defendant | * | |
| | * | |
| | * | |
| ******* | | |

UNITED STATES' SUPPLEMENTAL MEMORANDUM REGARDING
ADVICE OF COUNSEL INSTRUCTION TO GRAND JURY

Pursuant to the Court's March 9, 2011 sealed order, the United States submits this supplemental brief "on what effect there would be on the Indictment if a question on the advice of counsel defense was asked by a grand juror and was incorrectly answered" (ECF No. 85). Even if the grand jury had been given incorrect legal instructions regarding the advice of counsel defense, which it was not, the indictment should stand and the case should proceed. An erroneous legal instruction does not warrant dismissal of a facially valid indictment. To hold otherwise would conflict with well-established Supreme Court precedent, and here the grand jury returned a valid indictment. Even if the Court were to find that the government's instructions to the grand jury were imperfect, the government did not engage in prosecutorial misconduct that substantially influenced the grand jury's decision to indict. Absent such egregious misconduct, dismissal is not warranted. The crux of the defendant's argument is that the prosecution presented to the grand jury a legal theory with which the defense disagrees – a circumstance hardly amounting to prosecutorial misconduct. Consequently, the legal instructions that the grand jury received cannot invalidate the indictment.

## I.   THE GOVERNMENT CORRECTLY INSTRUCTED THE GRAND JURY

To be sure, the government did not give the grand jury the exhaustive set of instructions that the Court will someday give to the petit jury, nor is anything of the kind required in the grand jury. The grand jury was, however, adequately and correctly informed of the law. First, the government correctly read to the grand jury the statutes with which the defendant was charged with violating. Second, the government correctly instructed the grand jury on the elements the government must prove to win a conviction, including proof that the defendant (1) acted "knowingly" and "corruptly" to be in violation of 18 U.S.C. § 1512(c); (2) "knowingly" altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in any document with the "intent" to impede, obstruct, or influence an investigation or the proper administration of any matter within the jurisdiction of a federal agency or department to be in violation of 18 U.S.C. § 1519; and acted "knowingly and willfully" to be in violation of 18 U.S.C. § 1001. Third, the grand jury was presented evidence about the fact that other attorneys worked with the defendant in responding to the FDA's inquiry. Fourth, transcripts of the prior testimony of King & Spalding attorneys Mark Brown, Mark Jensen, and Nikki Reeves, GSK attorneys Sherrie Shade and Doug Snyder, and GSK paralegals Jack Hetzel and Julie Lemiuex were made available to the grand jury. And fifth, in response to a grand juror's question, the government stated that advice of counsel is a defense, provided the purpose in getting the advice was not to commit a crime and the person receiving the advice provided full information to the attorney rendering the advice . The government did not limit this explanation of the advice of counsel defense to any particular charge.

## II.   THE COURT SHOULD NOT DISMISS THE INDICTMENT EVEN IF THE GOVERNMENT'S INSTRUCTIONS WERE IMPROPER OR INCOMPLETE

The Supreme Court has held that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, *is enough to call for trial of the charge on the merits.* The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363 (1956) (emphasis added). The Fourth Circuit recently reiterated that it has "consistently adhered to *Costello*'s guiding and settled principles." *United States v. Jefferson*, 546 F.3d 300, 313 (4th Cir. 2008). Thus, if the government provided incorrect legal instruction to the grand jury, *Costello* requires this Court to ask only:

(1)   Did the instruction affect the facial validity of the indictment? and

(2)   Did the instruction improperly bias the grand jury?[1]

The answer to both of these questions is no.

### A.   The Government's Instruction Has No Bearing on the Facial Validity of the Indictment

An indictment is facially valid if it complies with constitutional requirements and the requirements of Federal Rule of Criminal Procedure 7(c)(1). *See United States v. Willock*, 696 F. Supp. 2d 536, 542 n.7 (D. Md. 2010). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). Furthermore, "Rule 7(c)(1) merely

---

[1]There is no allegation that the grand jury was unlawfully constituted, nor would there be any basis for such an allegation; thus, that *Costello* factor is not at issue. In addition, the defendant's earlier briefing makes no suggestion that the indictment is facially invalid. Nonetheless, the government will address the effect grand jury instructions have on the facial validity of an indictment.

requires 'a plain, concise and definite written statement of the essential facts constituting the offense charged.'" *Willock*, 696 F. Supp. 2d at 542 n.7 (quoting Fed. R. Crim. P. 7). An indictment that tracks the language of the statute and alleges each element of a crime meets these requirements. *See United States v. Wills*, 346 F.3d 476, 489 (4th Cir. 2003).[2] The indictment need not reference any exculpatory evidence. *See United States v. Williams*, 504 U.S. 36, 51-55 (1992). Nor does an indictment need to mention affirmative defenses. *See Dixon v. United States*, 548 U.S. 1, 13 (2006). Consequently, any instruction related to advice of counsel – regardless of whether advice of counsel is an affirmative defense or is a set of factual circumstances that can be used to negate the mens rea element of certain crimes – cannot impact the facial validity of the indictment.

