UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **FILED UNDER SEAL** |
| v. ) | |
| ) | No. 10-cr-694-RWT |
| LAUREN STEVENS, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR DISCLOSURE OF THE GOVERNMENT'S PRESENTATION TO THE GRAND JURY RELATING TO THE ADVICE OF COUNSEL DEFENSE AND 18 U.S.C. § 1515(c)

Defendant Lauren Stevens, through counsel, respectfully submits this supplemental brief in support her motion for disclosure of grand jury transcripts (ECF No. 25) in response to the Court's Sealed Order dated March 9, 2011 (ECF No. 85).

The Court's Order revealed that the government has notified the Court, *ex parte*, that a grand juror inquired about the advice of counsel defense during the grand jury proceedings and that the government provided an as yet undisclosed response to the grand jury. Accordingly, the Court requested that the parties submit supplemental briefing to address the question of "what effect there would be on the Indictment" if the grand juror's question was "incorrectly answered." Order at 2.

Though the government has now produced the relevant transcripts for *in camera* review, Ms. Stevens and her counsel have not seen the grand juror's question about the advice of counsel defense, the prosecutor's response, or any instructions ultimately given to the grand jury regarding the defense. Ms. Stevens addresses below the applicable law based on the limited information currently available to her.

Under the law of the Fourth Circuit, the advice of counsel defense may completely negate the wrongful intent required under the statutes in question in the Indictment. As set forth in previous motions, this advice of counsel defense is squarely raised on the facts of this case and the government has been aware of the defense's significance in this case from the outset. Thus, an incorrect, incomplete, or otherwise improper answer (or other legal instruction) by the prosecutors regarding the advice of counsel defense necessarily would have substantially influenced the grand jury's decision to indict, and should therefore result in dismissal of the Indictment under well-established precedent. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

## ARGUMENT

### A. Applicable Standard for Dismissal

Ms. Stevens' prior briefs set forth the important constitutional role of the grand jury.[1] It is the mission of the grand jury to "*inquire into all information that might possibly bear on its investigation* until it has identified an offense or has satisfied itself that none has occurred." *In re Grand Jury, John Doe No. G.J. 2005-2*, 478 F.3d 581, 584 (4th Cir. 2007) (quoting *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991)) (emphasis added). Although constitutionally independent, the "modern grand jury" relies extensively on the prosecution in discharging its duties. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 430 (1983); *see United States v. Singer*, 660 F.2d 1295, 1303 (8th Cir. 1981) (noting that the prosecutor often "serves as the 'guiding arm of the grand jury'") (citation omitted). This includes the prosecutor's "advis[ing] the lay jury on

---

[1] *See* Memorandum of Law in Support of Defendant's Motion for Disclosure of the Government's Presentation to the Grand Jury Relating to the Advice of Counsel Defense and 18 U.S.C. § 1515(c) ("Mot. for Disclosure") (ECF No. 25-1) at 8-9; Reply in Support of Defendant's Motion for Disclosure of the Government's Presentation to the Grand Jury Relating to the Advice of Counsel Defense and 18 U.S.C. § 1515(c) (ECF No. 83) at 1-3.

the applicable law." *Sells Eng'g, Inc.*, 463 U.S. at 430; *accord United States v. Boskic*, 545 F.3d 69, 82 (1st Cir. 2008). An incorrect or misleading instruction about the law would constitute error that would prevent the grand jury from discharging its function of making an independent determination whether there was probable cause to believe an offense was committed. *See* Sec. B, *infra* (discussing cases dismissing indictments for incorrect or misleading instruction).[2] This is especially true where the grand jury specifically inquires about the law regarding a dispositive issue in the case, *see United States v. Peralta*, 763 F. Supp. 14, 19-21 (S.D.N.Y. 1991), or where the issue in question occupies a critical role in the case. *See United States v. Twersky*, No. S2 92 Cr. 1082 (SWK), 1994 U.S. Dist. LEXIS 8744, at *11-13 (S.D.N.Y. June 29, 1994).

