IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RWT-10-0694 |
| | * | |
| LAUREN STEVENS, | * | |
| | * | **FILED UNDER SEAL** |
| Defendant | * | |
| | * | |
| | * | |
| ******* | | |

**UNITED STATES' SECOND SUPPLEMENTAL MEMORANDUM REGARDING
ADVICE OF COUNSEL INSTRUCTION TO GRAND JURY**

As the United States established in its first supplemental brief regarding its advice-of-counsel instruction (ECF 105), it properly instructed the grand jury, and dismissal of the indictment would not be warranted even if this Court were to find the instructions faulty in some way. Pursuant to the Court's March 10, 2011 sealed order (ECF 88), the United States submits this second supplemental brief under seal to address the specific language it used when making its presentment to the grand jury. Transcripts from the grand jury conclusively demonstrate that there was no error in the prosecutors' presentation to the grand jury.

I.   **The Prosecutors' Instructions Were Not Erroneous**

Advice of counsel and 18 U.S.C. § 1515(c) are affirmative defenses, and prosecutors have no duty to instruct the grand jury on an affirmative defense. *See* cases cited in Pl.'s Supplemental Br. at 4-5. This principle makes sense given the purpose of the grand jury and the fact that the prosecution has no obligation to present exculpatory evidence to the grand jury. Moreover, the grand jury transcripts reveal that prosecutors in this case properly instructed the

grand jury on the advice-of-counsel defense and the defendant's mental state.

When assessing the adequacy of the prosecutors' instructions, the Court should read the grand jury instructions as a whole. *See United States v. Navarro-Vargas*, 408 F.3d 1184, 1207 (9th Cir. 2005) (en banc) (assessing the propriety of a grand jury instruction "in the context of the instructions as a whole"); *Gordon v. United States*, 384 F.2d 598, 600 (8th Cir. 1967) (finding grand jury instructions proper when "fairly considered as a whole"); *United States v. Bravo-Fernandez*, __ F. Supp. 2d __, 2010 WL 5260867, at *5 (D.P.R. 2010) (same).[1] *Cf. Waddington v. Sarausad*, 555 U.S. 179, 831-32 (2009) (explaining the well-settled principle that petit jury instructions "must be considered in the context of the instructions as a whole"). The grand jury instructions at issue here, taken as a whole, properly instructed the grand jury about what it needed to find with respect to the defendant's mental state in order to indict.

As reflected in the transcripts, on the first day of the grand jury proceedings in this matter, prosecutors instructed the grand jury to focus on the defendant's state of mind – and what she thought was required under FDA law – in determining whether she knowingly made false statements to the FDA. Prosecutors then provided an overview of the elements of each offense alleged, including the mens rea component of each charge, when presenting the proposed indictment to the grand jury. Prosecutors also informed the grand jury that it could not indict unless it found probable cause for each element of each crime charged.

---

[1] The Eighth Circuit assessed the propriety of the grand jury instructions in *Gordon* only because the petit jury was present as the grand jury was being instructed, not because it found that grand jury instructions were generally reviewable. *See* 384 F.2d at 599. The courts in *Navarro-Vargas* and *Bravo-Fernandez* examined the constitutionality of general instructions related to the role of the grand jury, rather than instructions related to a specific charge. *See Navarro-Vargas*, 408 F.3d at 1206-07; *Bravo-Fernandez*, 2010 WL 5260867, at *5.

After prosecutors gave these instructions, a grand juror asked: "Does it matter that maybe she was -- that Lauren Stevens was getting direction from somebody else about how to handle this? Does it matter or is it not relevant?" March 10, 2011 Sealed Order at 1. Prosecutors explained what the defendant must show to warrant the advice-of-counsel defense and noted that the defendant would be able to present evidence in support of such a defense at trial. *Id.* at 1-2.[2]

Prosecutors had previously offered the defendant the opportunity to speak with the grand jury and provide the grand jury with evidence to support her asserted defenses – even though it was not required to do so – but the defendant had declined. On May 9, 2009, prosecutors sent the defendant a letter "offering Ms. Stevens the opportunity to appear before the Grand Jury to testify about the matters . . . under investigation." The letter noted that, should the defendant choose to testify, she would be able to present "any evidence of an exculpatory nature in the form of either documents or witnesses." In declining to speak to the grand jury, the defendant forewent the opportunity to offer testimony and evidence as to her state of mind, or as to any other element for that matter. The prosecution was under no obligation to offer such exculpatory evidence on its own. *United States v. Williams*, 504 U.S. 36, 51-55 (1992); *see McKelvey v.*

---

[2] The instruction provided:

> There is something in the law called the advice of counsel defense and that is a defense that a defendant can raise, once the defendant has been charged.
> There are also exceptions to the advice of counsel defense. So in other words, a person who is charged with a crime cannot simply say, Well, my lawyer said it was okay. There are various requirements, including that the purpose in getting the advice cannot be to commit a crime or to engage in fraud. Another requirement is that the person receiving the advice must provide full information, all of the information, to the attorney who is rendering the advice.

