# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | Case No.: RWT 10cr0694 |
| **LAUREN STEVENS,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On November 8, 2010, a grand jury for the United States District Court for the District of Maryland returned a six-Count 1ndictment against Lauren Stevens ("Stevens"), former Vice President and Associate General Counsel of GlaxoSmithKline ("GSK"). The indictment charged Stevens with one count of obstruction of a proceeding in violation of 18 U.S.C. § 1512, one count of falsification and concealment of documents in violation of 18 U.S.C. § 1519, and four counts of making a false statement in violation of 18 U.S.C. § 1001. The charges arose out of Stevens' response to an inquiry by the United States Food and Drug Administration ("FDA") into GSK's alleged off-label promotion of the anti-depressant drug Wellbutrin SR ("Wellbutrin"). A jury trial is scheduled to begin April 5, 2011. The parties have filed multiple pretrial motions, most of which will be discussed below.

## BACKGROUND

On October 9, 2002, the FDA sent a letter to GSK stating that the FDA had recently received information indicating that GSK had possibly promoted Wellbutrin for weight loss, a use not approved by the FDA. Indictment at ¶ 3. The FDA asked GSK to provide it with materials related to Wellbutrin promotional programs sponsored by GSK, including copies of all

slides, videos, handouts, and other materials presented or distributed at any GSK program or activity related to Wellbutrin. *Id.* Stevens was "in charge of" GSK's "response to the FDA's inquiry and investigation" and "led a team of lawyers and paralegals who gathered documents and information." *Id.* at ¶ 4.

The United States alleges that Stevens obstructed the FDA's investigation by withholding and concealing documents and other information about GSK's promotional activities for Wellbutrin, including for unapproved uses, while representing to the FDA that she had completed her response to its inquiry, and that Stevens falsified and altered documents in order to impede the FDA's investigation of GSK. *Id.* at Cts. I & II. In particular, the Government alleges Stevens withheld slide sets used by speakers at GSK promotional events that promoted off-label use of Wellbutrin and withheld information regarding compensation received by attendees at promotional events. *Id.* at ¶¶ 20, 22, 27, 32, 33, 36. The Government alleges that Stevens signed and sent to the FDA six letters containing materially false statements regarding GSK's promotion of Wellbutrin for off-label uses. *Id.* at Cts. III-VI.

In responding to the FDA's inquiry, Stevens was assisted by GSK in-house counsel and outside counsel from the law firm of King & Spalding. Stevens' Opposition to United States' Motion to Preclude Advice of Counsel Defense to 18 U.S.C. § 1519, ECF No. 56, at 2. Stevens' primary defense to the charges in the indictment is that she relied in good faith on the advice of counsel in responding to the FDA's inquiry, and that such reliance negated the requisite intent to obstruct the FDA's investigation or to make false statements. *Id.*

The Government filed two pretrial motions. The first seeks to preclude Stevens from asserting good faith reliance on the advice of counsel as a defense to Count 2. The Government argues that good faith reliance on the advice of counsel is not a defense to Count 2 because 18

2

U.S.C. § 1519 is a general intent crime, and good faith reliance on advice of counsel is only a defense to specific intent crimes. ECF No. 19 at 6-12. The Government also moved *in limine* to exclude evidence regarding the opinions of other in-house and outside counsel that were not expressed to Stevens at the time of GSK's response to the FDA's inquiry, regarding whether they viewed GSK's responses to be appropriate and not misleading. ECF No. 36 at 3-4.

Stevens filed eight pretrial motions. Stevens moved to dismiss Count 2 for multiplicity, for failure to state an offense, and for unconstitutional vagueness. ECF Nos. 20, 22, 39. She also moved for disclosure by the Government of the identities of all attorney witnesses the Government intends to identify as her co-conspirators in the obstruction of the FDA investigation. ECF No. 48. Stevens moved *in limine* to exclude evidence outside the scope of the allegations contained in the indictment, and filed a Motion for a Bill of Particulars, a Motion for Disclosure of the Government's Testimony to the Grand Jury, and a Motion to Compel Discovery and Disclosure of Exculpatory Information. ECF Nos. 23, 25, 38, 47.