B.     **The Government's Instructions Did Not Bias the Grand Jury, Even If They Were an Incorrect Statement of the Law**

Courts have consistently held that improper legal description of the elements of a crime does not result in a biased grand jury. For example, in *United States v. Battista*, 646 F.2d 237 (6th Cir. 1981), a district court pierced the veil of secrecy to examine whether the grand jury had been "properly instructed on the law of obscenity," an element of the crime at issue. *Id.* at 240. The Sixth Circuit held that it had not been necessary for the district court to have done so, explaining that "even if an incorrect instruction was given to the grand jury," a facially valid indictment would "require a trial of the indictment on its merits." *Id.* at 242. In *United States v. Zangger*, 848 F.2d 923 (8th Cir. 1988), the defendant argued that the indictment should have been dismissed because the prosecutor did not instruct the grand jury on the applicable law

---

[2]An indictment that fails to mirror statutory language, however, is not per se invalid. *Williams*, 152 F.3d at 299.

4

Case 8:10-cr-00694-RWT   Document 105 *SEALED*   Filed 03/14/11   Page 5 of 9

related to one of the elements of the crime at issue. *Id.* at 925. The court rejected this argument

out of hand because a prosecutor has no obligation to give the grand jury legal instructions. *Id.*

And, directly on point, the Southern District of Ohio has explained that if it "were to conduct an

*in camera* review of the [grand jury] instructions and were to discover that the prosecutor failed

to define [an element of the crime] properly, it *could not dismiss the prosecution as a result*."

*United States v. Graham*, 247 F. Supp. 2d 923, 925 (S.D. Ohio 2002) (emphasis added).[3]

The government was not required to instruct the grand jury on the advice of counsel

defense. Reliance on advice of counsel is an affirmative defense. *See United States v. Newell*,

315 F.3d 510, 525 (5th Cir. 2002) (quoting *United States v. White*, 887 F.2d 267, 270 (D.C. Cir.

1989)); *United States v. Romano*, 938 F.2d 1569, 1573-74 (2d Cir. 1991) (classifying good-faith

reliance of counsel as an affirmative defense); *United States v. Gavran*, 620 F. Supp. 1277, 1281

(E.D. Wis. 1985). *But see Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961) ("Advice of

counsel is not regarded as a separate and distinct offense but rather as a circumstance indicating

good faith which the trier of fact is entitled to consider on the issue of fraudulent intent.").

Likewise, 18 U.S.C. § 1515(c) is an affirmative defense, not an element of the crime. *See United*

*States v. Kloess*, 251 F.3d 941, 946, 949 (11th Cir. 2001). The government is not required to

---

[3]The defendant has pointed to a single, unreported case that could be read to suggest the opposite result. *See* Mem. Supp. Def.'s Mot. Disclosure at 11 (citing *United States v. Twerksy*, No. S2 92 Cr. 1082 (SWK), 1994 WL 319367 (S.D.N.Y. June 29, 2004)). In *Twersky* , the district court ordered *in camera* review of grand jury transcripts to determine whether a prosecutor provided proper legal instructions to a grand jury. The court specifically reserved whether the prosecutor's statements affected only the validity of the indictment, and addressed only whether the court would review transcripts *in camera*. 1994 WL 319367 at \*5. To the extent *Twersky* could be read to imply anything about the validity of an indictment, it is important to note that the *Twersky* court failed to consider or even mention the *Costello* factors that the Supreme Court, the Fourth Circuit, and this Court have made clear would apply to a challenge to the validity of an indictment.

Case 8:10-cr-00694-RWT   Document 105 *SEALED*   Filed 03/14/11   Page 6 of 9

present an affirmative defense such as the advice of counsel to the grand jury. *See People of the Territory of Guam v. Cruz*, 913 F.2d 748, 750 (9th Cir. 1990) (government not required to instruct grand jury on affirmative defense of self-defense); *United States v. Gardner*, 860 F.2d 1391, 1395 (7th Cir. 1988) (affirming district court's ruling that affirmative defenses did not negate guilt and evidence of such need not be presented to the grand jury); *Gavran*, 620 F. Supp. at 1281 (advice of counsel an affirmative defense to be raised at trial, not exculpatory evidence clearly negating guilt that must be presented to the grand jury); *United States v. DePalma*, 461 F.Supp. 778, 797 (S.D.N.Y. 1978) (affirmative defense of entrapment did not directly negate the charge and need not have been presented to the grand jury).