The Supreme Court has firmly established the standard for dismissing an indictment that applies where errors—such as incorrect or misleading instructions on the law—occur during the grand jury proceedings. *See Bank of Nova Scotia*, 487 U.S. at 256. In *Bank of Nova Scotia*, the Supreme Court held that an indictment should be dismissed where

> "it is established that the violation *substantially influenced the grand jury's decision to indict*," or if there is *"grave doubt" that the decision to indict was free from the substantial influence of such violations*.

*Id.* (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)) (emphasis added).

Courts in this Circuit have recognized this standard. *See United States v. Feurtado*, 191 F.3d 420, 424 (4th Cir. 1999) (recognizing that "[t]he Supreme Court set the standard for dismissal of indictments in *Bank of Nova Scotia*"); *United States v. McDonald*, 61 F.3d 248, 253

---

[2] *See also United States v. McDonald*, 61 F.3d 248, 253 (4th Cir. 1995) ("the government's creation or acceptance of an erroneous impression . . . could support" a claim to quash the indictment); *United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) ("the prosecutor's right to exercise some discretion and selectivity" in its presentation to the grand jury "does not entitle him to mislead it or to engage in fundamentally unfair tactics before it").

(4th Cir. 1995) (citing *Bank of Nova* Scotia). The government's opposition acknowledges that *Bank of Nova Scotia* sets forth the appropriate standard to be applied in this case. Opp. at 5.

In *Feurtado*, the Fourth Circuit affirmed dismissal of the indictment where the district court found that government agents had engaged in misconduct before the grand jury, holding that the district court actually "took the correct course" in dismissing without prejudice where the misconduct was deemed to be unintentional.[3] 191 F.3d at 425. According to the Court of Appeals, dismissal was appropriate under *Bank of Nova Scotia* based solely on the Court's finding that it had "*some doubt that the grand jury's decision to indict was free from the influence* of that testimony." *Id.* at 424-25 (emphasis added). This was so even where District Court "did not find the defendants had established that improper testimony substantially influenced the grand jury's decision to indict." *Id.*

As set forth below, Ms. Stevens believes that *both* prongs of the *Bank of Nova Scotia* test are likely to be satisfied here if prosecutors responded to questions from the grand jury with an inaccurate or incomplete description of the advice of counsel defense, or failed to include a discussion of the advice of counsel defense in the instructions provided the grand jury in connection with the jurors' decision to indict. *Feurtado* makes clear, however, that satisfaction of either prong should result in dismissal.

**B.     An Incorrect or Misleading Instruction Regarding the Advice of Counsel Defense Would Have Substantially Influenced the Outcome of the Proceedings**

Ms. Stevens' reliance on advice that she received from counsel is the linchpin of the defense in this case. The factual basis for the defense has been clearly set forth in Ms. Stevens'

---

[3] At issue in *Feurtado* was testimony by a DEA agent that the defendant was "connected" to a series of violent crimes (including homicides) unrelated to the charges for which he was indicted. The agent subsequently informed the District Court that he later learned that there was no such connection. *See* 191 F.3d at 424.

briefing in this case. In fact, the government effectively has conceded that Ms. Stevens has established a *prima facie* foundation for use of the defense at trial. *See* United States' Reply to Defendant's Opposition to Motion to Preclude Advice of Counsel Defense (ECF No. 70), at 1 ("In light of the showing Stevens makes in her opposition, the United States withdraws its request for a pre-trial hearing regarding whether Stevens may offer evidence to support an advice of counsel defense . . . .").

Because the advice of counsel defense negates the element of wrongful intent, *see United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981), it is vitally important that the prosecutor provided a complete and accurate instruction on the law in response to the grand jury's question. Consequently, an incomplete, inaccurate, or even misleading response regarding the law or applicability of the defense would necessarily have "'substantially influenced' the outcome of the proceedings," which requires dismissal of the Indictment. *Bank of Nova Scotia*, 487 U.S. at 256 (citation omitted).