March 10, 2011 Sealed Order at 1-2.

*United States*, 260 U.S. 353, 357 (1922) ("[A]n indictment . . . founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a proviso or other distinct clause. . . . [I]t is incumbent on one who relies on such an exception to set it up and establish it."); *Evans v. United States*, 153 U.S. 584, 590 (1894) ("Neither in criminal nor in civil pleading is [the government] required to anticipate or negative a defense."); *United States v. Titterington*, 374 F.3d 453, 456-57 (6th Cir. 2004) (citing to *Evans* and *McKelvey* for the proposition that the government need not present defenses to a grand jury); *United States v. Gardner*, 860 F.2d 1391, 1395 (7th Cir. 1988) ("[T]his is a situation in which the Government simply refused to present all of the appellant's available defenses. In such a context, we conclude that the indictment was not defective. *In our judicial system, the appellant is entitled to one criminal trial, not two.*" (emphasis added)).

After properly explaining the advice-of-counsel defense, a prosecutor instructed the grand jury that "if you find probable cause for the elements here that the attorney Lauren Stevens reasonably knew that she was making false statements and [for] the elements [that the prosecutor previously] went through, that's sufficient." March 10, 2011 Sealed Order at 2. This statement reminded the grand jury of its obligation to meet the probable cause standard. The instructions as a whole required the grand jury to find probable cause that the defendant acted with the mental state required by law. Had the grand jury believed that the defendant did not act with a sufficiently culpable mind, the instructions would have required the grand jury to decline to indict.

The grand jury transcripts demonstrate that the evidence provided to the grand jury was more than sufficient to establish probable cause for the elements of the crimes charged. Further,

-4-

the prosecution has not seen – nor has the defendant pointed prosecutors or the Court to – any evidence that anyone ever advised the defendant that it would be lawful for her to knowingly make false statements to the government. Moreover, legal advice that one should knowingly lie to the government could not constitute bona fide legal representation under 18 U.S.C. § 1515(c).

## II.   The Cases Cited by Defendant Do Not Support Dismissal of the Indictment

Even assuming, *arguendo*, that the prosecutors' instructions were somehow deficient, an improper instruction to the grand jury, standing alone, does not warrant dismissal of an indictment. The cases cited by the defendant are thus distinguishable, because almost all involve prosecutorial misconduct, such as knowingly producing false and misleading evidence. *See* Def.'s Supplemental Br. at 3, 5 (ECF 107).[3] As the United States established in its first supplemental brief, *Costello v. United States*, 350 U.S. 359 (1956), provides that trial should proceed on a facially valid indictment when there is no evidence of prosecutorial misconduct or structural error. *See* Pl.'s Supplemental Br. at 3-8. Under this well-established Supreme Court precedent, trial should go forward: The indictment at issue is facially valid and unbiased, and there is no allegation, let alone evidence, of prosecutorial misconduct or structural error.

---

[3] Prosecutorial misconduct was not alleged in one of the cases the defendant cites, *United States v. Feurtado*, 191 F.3d 420, 424 (4th Cir. 1999). However, the sole issue before the Fourth Circuit in *Feurtado* was whether the district court should have dismissed the indictment with or without prejudice. Because the defendants had been subsequently convicted on a superseding indictment, the issue of whether the initial indictment had been properly dismissed was not before the court. *Id.* at 423-24. Neither of the courts in *United States v. Twersky*, No. S2 92 Cr. 1082 (SWK), 1994 U.S. Dist. LEXIS 8744, at *11-13 (S.D.N.Y. June 29, 1994), or *United States v. Tam Ho*, No. 08-00337 JMS, 2009 U.S. Dist. LEXIS 73763, at *7-8 (D. Haw. Aug. 20, 2009) – two other cases the defendant cited – actually dismissed the indictment. Dicta from these decisions, suggesting that improper grand jury instructions alone could be grounds for dismissal of an indictment, is badly reasoned. Moreover, as discussed *supra*, there was no error that would support dismissal even if *Twersky* and *Tam Ho* properly stated the law.