On March 17, 2011, a hearing was held and the Court began to hear argument on the parties' pretrial motions.

## ANALYSIS

### I. Good Faith Reliance on the Advice of Counsel Negates the Specific Intent Required to Violate 18 U.S.C. § 1519.

Good faith reliance on the advice of counsel is only relevant to specific intent crimes because such reliance demonstrates a defendant's lack of the requisite intent to violate the law. *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981) ("The reliance defense . . . is designed to refute the government's proof that the defendant intended to commit the offense."), *United States v. Polytarides*, 584 F.2d 1350, 1353 (4th Cir. 1978) ("The basis for the defense of action taken on the advice of counsel is that, in relying on counsel's advice, defendant lacked the

3

requisite intent to violate the law."). The United States argues that 18 U.S.C. § 1519 is a general intent crime, and therefore Stevens' good faith reliance on advice of counsel is irrelevant to a determination of her guilt on Count 2.

Whether a conviction under § 1519 requires proof that a defendant acted with the specific intent to violate the law is a question of statutory construction. *Staples v. United States*, 511 U.S. 600, 604 (1994). A close reading of the statutory language reveals that a conviction under § 1519 can only be premised on conduct that was intentional or wilfull.

Section 1519 provides:

> Whoever *knowingly* alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object *with the intent to impede, obstruct, or influence* the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

(emphasis added).

The Supreme Court's decision in *Arthur Andersen* guides this Court's interpretation of § 1519. In *Arthur Andersen LLP v. United States*, the Supreme Court interpreted the language of 18 U.S.C. § 1512(b)(2)(A), a similar obstruction statute, which provides, in relevant part:

> "Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . cause or induce any person to . . . withhold testimony, or withhold a record, document, or other object, from an official proceeding [or] alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than ten years, or both."

The Court held that the most natural reading of the statute was one in which the word "knowingly" modifies "corruptly persuades." *Id.* The Court explained

> "[The statute] provides the *mens* rea—'knowingly'—and then a list of acts—'uses intimidation or physical force, threatens, or corruptly persuades.' We have recognized with regard to similar statutory language that the *mens rea* at least applies to the acts that immediately follow, if not to other elements down the statutory chain." *Id.*

The Supreme Court held that one could not "knowingly . . . corruptly persuad[e]" another person with intent to cause that person to withhold documents from, or alter documents for use in, an official proceeding without being "conscious of [his] wrongdoing." *Andersen*, 544 U.S. at 705-706. The Court stated that "limiting criminality to persuaders conscious of their wrongdoing sensibly allows § 1512(b) to reach only those with the level of culpability usually required to impose criminal liability." *Id.*

As in *Arthur Andersen*, the most natural, grammatical reading of § 1512 is one in which the word "knowingly" modifies "with intent to impede, obstruct, or influence." The *mens rea* of 1519 is not just "knowingly"—meaning "with awareness, understanding, or consciousness"—as the Government suggests. *Id.* at 705. Rather, the *mens rea* is "knowingly . . . with intent to impede, obstruct, or influence," a *mens rea* clearly requiring consciousness of wrongdoing. One cannot be said to "knowingly . . . alter[], . . . conceal[], cover[] up, falsif[y], or make[] false entry in any record [or] document . . . with intent to impede, obstruct, or influence" an investigation or administration of a matter within the jurisdiction of a federal agency unless it is that individual's intent to do that which is wrongful. As one of our sister courts has held, though the word "corruptly" is not found in § 1519, the same evil intent embodied in § 1512 is embodied in § 1519. *United States v. Moyer*, 726 F. Supp. 2d 498, 506 (M.D. Pa. 2010). The language "with intent to impede, obstruct, or influence" "imposes upon the § 1519 defendant the same sinister mentality which 'corruptly' requires of a § 1512(b)(2) defendant." *Id.* As with 18 U.S.C. § 1512, the most reasonable reading of Section 1519 is one which imposes criminal liability only

on those who were conscious of the wrongfulness of their actions. To hold otherwise would allow § 1519 to reach inherently innocent conduct, such as a lawyer's instruction to his client to withhold documents the lawyer in good faith believes are privileged.