Of course, as the cases that defendant cites make clear, a prosecutor can bias a grand jury such that dismissal of an indictment is required, but only when the prosecutor engages in egregious misconduct that actually prejudices the defendant. *See* Def. Memo. in Support of Motion for Disclosure of Grand Jury Proceedings at 11 ((ECF No. 25) (citing to *United States v. McDonald*, 61 F.3d 248, 253 (4th Cir. 1995), and *United States v. Lawson*, 502 F. Supp. 158, 172 (D. Md. 1980)). The Fourth Circuit stated in *McDonald* that "an indictment may be quashed on the basis of prosecutorial misconduct, but only where the government's misdeeds substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." 61 F.3d at 253 (citations and quotations omitted). The government submits that the Court's *in camera* review will demonstrate that the government instructed the jury in good faith based on a reasonable (and correct) interpretation of the law; this is simply not a case where the government intentionally and egregiously misled the jury in an attempt to wrongfully secure an indictment. As such, the

prosecutor's instructions did not improperly bias the grand jury.

Additionally, the defendant's proposed interpretation of bias would place an undue burden on the administration of justice. The defendant argues that the government's allegedly erroneous interpretation of the mens rea requirement for the charges at issue constitutes a particularized showing that the grand jury was biased. *See* Def. Reply at 4-5 (ECF 83). Taken to its logical end, this argument would allow dismissal of an indictment anytime (1) a court does not adopt the government's interpretation of an element of a crime or affirmative defense and (2) the prosecution provided the grand jury with legal guidance on that element or affirmative defense, even if it did so reasonably and in good faith. As discussed above, that result would be inconsistent with well-established case law. Furthermore, it would cause an unprecedented disruption in criminal proceedings whenever case law on the elements of a crime or the applicability of an affirmative defense is not crystal clear. *Cf. Costello*, 350 U.S. at 364 ("Defendants are not entitled . . . to a rule [governing the dismissal of an indictment] which would result in interminable delay but add nothing to the assurance of a fair trial.")[4]

---

[4] If the Court determines that the indictment should be dismissed, it should do so without prejudice. Defendants do not have the "right to bar forever investigation into their alleged criminal conduct." *Lawson*, 502 F. Supp. at 172. Prosecutorial misconduct should result in permanent dismissal of an indictment only if the misconduct tainted evidence irrevocably or prejudiced a defendant's case on the merits. *Id.* "Most federal courts that have dismissed indictments in the grand jury room have done so without prejudice to subsequent reindictment." *Id.* (collecting cases). Re-indictment should be allowed if the new grand jury would not be affected by the government's prior error. *Id.* (citing *United States v. Serubo*, 604 F.2d 807, 818-19 (3d Cir. 1979). The government contends that its instructions were proper and that, even if they were not, improper legal instructions do not bias a grand jury. But should the Court disagree, there is no reason to believe that the government's error would have any effect on a subsequent grand jury.

Specifically, the government did not tell the grand jury that the advice of counsel defense was not available under 18 U.S.C. § 1519, but instead described it as a generally applicable defense. There was no error, but if anything an overly broad explanation of the defense. Thus, for this reason as well, there is no basis to dismiss the indictment.

Dated: March 14, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General
U.S. Department of Justice

SARA MIRON BLOOM
Assistant United States Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3265


_____/s/_____
PATRICK JASPERSE
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 616-0509

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2011, a copy of the foregoing United States'

Supplemental Memorandum Regarding Advice of Counsel Instruction to Grand Jury was

electronically filed with the Court under seal via ECF and served via electronic mail upon the

following defense counsel:

Reid H. Weingarten
William T. Hassler
Robert Ayers
Michelle L. Levin
Steptoe and Johnson LLP
Rweingarten@steptoe.com
whassler@steptoe.com
rayers@steptoe.com
millevin@steptoe.com

Brien T. O'Connor
Colleen A. Conry
Samantha Barrett Badlam
Ropes and Gray LLP
Brien.O'Connor@ropesgray.com
Colleen.Conry@ropesgray.com
samantha.badlam@ropesgray.com

_____/s/_____
Patrick Jasperse
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 616-0509