Numerous courts have ordered dismissal of an indictment based, at least in part, on erroneous or misleading legal instructions. *See, e.g., United States v. Breslin*, 916 F. Supp. 438, 442-46 (E.D. Pa. 1996) (dismissing the indictment on several grounds, but labeling "most disturbing" the prosecutor's erroneous legal instruction as to the grand jury's deliberation on a conspiracy charge); *Peralta*, 763 F. Supp. at 19-21 (dismissing the indictment where there was "grave doubt that the decision to indict was free from the substantial influence" of the prosecutor's "misleading statement of the law" regarding constructive possession of a firearm, particularly where the grand jurors asked questions regarding the government's theory of possession); *United States v. Vetere*, 663 F. Supp. 381, 386-87 (S.D.N.Y. 1987) (dismissing the indictment, *even after a guilty verdict at trial*, on grounds that the independent role of the grand

jury was impaired based on the prosecutor's misleading "presentation both with respect to the facts and the law").

Numerous other courts have recognized that erroneous or misleading legal instructions *could* warrant dismissal as a matter of law where the instruction substantially influenced the proceeding. *See, e.g., United States v. Tam Ho*, No. 08-00337 JMS, 2009 U.S. Dist. LEXIS 73763, at *7-8 (D. Haw. Aug. 20, 2009) (ordering *in camera* review of prosecutor's legal instructions to the grand jury, and ultimately holding that dismissal of the indictment was not warranted because the transcripts did not show that the prosecutor misinstructed the grand jury); *United States v. Soliman*, No. 06CR236A, 2008 U.S. Dist. LEXIS 76358, at *15-17 (W.D.N.Y. Sept. 30, 2008) (ordering disclosure of transcripts pertaining to the prosecutor's legal instructions to the grand jury to identify possible prosecutorial misconduct; explaining that "prosecutors advise grand juries of the law but there are limits on the presentation to the grand jury to maintain their independence and to avoid prosecutorial misconduct"); *Twersky*, 1994 U.S. Dist. LEXIS 8744, at *11-16 (ordering *in camera* review to assess whether indictment should be dismissed based on erroneous legal instruction).

In *Twersky*, the court emphasized the importance of providing accurate legal instruction to the grand jury, an importance that is heightened where it involves a clear defense to the charges, or where the instruction represents an attempt to preclude prevent the grand jury from exploring important aspects of the case:

> As a legal advisor to the grand jury, the prosecutor must give the grand jury sufficient information concerning the relevant law "to enable it intelligently to decide whether a crime has been committed." Although the prosecutor need not give legal instructions which approach the comprehensiveness of the trial judge's charge to the jury, **an instruction may be "so misleading" due to mistakes or omissions, that the ensuing indictment "will not be permitted to stand even though it is supported by legally sufficient evidence."** Accordingly, while courts are generally reluctant to grant motions to dismiss an indictment

- 6 -

based on faulty instructions, **an indictment will be dismissed where, for instance, the evidence clearly establishes a defense to the charge and the government fails to inform the grand jury of the legal requirements of the defense**. In addition, courts tend to look less leniently upon erroneous legal instructions **where the instructions were made with the intent of precluding a line of relevant inquiry** or when other misconduct by the prosecutor suggests a pattern of overreaching.

*Id.* at *11-13 (citations omitted) (emphasis added).[4]

Here, without knowing the actual question asked by the grand juror and the prosecutor's response, Ms. Stevens cannot comment directly on the extent or significance of any error that occurred.[5] The government's redacted opposition brief, however, takes the position that the advice of counsel defense simply does not apply. Redacted Opp. at 9-12. If the government declined to instruct the grand jury about the advice of counsel defense, or told the grand jury the defense is not applicable, this would have fundamentally misled the grand jury and would call for dismissal. It is one thing to contend, as the government does, that the government is not obligated on its own to present exculpatory evidence to the grand jury. *See* Redacted Opp. at 5-6, 9 (relying on *United States v. Williams*, 504 U.S. 36, 51-52 (1992)). But whether or not it is obliged to adduce exculpatory evidence, the government is *not* free to mislead or misinstruct the grand jury regarding the applicable law. *See McDonald*, 61 F.3d at 253 ("the government's creation or acceptance of an erroneous impression . . . could support" a claim to quash the

---

[4] The court in *Twersky* subsequently ordered disclosure of the grand jury transcripts for an *in camera* review to assess whether the prosecutor's potentially incorrect instruction on the meaning of "willfulness" required dismissal of the indictment. *Id.*

[5] For this reason, the government should be required to disclose the relevant transcripts, including the question and answer regarding the advice of counsel defense, as well as the legal instructions ultimately provided to the grand jury. Disclosure of the transcripts would not reveal any sensitive information and would not implicate issues of grand jury secrecy because only the legal instructions are at issue. Furthermore, the government has already disclosed over 80 grand jury transcripts in this case, which further lessens any suggested concern regarding disclosure, especially as it relates to legal instructions.

indictment) (decided *after Williams*); *Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) (noting that "the prosecutor's right to exercise some discretion and selectivity in the presentation of evidence to a grand jury does not entitle him to mislead it or to engage in fundamentally unfair tactics before it").