Because there is no error – no error as a matter of fact, and no error as a matter of law – the Court need not conduct a harmless-error analysis. *See Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988).

The vast majority of the cases cited by the defendant support the rule that an improper instruction to the grand jury, standing alone, is not error that warrants dismissal of an indictment. In *United States v. Vetere*, 643 F. Supp. 381 (S.D.N.Y. 1987), an erroneous legal instruction was only one of many errors that cumulatively led to dismissal. The *Vetere* court dismissed the indictment because the prosecutor: (1) presented incorrect and misleading factual information to the grand jury; (2) implied that an FBI agent could determine whether probable cause existed for the offense; (3) presented irrelevant and highly prejudicial information about a defendant's past criminal history; and (4) instructed the grand jury that the issue of motive was irrelevant and could not be considered. *Id.* at 383-86. Similarly, in *United States v. Peralta*, 763 F. Supp. 14 (S.D.N.Y. 1991), the prosecutor not only failed to "mention whatsoever . . . the elements of knowledge and intent," *id.* at 19, he also presented only false and misleading hearsay testimony, *id.* at 21. Neither of these cases suggests that a misstatement of the law alone would justify dismissing an indictment.

In *United States v. Breslin*, 916 F. Supp. 438 (E.D. Pa. 1996), the prosecutor instructed the grand jury that it "did not have to agree with everything in the indictment; only the 'critical' parts." *Id.* at 445. The court concluded that this instruction, which rendered the indictment no longer a valid "statement of the essential facts constituting the offense charged" in violation of Fed. R. Crim. P. 7(c), was prejudicial when combined with a consistent pattern of prosecutorial misconduct "from the first day the grand jury met continuing through the day the . . . indictment

-6-

was presented." *Id.* at 446. *Breslin* thus bears no resemblance to the facts in this case.

The defendant also cites to a number of cases in which the courts noted that an indictment *could* be dismissed. *See* Def.'s Supplemental Brief at 3 n.2, 6. These cases, however, addressed only gross prosecutorial misconduct. *United States v. McDonald*, 61 F.3d 248, 253 (4th Cir. 1995), *overruled on other grounds by United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000) (en banc) (explaining that prosecutorial misconduct with respect to the grand jury can be grounds for dismissal of an indictment, but finding no such misconduct where the government did not intentionally "creat[e] or accept[]" in the grand jury an "erroneous impression" that exculpatory evidence was inculpatory); *United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) (noting that prosecutorial misconduct involving misleading a jury or otherwise engaging in "fundamentally unfair tactics" can result in the dismissal of an indictment, but holding that the record as a whole demonstrated no prosecutorial misconduct occurred); *United States v. Solimon*, No. 06CR236A, 2008 U.S. Dist. LEXIS 76358, at *16 (W.D.N.Y. Sept. 30, 2008) (reviewing grand jury transcripts for the sole purpose of determining whether prosecutorial misconduct occurred). This precedent is therefore irrelevant to this case, where there is no allegation or evidence of prosecutorial misconduct.

### Conclusion

Review of the grand jury transcripts demonstrates that prosecutors properly instructed the grand jury. Although prosecutors were under no obligation to instruct the jury on the affirmative defense of advice of counsel, they did so, and they did so correctly. The defendant declined the opportunity to appear before the grand jury and provide evidence related to her state of mind. After receiving evidence sufficient to find probable cause that Stevens committed several crimes,

the grand jury returned a facially valid indictment. There is therefore no basis to dismiss the indictment, and the United States should continue to prosecute that indictment.

Dated: March 16, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General
U.S. Department of Justice


/s/ *Sara Miron Bloom*
SARA MIRON BLOOM
Assistant United States Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3265

PATRICK JASPERSE
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 616-0509

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, a copy of the foregoing United States' Second Supplemental Memorandum Regarding Advice of Counsel Instruction to Grand Jury was electronically filed with the Court under seal via ECF and served via electronic mail upon the following defense counsel:

Reid H. Weingarten
William T. Hassler
Robert Ayers
Michelle L. Levin
Steptoe and Johnson LLP
Rweingarten@steptoe.com
whassler@steptoe.com
rayers@steptoe.com
millevin@steptoe.com

Brien T. O'Connor
Colleen A. Conry
Samantha Barrett Badlam
Ropes and Gray LLP
Brien.O'Connor@ropesgray.com
Colleen.Conry@ropesgray.com
samantha.badlam@ropesgray.com

/s/ *Sara Miron Bloom*
Sara Miron Bloom
Assistant United States Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3265