Any other interpretation of § 1519 would ignore the admonition of the Supreme Court in *Arthur Andersen* that criminal liability ordinarily may only be imposed on those with consciousness of their wrongdoing. At least three of our sister courts have also held that Section 1519 is a specific intent crime to which the advice of counsel defense is applicable. *See United States v. Moyer*, 726 f. Supp. 2d 498, 506, 509-10 (M.D. Pa. 2010), *United States v. Kun Yun Jho*, 465 F. Supp. 2d 618, 637 n.9 (E.D. Tex. 2006), *rev'd on other grounds by* 534 F.3d 398 (5th Cir. 2008), *United States v. Velasco*, No. 8:05-CR-496, 2006 WL 1679586 at *4 (M.D. Fla. June 14, 2006).

Because the Court concludes that 18 U.S.C. § 1519 is a specific intent crime, proof of Stevens' good faith reliance on the advice of counsel would negate her wrongful intent on that count. The Government conceded at oral argument that Stevens was entitled to assert the advice of counsel defense with respect to Counts 1 and 3-6, charging her with violations of 18 U.S.C. §§ 1001 and 1512, both specific intent crimes. Accordingly, the United States' Motion to Preclude the Advice of Counsel Defense will be denied.

**II.   18 U.S.C. § 1519 is Not Unconstitutionally Vague.**

Stevens moves for dismissal of Count 2 on the ground that 18 U.S.C. § 1519 is unconstitutionally vague. Stevens argues that under the Government's interpretation of the statute—which would allow for conviction under 18 U.S.C. § 1519 without proof that defendant acted with specific, wrongful intent—Section 1519 criminalizes innocent conduct and is subject to arbitrary and discriminatory enforcement. ECF No. 39-1. *City of Chicago v. Morales*, 527

U.S. 41, 56 (1999) ("Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second it may authorize and even encourage arbitrary and discriminatory enforcement.")

When § 1519 is construed as requiring proof that defendant acted with specific, wrongful intent, it is not impermissibly vague. *See United States v. Moyer*, 726 F. Supp. 2d 498, 506, 509-10 ("§ 1519 contains a scienter requirement which mitigates any vagueness that remains in the statute."), *United States v. Fumo*, 628 F. Supp. 2d 573, 598 (E.D. Pa. 2007) (§ 1519 includes a scienter requirement, which "may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed.") *United States v. Velasco*, 2006 WL 1679586 (M.D. Fla. 2006) (rejecting vagueness challenge to § 1519 because statute "has a specific scienter requirement that requires the Government to prove that Defendants acted knowingly and willfully in violation of the Act.") Stevens concedes as much in her motion to dismiss Count 2. ECF No. 39-1 at 6. ("The statute itself . . . states that to be convicted a defendant must act with the 'intent to impede, obstruct or influence' the handling of a matter. If such intent is interpreted to mean a specific, wrongful intent, then no constitutional problem arises.")

When construed as requiring proof of a specific intent to impede, obstruct, or influence a federal matter, § 1519 provides sufficient notice of what conduct is prohibited, and is not subject to arbitrary or discriminatory enforcement. Accordingly, Section 1519 is not unconstitutionally vague, and Stevens' motion shall be denied.

### III. Counts 1 and 2 are Not Multiplicitous.

Stevens argues that Count 2 must be dismissed because it is multiplicitous of Count 1, and therefore violates the Double Jeopardy Clause. Because Count 2 and Count 1 each require proof of an element that the other does not, they are not multiplicitous.

Two counts are not multiplicitous if each count "requires proof of a fact which the other does not." *United States v. Blockburger*, 284 U.S. 299, 304 (1932). The exclusive focus of the *Blockburger* test is on the elements of the offenses charged. *Iannelli v. United States*, 420 U.S. 770, 786 n.17 ("As *Blockburger* and other decisions applying its principle reveal . . . the Court's application of the test focuses on the statutory elements of the offense.") If each offense requires proof of a different element, the "particular facts offered to convict" the Defendant are irrelevant. *United States v. Allen*, 13 F.3d 105, 109 n.4 (4th Cir. 1993).