Once the grand jury asked about the advice of counsel defense, the only proper response would have been to give a correct statement of the law regarding that defense, and in addition would have informed the grand jurors of the potential applicability of 18 U.S.C. § 1515(c). *See Peralta*, 763 F. Supp. at 19-21 & n.9. Providing such an instruction should have been a simple proposition and should not have required a lengthy discussion. It would have been vital to inform the grand jury that, because the alleged crimes require proof that the defendant intended to make false statements or obstruct justice, evidence that the defendant relied in good faith upon the informed advice of counsel could negate such intent. *See Miller*, 658 F.2d at 237.[6] Under the facts of this case, anything short of a full and accurate statement of the defense should be grounds for dismissal because it inevitably would have had a substantial influence on the grand jury's ultimate decision to indict. *See Feurtado*, 191 F.3d 420, 424 (citing *Bank of Nova Scotia*) (affirming dismissal of indictment where there was "some doubt that the grand jury's decision to indict was free from the influence" of the error).

With respect to whether any improper response or instruction could have possibly been inadvertent, it is undisputable that the government was fully aware of Ms. Stevens' claimed reliance on counsel long before the Indictment was returned. Counsel for Ms. Stevens made

---

[6] *See also* 1 Sand et al., ¶ 8.04 Instr. 8-4 ("In short, you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that her acts shall be lawful. If she did so, **it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.**") (emphasis added).

detailed presentations to the government on this very issue beginning in April 2009, long before the issuance of the Indictment in November 2010. In light of these presentations, a failure to recognize the need for an accurate statement of the defense—especially in response to an express inquiry from the grand jury—could not have been inadvertent. And, regardless, whether the error was inadvertent would in no way affect the analysis of whether the error "substantially influenced" the proceedings.

The grand juries in Boston and Maryland together had before them substantial evidence of the advice Ms. Stevens received from counsel and of the fact that she acted consistently with that advice.[7] The very fact that the grand jury inquired about the defense supports this reality. All of the attorneys who advised Ms. Stevens in 2002-2003 appeared before the grand jury or gave sworn statements that should have been provided to the grand jury. Thus, the very same evidence that the government now concedes establishes a sufficient foundation for use of the advice of counsel defense at trial was almost all before the grand jury.

Accordingly, to the extent the government's instruction on the advice of counsel defense was erroneous or otherwise misled the grand jury on the relevance or applicability of the defense, the Indictment should be dismissed because the manifest importance of the advice of counsel defense in this case would clearly create, at a minimum, serious doubt as to whether the decision to indict was "substantially influenced" by the defect in the proceedings. *Bank of Nova Scotia*, 487 U.S. at 256.

---

[7] All of the factual support set forth in Defendant's opposition to the government's motion regarding the reliance of counsel defense were obtained pursuant to grand jury subpoenas and should have been before the grand juries. *See also* transcripts of Mark Brown, Mark Jensen, and Nikki Reeves (all of whom are now partners at King & Spalding), and Doug Snyder and Sherrie Shade (both of GSK).

                Respectfully Submitted,

Dated: March 14, 2011          By: /s/ William T. Hassler

                Reid H. Weingarten
                William T. Hassler
                Steptoe & Johnson LLP
                1330 Connecticut Avenue, NW
                Washington, DC 20036-1795
                (202) 429-3000

                Brien T. O'Connor
                Ropes & Gray LLP
                Prudential Tower, 800 Boylston Street
                Boston, MA 02199-3600
                (617) 951-7000

                Colleen A. Conry
                Ropes & Gray LLP
                One Metro Center
                700 12th Street, NW, Suite 900 Washington,
                DC 20005-3948
                (202) 508-4600

                *Counsel for Defendant Lauren Stevens*