A conviction under 18 U.S.C. § 1519 requires proof that the defendant actually altered, destroyed, mutilated, concealed, covered up, falsified, or made false entry in a record, document, or object. By contrast, a defendant can be convicted under § 1512 if she merely *attempted* to alter, destroy, mutilate, or conceal a record, document or other object. 18 U.S.C. § 1512(c)(1) ("Whoever corruptly—(a) alters, destroys, mutilates, or conceals a record, document, or other object, *or attempts to do so*, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.") A conviction under § 1512 can also be premised on conduct that "obstructs, influences, or impedes any official proceeding, or attempts to do so," even if no document was concealed, altered or destroyed. 18 U.S.C. § 1512(c)(2). By contrast, conviction under § 1519 requires proof of document alteration, destruction, mutilation, concealment, falsification or the

making of a false entry in a record, document or tangible object. Thus § 1519 requires proof of an element that § 1512 does not.

18 U.S.C. § 1512 also requires proof of an element that 18 U.S.C. § 1519 does not. A conviction under § 1512 requires proof that there was a pending or foreseeable official federal proceeding, while conviction under § 1519 requires no proof that offense conduct was done with intent to impair an object's integrity or availability for use in an official proceeding. Rather, a conviction under § 1519 can be premised on alteration or destruction of a document or object "with the intent to impede, obstruct, or influence the investigation *or proper administration of any matter* within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case . . . " 18 U.S.C. § 1519 (emphasis added).

Because 18 U.S.C. §§ 1512 and 1519 each require proof of an element that the other does not, Counts 1 and 2 of the indictment are not multiplicitous, and Stevens' motion shall be denied.

## IV. Count 2 Does Not Fail to State an Offense.

Stevens argues that Count 2 must be dismissed for failure to state an offense because the specific facts alleged in the indictment fall beyond 18 U.S.C. § 1519's reach. Specifically, Stevens argues that by § 1519 only proscribes the destruction, alteration, or falsification of pre-existing documents, but does not proscribe the writing of letters containing false information, which is the factual core of Count 2.

No federal court has endorsed Stevens' argument that a document must be pre-existing to be subject to § 1519's proscriptions. By contrast, many federal courts have held that § 1519 applies equally to one who takes a pre-existing document and adds or deletes information from it to make it false, and to one who creates a false document from whole cloth. *See, e.g., United*

9

*States v. Fontenot*, 611 F.3d 734, 736 (officers' writing of false use of force report was conduct proscribed by § 1519); *United States v. Hyatt*, 369 Fed. App'x. 48, 49-50 (11th Cir. 2010) (affirming § 1519 conviction for omission of gambling winnings from tax returns); *United States v. Lanham*, 617 F.3d 873, 886-87 (6th Cir. 2010) (affirming § 1519 conviction for writing false prison incident reports); *United States v. Jensen*, 248 Fed. App'x. 849, 849-50 (10th Cir. 2007) (affirming § 1519 conviction for creating false report regarding inmate's urinalysis results), *United States v. Jackson*, 186 Fed. App'x. 736, 738 (9th Cir. 2006) (affirming § 1519 conviction of federal criminal investigator who omitted confession of other federal officer from official investigative report).

The Eleventh Circuit explicitly rejected the argument that a document must be pre-existing in order to be subject to § 1519. In affirming a police officer's conviction for creating a false report, the Eleventh Circuit reasoned:

> The language of the statute does not support [Defendant's] reading. Alteration, destruction, mutilation and concealment certainly suggest § 1519 is concerned partially with evidence destruction, but it is not *solely* concerned with destruction or tampering. While [Defendant] created the document in which he made the false statement, such an act clearly is covered by the language of the statute. Nothing suggests the document mentioned in § 1519 must be already existing at the time the false entry was made. [Defendant] 'ma[de] a false entry' into a 'document,' all that § 1519 required."

*United States v. Hunt*, 526 F.3d 739, 744 (11th Cir. 2008) (emphasis in original).

This Court finds the reasoning of the Eleventh Circuit to be sound. Nothing in the plain language of § 1519 suggests that a document must be pre-existing to be subject to that statute's proscriptions. Accordingly, Stevens' motion to dismiss Count 2 for failure to state an offense will be denied.

## V. Dismissal of the Indictment Without Prejudice is Appropriate Because of the Erroneous and Prejudicial Legal Advice Given to the Grand Jury.

Stevens moved for disclosure of the Government's presentation to the grand jury, arguing that disclosure was warranted pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) because the Government may have failed to properly instruct the grand jury regarding the advice of counsel defense and may have failed to present critical exculpatory evidence. *Id.* In response to Stevens' motion, the Government filed both a redacted and an unredacted opposition. ECF No. 27. In its unredacted opposition, filed under seal for the Court's *in camera* review, the Government conceded that a grand juror had asked a question about the advice of counsel defense, and that a response was given, but the Government did not disclose to the Court the nature of that response. United States' Unredacted Opposition to Stevens' Motion for Disclosure of Government's Presentation to the Grand Jury, ECF No. 27-1. The Court ordered the grand jury transcripts disclosed for the Court's immediate, *in camera* review, reviewed the transcripts, and disclosed a brief excerpt from the grand jury transcripts to Stevens to allow for further briefing on whether the grand jury was properly instructed on the advice of counsel defense. ECF No. 88.

The excerpt disclosed by the Court read as follows:

> MR. JASPERSE: Do the Grand Jurors have any legal questions for Ms. Bloom or I?
>
> A JUROR: I have a question. Does it matter that maybe she was -- that Lauren Stevens was getting direction from somebody else about how to handle this? Does it matter or is it not relevant?

MR. JASPERSE: There is something in the law called the advice of counsel defense and that is a defense that a defendant can raise, once the defendant has been charged.

There are also exceptions to the advice of counsel defense. So in other words, a person who is charged with a crime cannot simply say, Well, my lawyer said it was okay. There are various requirements, including that the purpose in getting the advice cannot be to commit a crime or to engage in fraud. Another requirement is that the person receiving the advice must provide full information, all of the information, to the attorney who is rendering the advice.

MS. BLOOM: And I think essentially if the elements of the crime are met, that the person knows that they are submitting a false statement and -- what the advice of counsel defense goes to is if someone reasonably relies on someone else to believe that they are not committing a crime, but when -- if you have an attorney who knowingly submits a false statement -- and I think you saw some evidence -- you know, would that person know that that's a crime.

So, that while it can be relevant at trial what a person knows and who else gave them advice, if you find probable cause for the elements here that the attorney Lauren Stevens reasonably knew that she was making false statements and the elements that Patrick went through, then that's sufficient to find probable cause.

Does that help?

A JUROR: Yes.

(Excerpt from Transcript of Grand Jury Proceedings Held on November 8, 2010 in the United States District Court for the District of Maryland.)

The parties submitted supplemental briefs on the adequacy of this legal instruction. *See* ECF Nos. 105, 107, 116, 118. Stevens argued that dismissal of the indictment was warranted because the advice of counsel instruction was incorrect, and there was grave doubt that the decision to indict was free from the substantial influence of the improper instruction. ECF No. 118. The Government argued that the grand jury was properly instructed and that even if the instruction was deficient, dismissal of the indictment was neither required nor warranted. ECF No. 116.

### A. Advice of Counsel is Not an Affirmative Defense, but Rather Negates the Wrongful Intent Required to Commit the Crimes Charged.

Though often referred to as the "advice of counsel defense," this label is actually a misnomer. Good faith reliance on the advice of counsel, when proven, negates the element of wrongful intent of a defendant that is required for a conviction. *See United States v. Peterson*, 101 F.3d 375, 381 (5th Cir. 1996) ("A good faith reliance on the advice of counsel is not a defense to securities fraud. It is simply a means of demonstrating good faith and represents possible evidence of an absence of any intent to defraud."); *see also Oakley, Inc. v. Bugaboos*, 2010 U.S. Dist. LEXIS 123976, *11-12 (S.D. Cal. Nov. 23, 2010) (just because the "'advice of counsel defense' contains the word defense . . . does not an affirmative defense make.")

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary 482 (9th. ed. 2009). By contrast, the advice of counsel "defense"

negates the defendant's wrongful intent, and therefore demonstrates an absence of an element of the offense—*mens rea*.

In the securities fraud context, the Fifth Circuit held that "reliance on counsel's advice is not an affirmative defense" because "it is simply a means of demonstrating good faith and represents possible evidence of an absence of any intent to defraud." *See United States v. Peterson*, 101 F.3d 375, 381 (5th Cir. 1996), *accord Oakley*, 2010 U.S. Dist. LEXIS 123976, at *11-12 (good faith reliance on advice of counsel is not an affirmative defense but rather "is relevant to determining whether [defendant] acted with intent to deceive."), *LG Philips LCD Co. v. Tatung Co.*, 243 F.R.D. 133, 137 (D. Del. 2007) (quoting *Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir. 1974)) (advice of counsel is not a true affirmative defense because "[a] defense which 'merely negates some element of plaintiff's *prima facie* case is not truly an affirmative defense.")

The Fourth Circuit has also acknowledged that the good faith reliance on the advice of an expert negates a defendant's *mens rea*, and therefore is not an affirmative defense. In *United States v. Miller*, the Fourth Circuit reversed the defendant's conviction for making a false statement in violation of 18 U.S.C. § 1001 after the district court failed to give a requested instruction on good faith reliance on advice of an expert. 658 F.2d 235, 237 (4th Cir. 1981). The Fourth Circuit held that "[t]he reliance defense . . . is designed to refute the government's proof that the defendant intended to commit the offense." *Id.*, *accord United States v. Painter*, 314 F.2d 939, 943 (4th Cir. 1963) ("If in good faith reliance upon legal advice given him by a lawyer to whom he has made full disclosure of the facts, one engages in a course of conduct later found to be illegal, the trier of fact may in appropriate circumstances conclude that the conduct was

innocent because the 'guilty mind' was absent."), *United States v. Okun,* 2009 U.S. LEXIS 12419, at *19-20 (E.D. Va. 2009) (quoting *Linden*).

To the extent that Stevens relied in good faith on the advice of counsel in responding to the FDA's inquiries, such reliance would negate the Government's charge that she falsified and concealed documents with the intent to impede, obstruct, or influence the FDA's investigation into the marketing of Wellbutrin, as charged in Count 2 of the indictment. Stevens' good faith reliance on advice of counsel would also negate the wrongful intent required to convict Stevens of making false statements under 18 U.S.C. § 1001, which requires a defendant to act "knowingly and willfully," and of obstructing justice under 18 U.S.C. § 1512, which requires a defendant to act "knowingly . . . corruptly."

Because good faith reliance on the advice of counsel negates the *mens rea* required for conviction on all counts of the indictment, the Government's instruction to the grand jury regarding the advice of counsel defense must be closely scrutinized.

### B. The Instruction on Advice of Counsel Given to the Grand Jury was Erroneous and There is Grave Doubt That The Grand Jury's Decision to Indict Was Free from the Substantial Influence of the Erroneous Legal Instruction.

The grand jury is charged with the dual responsibilities of "determin[ing] whether there is probable cause to believe a crime has been committed and [] protecti[ing] citizens against unfounded criminal prosecutions." *United States v. Calandra*, 414 U.S. 338, 343 (1974). In this way, the grand jury serves as the "protector of citizens against arbitrary and oppressive government action." *Id.*

The Government is not required to present exculpatory information to the grand jury, *United States v. Williams*, 504 U.S. 36 (1992), nor is it required to anticipate and present all of a defendant's affirmative defenses to the grand jury. *United States v. Gardner*, 860 F.2d 1391,

1395 (7th Cir. 1988). However, where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts "grave doubt that the decision to indict was free from the substantial influence" of the erroneous instruction. *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

In *United States v. Peralta*, a highly analogous case, the district court dismissed an indictment after finding that the prosecutor seriously misinstructed the grand jury regarding the elements of constructive possession. *Id.* at 19-21. The prosecutor erroneously failed to explain to the grand jury that constructive possession required that the defendant "knowingly ha[ve] the power and the intention at a given time to exercise dominion and control over the object," in this case a gun and drugs. *Id.* at 19. Instead, the prosecutor erroneously stated that constructive possession could be shown by mere availability or accessibility, without the required elements of knowledge and intent. *Id.* at 19-20. The *Peralta* court held that the prosecutor did not "merely fail to instruct the grand jury on a question of applicable law," but rather, "relied on . . . misleading statements on the meaning of constructive possession." *Id.* at 20. This misstatement of law left "grave doubt that the decision to indict was free from the substantial influence" of the prosecutor's erroneous instruction. *Id.* at 21.

There can be little doubt that the instruction given the grand jury regarding the advice of counsel defense was erroneous. The prosecutors' response to the grand juror's question clearly indicated that the advice of counsel defense was not relevant at the charging stage. Mr. Jasperse stated "the advice of counsel defense . . . is a defense that a defendant can raise, once the defendant has been charged." The second prosecutor, Ms. Bloom, reinforced the statement that the advice of counsel was irrelevant at the charging stage by stating that "while [the advice of

16

counsel defense] can be relevant at trial . . . if you find probable cause for the elements here that the attorney Lauren Stevens reasonably knew that she was making false statements and the elements that Patrick [Jasperse] went through, then that's sufficient to find probable cause." The grand jurors were thus instructed erroneously that the advice of counsel was irrelevant to a determination of whether there was probable cause to indict Stevens.

As discussed, *supra*, good faith reliance on the advice of counsel negates a defendant's wrongful intent, and is therefore highly relevant to the decision to indict. A proper instruction would have informed the grand jurors that if Stevens relied in good faith on the advice of counsel, after fully disclosing to counsel all relevant facts, then she would lack the wrongful intent to violate the law and could not be indicted for the crimes charged in the proposed indictment. For example, the Sand & Siffert model instruction on the advice of counsel defense states:

> "You have heard evidence that the defendant received advice from a lawyer and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge. The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying upon it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. *If he did so, it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.* On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer. Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he acted substantially in accordance with the advice received, are questions for you to determine."

1 Sand *et al.*, ¶ 8.04 Instr. 8-4 (emphasis added).

The Court has grave doubts as to whether the decision to indict was free from the substantial influence of the improper advice of counsel instruction. *Bank of Nova Scotia*, 487 U.S. at 256. A grand juror explicitly asked about the legal implications of Stevens' reliance on the advice of others in responding to the FDA and whether it was relevant. The grand juror was essentially told that advice of counsel was not relevant to the decision to indict, but rather was an issue to be raised in defense at trial.

The grand juror's question was not just any question, but rather was much akin to asking about an elephant in the room. The grand jury was well aware of the Defendant's role as the leader of a team of lawyers and paralegals (Indictment at ¶ 4), and the question was a natural one that arose out of her status. The question went to the heart of the intent required to indict. The incorrect answer either substantially influenced the decision to indict or, at the very least, creates grave doubt as to that decision. Accordingly, dismissal of the indictment is appropriate and required in the interests of justice.

The parties differ as to whether a dismissal should be with or without prejudice. The Court has carefully reviewed the grand jury transcripts and found no evidence that the prosecutors involved engaged in "willful prosecutorial misconduct." *United States v. Feurtado*, 191 F.3d 420, 424 (4th Cir. 1999). This is not a case in which the Government attempted to affirmatively mislead the grand jury to obtain an indictment—rather it is a case in which prosecutors simply misinstructed the grand jury on the law. However, even in the absence of willful prosecutorial misconduct, "a defendant is entitled to dismissal of an indictment . . . where actual prejudice is established." *Id.* Under these circumstances, dismissal of the indictment is necessary to allay the Court's grave doubts about the grand jury's decision to indict, but dismissal with prejudice is wholly inappropriate. *Id.* (affirming district court's dismissal without

prejudice where government's errors before the grand jury were unintentional, rather than the product of prosecutorial misconduct). Accordingly, the indictment shall be dismissed without prejudice to the Government's right to seek Steven's indictment before a different grand jury that is appropriately instructed as to the law in conformity with this opinion.

<u>March 23, 2011</u>             <u>          /s/          </u>
Date                                       Roger W. Titus
                                            United States District Judge