## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**          *
                                       *
         **v.**                        *          **CRIMINAL NO. 10-cr-694-RWT**
                                       *
**LAUREN STEVENS,**                    *
                                       *
              **Defendant**            *
                                       *
                                       *
                              **\*\*\*\*\*\*\***

### THE UNITED STATES' ADDITIONAL PROPOSED JURY INSTRUCTIONS

The United States respectfully submits the following proposed jury instructions, in

addition to those jointly proposed, and reserves the opportunity to propose revised or additional

instructions if warranted by circumstances at trial.  The United States objects to all of the jury

instructions that the defendant separately proposes.

Dated: April 19, 2011                    Respectfully submitted,
                                         TONY WEST
                                         Assistant Attorney General
                                         U.S. Department of Justice

                                         SARA MIRON BLOOM
                                         Assistant United States Attorney
                                         United States Courthouse
                                         Suite 9200, 1 Courthouse Way
                                         Boston, MA 02210
                                         (617)748-3265


                                           /s/
                                         PATRICK JASPERSE
                                         ADRIENNE FOWLER
                                         Trial Attorneys
                                         U.S. Department of Justice
                                         Office of Consumer Litigation
                                         P.O. Box 386
                                         Washington, DC 20044
                                         (202) 616-0509

## I. Preliminary Instructions

The United States respectfully requests that, at the opening of trial, the Court provide the

following standard instruction from Leonard B. Sand et al., Modern Federal Jury Instructions:

Criminal (2010) ("Sand"), without modification:[1]

| Proposed Instruction # | Sand Instruction | Instruction name |
|---|---|---|
| G-PR-4.4 | 1-5 | Anonymous Jury |

The United States also requests the following opening instruction, which does not come

directly from Sand. Text of the proposed instruction, along with the source of authority, follows:

| Proposed Instruction # | Instruction name |
|---|---|
| G-PR-7.1 | Preliminary Instruction – Professional Conduct |

---

[1] The parties have attempted to use a standard numbering system for jury instructions. Instructions labeled "PR" are preliminary instructions requested for the beginning of trial, while all other instructions are requested for the close of trial. Defense-proposed instructions are labeled "D," while government-proposed instructions are labeled "G."

Separately proposed instructions that include a decimal point are offered by only one party, and are intended to be read in sequential order. For example, instruction G-11.1 is proposed only by the government, and is intended to follow joint proposed instruction 11.

Separately proposed instructions without a decimal (e.g., G-4, D-4) indicate that the parties both request an instruction on a given topic but propose alternative versions.

**GOVERNMENT PROPOSED JURY INSTRUCTION No. G-PR-7.1**

(Preliminary Instruction – Professional Conduct)

The fact that a person violates the rules of Professional Conduct does not necessarily establish that they have committed a crime.  However, you may consider the requirements of the Rules of Professional Conduct that applied to the defendant in your consideration as to whether the defendant's conduct was lawful and good faith representation of a client. I hereby instruct you that the rules of Professional Conduct for attorneys that were applicable to the defendant at the time of the events in question provide, in relevant part, as follows:

A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value.  A lawyer shall not counsel or assist another person to do any such act; [or] (b) falsify evidence.

In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.

It is professional misconduct for a lawyer to:

(a)      violate or attempt to violate the Rule of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b)      commit a criminal act that reflects adversely on the lawyer's honesty,

2

trustworthiness or fitness as a lawyer in other respects;

(c)      engage in conduct involving dishonesty, fraud, deceit or misrepresentations; [or]

(d)      engage in conduct that is prejudicial to the administration of justice[.]

Second paragraph: Rule 1.2(d) of the North Carolina Rules of Professional Conduct (as in effect 2001-2003)

Third paragraph: Rule 3.4 of the North Carolina Rules of Professional Conduct (as in effect 2001-2003)

Fourth paragraph: Rule 4.1 of the North Carolina Rules of Professional Conduct (as in effect 2001-2003)

Fifth paragraph: Rule 8.4 of the North Carolina Rules of Professional Conduct (as in effect 2001-2003)

**II. Instructions at the Close of Trial**

The United States respectfully requests that, at the close of trial, the Court provide the

following Sand instructions, without modification, at the close of trial:

| Proposed Instruction # | Sand Instruction | Instruction name |
|---|---|---|
| G-4 | 2-15 | The Government as a Party |
| G-38.1 | 36-2 | Counts Three Through Six: Making False Statements: Purpose of the Statute |
| G-45.1 | 3A-2 | Conscious Avoidance: Deliberately Closing Eyes |
| G-47 | 8-4 | Reliance on Counsel |
| G-47.3 | 9-4 | Submitting the Indictment |

In addition, the United States respectfully requests the following instructions, which are

not taken directly from Sand, at the close of trial.  Text of the proposed instructions, along with

the source of authority and a redline version to the Sand instruction where appropriate, follows:

| Proposed Instruction # | Instruction Name |
|---|---|
| G-9.2 | Failure to Name a Defendant |
| G-11.1 | Specific Investigation Techniques Not Required (if applicable) |
| G-26.1 | Count One: Obstruction of a Proceeding: Purpose of the Statute |
| G-30 | Count One: Obstruction of a Proceeding: Third Element – An Official Proceeding |
| G-31.1 | Count Two: Falsification/Concealment of Documents: Purpose of the Statute |
| G-32.1 | Count Two: Falsification/Concealment of Documents: Document Destruction and Success of Obstructive Efforts Not Required |
| G-34 | Count Two: Falsification/Concealment of Documents: Second Element – Knowingly With Intent to Impede, Obstruct, or Influence |
| G-37 | Counts One and Two: Falsification/Concealment of Documents: Bona Fide Legal Representation Not Covered |
| G-42 | Counts Three Through Six: Making False Statements: Third Element – Trick, Scheme or Device or False, Fictitious or Fraudulent Statement |
| G-45 | Literal Truth Is Not Falsity |
| G-45.2 | Aiding and Abetting: The Indictment and Statute |
| G-45.3 | Aiding and Abetting: Elements |

| Proposed Instruction # | Instruction Name |
|---|---|
| G-46.1 | Professional Conduct |
| G-54.2 | Express Immunity of Government Witness |
| G-64 | Unanimity of Theory |

The United States is intentionally omitting an instruction numbered 53.

## **GOVERNMENT PROPOSED JURY INSTRUCTION No. G-9.2**

(Failure to Name a Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted in this case must play no part in your deliberations.  You may not consider it in any way in reaching your verdict as to the defendants on trial.

Sand 3-4 (modified to fit the facts of this case)

**Redline of the standard instruction:**

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment ~~or that certain persons were named as co-conspirators but not indicted~~.  The circumstances that these persons were not indicted <u>in this case</u> must play no part in your deliberations.

~~Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore,~~ ~~y~~<u>Y</u>ou may not consider it in any way in reaching your verdict as to the defendants on trial.

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-11.1

(Specific Investigation Techniques Not Required (if applicable))

During the trial you have heard argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty of a crime charged.  However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement *techniques* are not your concern.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.  On the other hand, the defendant is not required to call any witnesses or produce any documents in any case.  Your concern, as I have said, is to determine whether or not the government has proved the defendant's guilt beyond reasonable doubt.


First paragraph: Sand 4-4 (modified)

Second paragraph: *United States v. Hayes*, 477 F.2d 868 (10th Cir. 1973) (government entitled to instruction that it was not required to call a witness); *Shurman v. United States*, 233 F.2d 272, 275 (5th Cir. 1956) (government entitled to instruction that it was not required to call a witness where witness equally available to the defendant).

7

**Redline of the standard instruction:**

During the trial you have heard ~~testimony of witnesses and~~ argument by counsel that the government did not utilize specific investigative techniques. ~~(For example, no fingerprints were taken and no transmitting device was utilized during the defendant's alleged conversations with the agent.)~~ You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether ~~the~~a defendant is guilty of a crime charged. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. ~~(There is no requirement to attempt to take fingerprints, or that it offer fingerprints or tape recordings in evidence.)~~ Law enforcement *techniques* are not your concern.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.  On the other hand, the defendant is not required to call any witnesses or produce any documents in any case.  Your concern, as I have said, is to determine whether or not~~, on the~~ ~~evidence or lack of evidence,~~ government has proved the defendant~~"~~'s guilt ~~has been proved~~ beyond reasonable doubt.

## <u>GOVERNMENT PROPOSED JURY INSTRUCTION No. G-26.1</u>

(Count One: Obstruction of a Proceeding: Purpose of the Statute)

The law is designed to prevent any endeavor, whether successful or not, which is made for the purpose of corruptly influencing, obstructing or impeding an official proceeding, including any actual or contemplated agency proceeding.   It is aimed at a variety of means by which the orderly and due process of the administration of agency proceedings may be impeded, thwarted or corrupted.  The due administration of agency proceedings refers to the fair, impartial and uncorrupted and unimpeded investigation, prosecution, or disposition of any matter in any agency proceeding.  The sweep of the statute extends to any corrupt endeavor or effort to interfere with an actual or contemplated official proceeding.

Sand 46-2 and 46-8 (modified and combined); 18 U.S.C. § 1512(c)(2)

**Redline of the standard instructions:**

*Sand 46-8*

Thi~~s~~<u>e</u> law is designed to prevent any endeavor, whether successful or not, which is made for the purpose of corruptly influencing, obstructing or impeding an <u>official proceeding, including any actual or contemplated</u> agency proceeding.

~~The word "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions. It extends to and includes both investigative as well as administrative functions. (If applicable: It includes an audit by an agent of the Internal Revenue Service of a taxpayer's return.)~~

9

———   It is aimed at a variety of means by which the orderly and due process of the administration of agency proceedings may be impeded, thwarted or corrupted.  The due administration of agency proceedings refers to the fair, impartial and uncorrupted and unimpeded investigation, prosecution, or disposition of any matter in any agency proceeding.  The sweep of the statute extends to any corrupt endeavor or effort to ~~obstruct the due administration of the law under which a proceeding is being conducted.~~

———   ~~The key word in the statute is "endeavor." As used in the statute, "endeavor" means any effort or any act, however contrived, to obstruct or~~ interfere with ~~the proceeding. It is the endeavor which is the gist of the crime. Success of the endeavor is not an element of the crime.~~

———   ~~The word corruptly means having the improper motive or purpose of obstructing the proceeding.~~

an actual or contemplated official proceeding.


*Sand 46-2*

This~~e~~ law is designed to prevent ~~a miscarriage of justice resulting from corrupt methods.~~any endeavor, whether successful or not, which is made for the purpose of corruptly influencing, obstructing or impeding an official proceeding, including any actual or contemplated agency proceeding.   It is aimed at a variety of means by which the orderly and due process of the administration of ~~justice~~agency proceedings may be impeded, thwarted or corrupted.

———  The due administration of ~~justice~~agency proceedings refers to the fair, impartial~~,~~ and uncorrupted and unimpeded investigation, prosecution, ~~disposition or trial of any matter--civil or~~

10

~~criminal--in the courts of the United States. It includes every step in a matter or proceeding in the~~

~~federal courts to assure the just consideration and determination of the rights of parties, whether~~

~~government or individual.~~

~~Thus, due administration of justice includes but is not limited to a grand jury proceeding~~

~~or investigation ( or a federal, civil or criminal trial).~~

or disposition of any matter in any agency proceeding.  The sweep of the statute extends

to any corrupt endeavor or effort to interfere with ~~a (grand) juror's ( or federal judge, magistrate~~

~~or officer's) function in the discharge of his duties.~~

~~The key word in the statute is "endeavor." As used in this statute, "endeavor" means any~~

~~effort or any act, however contrived, to obstruct, impede or interfere with the grand jury ( or~~

~~trial) proceeding. It is the endeavor which is the gist of the crime.~~

~~Success of the endeavor is not an element of the crime. Any effort, whether successful or~~

~~not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is~~

~~condemned.~~

~~The word "corruptly" as used in the statute means simply having the improper motive or~~

~~purpose of obstructing justice.~~

an actual or contemplated official proceeding.

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-30

(Count One: Obstruction of a Proceeding: Third Element – An Official Proceeding)

The third element the government must prove beyond a reasonable doubt for Count One is that the defendant's actions were directed toward an official proceeding.

The term "official proceeding" includes a proceeding before a federal government agency, such as the United States Department of Health and Human Services (of which the Food and Drug Administration is a part) or the Department of Justice, that is authorized by law.  The proceeding need not be pending or about to be instituted at the time of the charged offense, but the proceeding must have been foreseeable to the defendant.

The term "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions.  It extends to and includes both investigative as well as administrative functions.


18 U.S.C. § 1512(c) and (f); § 1515(a)(1)(C); *United States v. Aguilar*, 515 U.S. 593, 598-600 (1995) (for nexus requirement, i.e., foreseeability); *United States v. Reich*, 479 F.3d 179, 185-86 (2d Cir. 2007) (Sotomayor, J.)  (for nexus requirement, i.e., foreseeability); Sand 46-8 (definition of proceeding).

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-31.1

(Count Two: Falsification/Concealment of Documents: Purpose of the Statute)

The law is designed to prevent and deter any attempt to alter, falsify, conceal or cover up records, documents or tangible objects for the purpose of influencing, obstructing or impeding the investigation or proper administration of any matter by any agency of the United States.   The proper administration of a matter refers to the fair, impartial, uncorrupted and unimpeded investigation, handling or disposition of any matter before a federal agency.

Sand 46-2 and 46-8  (modified and combined)

**Redline of the standard instructions:**

*Sand 46-2*

This~~e~~ law is designed to prevent ~~a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the~~and deter any attempt to alter, falsify, conceal or cover up records, documents or tangible objects for the purpose of influencing, obstructing or impeding the investigation or proper administration of ~~justice may be impeded, thwarted or corrupted~~any matter by any agency of the United States.

~~——~~ The ~~due~~proper administration of ~~justice~~a matter refers to the fair, impartial, uncorrupted and unimpeded investigation, ~~prosecution,~~handling or disposition ~~or trial~~ of any ~~matter--civil or criminal--in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.~~

~~Thus, due administration of justice includes but is not limited to a grand jury proceeding or investigation ( or a federal, civil or criminal trial).~~

~~The sweep of the statute extends to any corrupt endeavor or effort to interfere with a (grand) juror's ( or federal judge, magistrate or officer's) function in the discharge of his duties.~~

~~The key word in the statute is "endeavor." As used in this statute, "endeavor" means any effort or any act, however contrived, to obstruct, impede or interfere with the grand jury ( or trial) proceeding. It is the endeavor which is the gist of the crime.~~

~~Success of the endeavor is not an element of the crime. Any effort, whether successful or not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is condemned.~~

~~The word "corruptly" as used in the statute means simply having the improper motive or purpose of obstructing justice.~~

<u>matter before a federal agency.</u>

*Sand 46-8*

This~~e~~ law is designed to prevent ~~any endeavor, whether successful or not, which is made~~<u>and deter any attempt to alter, falsify, conceal or cover up records, documents or tangible objects</u> for the purpose of ~~corruptly~~ influencing, obstructing or impeding ~~an agency proceeding.~~

~~The word "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions. It extends to and includes both investigative as well as administrative functions. (If applicable: It includes an audit by an agent of the Internal Revenue Service of a taxpayer's return.)~~

14

~~The sweep of the statute extends to any corrupt endeavor or effort to obstruct the due~~the investigation or proper administration of ~~the law under which a proceeding is being conducted.~~

~~The key word in the statute is "endeavor." As used in the statute, "endeavor" means any effort or any act, however contrived, to obstruct or interfere with the proceeding. It is the endeavor which is the gist of the crime. Success of the endeavor is not an element of the crime.~~

~~The word corruptly means having the improper motive or purpose of obstructing the proceeding.~~ any matter by any agency of the United States.   The proper administration of a matter refers to the fair, impartial, uncorrupted and unimpeded investigation, handling or disposition of any matter before a federal agency.

### **GOVERNMENT PROPOSED JURY INSTRUCTION No. G-32.1**

(Count Two: Falsification/Concealment of Documents: Document Destruction and Success of

Obstructive Efforts Not Required)

In order to prove a violation of 18 U.S.C. § 1519, the government does not need to prove

that the defendant destroyed any evidence or altered a document that already existed.

Likewise, the success of the effort to impede, obstruct or influence is not an element of

the crime.  It is sufficient if you find the other elements met that the defendant acted with the

intent to impede, obstruct or influence.


Paragraph 1:   *See* 3/23/11 Mem. Op. at 9-10 (ECF No. 132) ("No federal court has endorsed

Stevens' argument that a document must be pre-existing to be subject to § 1519's

proscriptions."); *United States v. Hunt*, 526 F.3d 739, 744 (11th Cir. 2008) ("[Section 1519] is

not solely concerned with destruction or tampering.  While [the defendant] created the document

in which he made the false statement, such an act clearly is covered by the language of the

statute.  Nothing suggests the document mentioned in § 1519 must be already existing at the time

the false entry was made.").


Paragraph 2: 18 U.S.C. § 1519 (requiring only "*the intent* to impede, obstruct, or influence the

investigation or proper administration of any matter"); *cf.* Sand 46-4 ("Success of the endeavor is

not an element of the crime [of violating 18 U.S.C. § 1503]. Any effort, whether successful or

not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is

condemned.").

16

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-34

(Count Two: Falsification/Concealment of Documents: Second Element – Knowingly With

Intent to Impede, Obstruct, or Influence)

The second element which the government must prove beyond a reasonable doubt for

Count Two is that the defendant acted knowingly, with intent to alter, impede, obstruct, or

influence an investigation or matter.

An act is done knowingly if it is done voluntarily and purposely, as opposed to

mistakenly or accidentally.  To act "knowingly, with intent to impede, obstruct, or influence"

requires the improper purpose of wrongfully impeding, obstructing, or influencing the

investigation or matter.

However, the government does not need to prove that the defendant was aware of an

investigation or administration of a matter that was actually ongoing.  The government only

needs to prove that a government investigation or administration of a matter was foreseeable to

the defendant, and that she acted with the intent to impede, obstruct or influence a possible

investigation or proper administration of a matter or in relation to or in contemplation of any

such matter.


Sand 36-7 (modified)


Second paragraph: 3/23/11 Mem. Op. at 5-6 (ECF No. 132) ("[T]he mens rea is 'knowingly . . .

with intent to impede, obstruct or influence,' a mens rea clearly requiring consciousness of

wrongdoing.")

Third paragraph: *United States v. Jho*, 465 F. Supp. 2d 618, 635 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008) (knowledge of an ongoing investigation not required); *United States v. Ionia Management*, 526 F. Supp. 2d 319, 329 (D. Conn. 2007) (same).


**Redline to standard instruction:**

The ~~fourth~~second element which the government must prove beyond a reasonable doubt for Count Two is that the defendant acted knowingly ~~and willfully.~~, with intent to alter, impede, obstruct, or influence an investigation or matter.

An act is done knowingly if it is done ~~purposely and~~ voluntarily and purposely, as opposed to mistakenly or accidentally.

~~An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law ( if concealment is charged add: with specific intent to fail to do something the law requires to be done.)~~

To act "knowingly, with intent to impede, obstruct, or influence" requires the improper purpose of wrongfully impeding, obstructing, or influencing the investigation or matter.

However, the government does not need to prove that the defendant was aware of an investigation or administration of a matter that was actually ongoing.  The government only needs to prove that a government investigation or administration of a matter was foreseeable to the defendant, and that she acted with the intent to impede, obstruct or influence a possible investigation or proper administration of a matter or in relation to or in contemplation of any such matter.

## <u>GOVERNMENT PROPOSED JURY INSTRUCTION No. G-37</u>

(Counts One and Two: Falsification/Concealment of Documents: Bona Fide Legal

Representation Not Covered)

The defendant in this case has introduced evidence that at the time of the conduct alleged

in the indictment, she was a licensed practicing attorney and that her alleged conduct constituted

lawful and good faith legal representation of a client in connection with or in anticipation of an

official proceeding.

I instruct you that it is a defense to Counts One and Two that the defendant's acts

constituted lawful and good faith legal representation of a client. The burden is on the

government to prove beyond a reasonable doubt that the defendant was *not* engaged in lawful

and good faith legal representation of a client in connection with or in anticipation of an official

proceeding.

18 U.S.C. § 1515(c); Sand 46-32.2

**Redline of the standard instruction:**

The defendant in this case has introduced evidence that at the time of the conduct alleged

in the indictment, ~~he~~she was a licensed practicing attorney and that ~~his~~her alleged conduct

constituted lawful and ~~legitimate~~good faith legal representation of a client in connection with or

in anticipation of an official proceeding.

I instruct you that it is a defense to ~~the charges in the indictment~~Counts One and Two that

the defendant'~~'~~s acts constituted lawful and ~~legitimate~~good faith legal representation of a client.

19

The burden is on the government to prove beyond a reasonable doubt that the defendant was *not* engaged in lawful and ~~legitimate~~good faith legal representation of a client in connection with or in anticipation of an official proceeding.

**GOVERNMENT PROPOSED JURY INSTRUCTION No. G-42**

(Counts Three Through Six: Making False Statements: Third Element – Trick, Scheme or

Device or False, Fictitious or Fraudulent Statement)

The third element the government must prove beyond a reasonable doubt for Counts

Three through Six is that:

(1)  the defendant falsified, concealed or covered up the fact by trick, scheme or device;

or

(2)  the statement or representation made by the defendant was false, fictitious or

fraudulent.

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive

act or strategy calculated to deceive other persons.

A statement or representation is "false" or "fictitious" if it was untrue when made, and

known at the time to be untrue by the person making it or causing it to be made.  A statement or

representation is "fraudulent" if it was untrue when made and was made or caused to be made

with the intent to deceive the government agency to which it was submitted.  Deceitful

statements of half truths or the concealment of material facts, and the expression of an opinion

not honestly entertained may also constitute fraudulent statements under the statute.

The statements that the government contends were false, fictitious or fraudulent for each

of Counts Three to Six were included in the portions of the Indictment that I read to you earlier.[2]

---

[2] The government has no objection to re-reading each false statement as a part of this instruction, but suggests this format for the sake of brevity – especially in light of the parties' request that the Court read Counts Three through Six as a part of Joint Proposed Instruction 38, and the government's request that the jury be allowed to have a copy of the Indictment.  The government objects to summarization of the false statements.

In Count Three, the government contends that the trick, scheme or device employed by the defendant was **[insert description]**.

In Count Four, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

In Count Five, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

In Count Six, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.[3]

For each count, it is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up a material fact by trick, scheme or device, or that the defendant's statement was false, fictitious or fraudulent.


Sand 36-6 and 36-12 (as modified)


**Redline to the standard instructions:**

*Sand 36-6*

The third element the government must prove beyond a reasonable doubt for Counts Three through Six is that:

(1)  the defendant falsified ( or, concealed or covered up) the fact by trick, scheme or device; or

---

[3] The government intends to propose specific paraphrasing language at the close of trial.

(2)  the statement or representation made by the defendant was false, fictitious or fraudulent. This language is almost self explanatory.

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive other persons.

( If applicable: The A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted. Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The statements that the government contends were false, fictitious or fraudulent for each of Counts Three to Six were included in the portions of the Indictment that I read to you earlier.

In Count Three, the government contends that the trick, scheme or device employed by the defendant was **[insert description]**.

In Count Four, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.)

Whether defendant's behavior amounted to a In Count Five, the government contends that the so called trick, scheme or device is a question for you, as finders of the facts to decide. It employed by the defendant was **[insert description]**.

In Count Six, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

For each count, it is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified ( or, concealed or covered up) a material fact by trick, scheme or device, or that the defendant's statement was false, fictitious or fraudulent.

*Sand 36-12*

The third element that the government must prove beyond a reasonable doubt for Counts Three through Six is that:

(1)  the defendant falsified, concealed or covered up the fact by trick, scheme or device; or

(2)  the statement or representation made by the defendant was false, fictitious or fraudulent.

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive other persons.

A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

If applicable: If [  Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The statements that the government contends were false, fictitious or fraudulent for each of Counts Three to Six were included in the portions of the Indictment that I read to you earlier.

In Count Three, the government contends that the trick, scheme or device employed by the defendant was **[insert description]**.

In Count Four, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

In Count Five, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

In Count Six, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**.

For each count, it is the government's ~~question] was ambiguous, so that it reasonably could be interpreted in several ways, then the government must prove that defendant's answer was false under any reasonable interpretation of the question.)~~ burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up a material fact by trick, scheme or device, or that the defendant's statement was false, fictitious or fraudulent.

## <u>GOVERNMENT PROPOSED JURY INSTRUCTION No. G-45</u>

(Counts Three through Six: Literal Truth Is Not Falsity)

In deciding whether a statement or representation made by the defendant was false, the statements must be given their natural meaning in the context in which the words were used. As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, it is not false.

As I explained before, however, the third element of Counts Three through Six can be met by determining that a statement or representation made by the defendant was false, fictitious, or fraudulent or that the defendant falsified, concealed or covered up a fact by a scheme, trick or device. If you determine that the statements alleged in a particular count were not false, you may still find the third element met if you determine that the defendant made a fraudulent statement or that the defendant concealed or covered up a fact by scheme, trick or device.

Sand 48-8 (modified for § 1001(a)(1) and (2)); *see also* Sand 44-4 (defining false or fraudulent statement).

**Redline to standard instruction:**

In deciding whether a statement or representation made by the ~~defendant's answers are~~defendant was false, the ~~answers~~statements must be given their natural meaning in the context in which the words were used. ~~If you find that an answer given by the defendant was literally true, then this element is not satisfied and you must find the defendant not guilty on this charge.~~ As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true,

~~there can be no conviction for perjury, even if you find that the answer was unresponsive to the question asked or intentionally misleading.~~

it is not false.

As I explained before, however, the third element of Counts Three through Six can be met by determining that a statement or representation made by the defendant was false, fictitious, or fraudulent or that the defendant falsified, concealed or covered up a fact by a scheme, trick or device.  If you determine that the statements alleged in a particular count were not false, you may still find the third element met if you determine that the defendant made a fraudulent statement or that the defendant concealed or covered up a fact by scheme, trick or device.

## <u>GOVERNMENT PROPOSED JURY INSTRUCTION No. G-45.2</u>

(Aiding and Abetting: The Indictment and Statute)

Each count of the indictment charges the defendant with aiding and abetting in the offense charged.  The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."


Sand 11-1 (modified to omit re-reading the indictment)


**Redline of the standard instruction:**

~~T~~<u>Each count of </u>the indictment charges the defendant with aiding and abetting ~~[describe principal offense]. The indictment reads as follows:~~

~~[Read Indictment]~~

——— <u>in the offense charged.</u>  The aiding and abetting statute, section 2(a) of Title 18 of the United States Code<u>,</u> provides that: <u>"</u>Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.<u>"</u>

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-45.3

(Aiding and Abetting: Elements)

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant herself physically committed the crime with which she is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.

Accordingly, you may find a defendant guilty of any of the offenses charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate herself in some way with the crime, and that she participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated herself with the crime, the government must establish:

(1) For Count One, that the defendant had the purpose of corruptly influencing, obstructing or impeding an official proceeding;

29

(2) For Count Two, that the defendant knew that a record, document or tangible object was being altered, concealed, covered up or falsified, and acted with the improper purpose of impeding, obstructing, or influencing the investigation or proper administration of a matter;

(3) For Counts Three to Six, that the defendant knew that a false statement was being made, and acted willfully.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of each count, ask yourself these questions:

Did she participate in the crime charged as something she wished to bring about?

Did she knowingly associate himself with the criminal venture?

Did she seek by her actions to make the criminal venture succeed?

If she did, then the defendant is an aider and abettor, and therefore guilty of that count. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find her not guilty of aiding and abetting on that count.

Sand 11-2 (modified to include the relevant mens rea requirement for each count)

**Redline of the standard instruction:**

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant ~~him~~<u>her</u>self physically committed the crime with which ~~he~~<u>she</u> is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if ~~he~~<u>she</u> committed it ~~him~~<u>her</u>self.

Accordingly, you may find a defendant guilty of <u>any of</u> the offense<u>s</u> charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate ~~him~~<u>her</u>self in some way with the crime, and that ~~he~~<u>she</u> participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himerself with the crime, the government must establish:

(1) For Count One, that the defendant [describe mental state required for principal offense, e.g., knew that drugs were being imported into the United States; intended that [the victim] be murdered, etc. ]had the purpose of corruptly influencing, obstructing or impeding an official proceeding;

(2) For Count Two, that the defendant knew that a record, document or tangible object was being altered, concealed covered up, or falsified, and acted with the improper purpose of impeding, obstructing, or influencing the investigation or proper administration of a matter;

(3) For Counts Three to Six, that the defendant knew that a false statement was being made, and acted willfully.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

32

To determine whether a defendant aided or abetted the commission of ~~the crime with which he is charged~~ each count, ask yourself these questions:

Did ~~he~~ she participate in the crime charged as something ~~he~~ she wished to bring about?

Did ~~he~~ she knowingly associate himself with the criminal venture?

Did ~~he~~ she seek by ~~his~~ her actions to make the criminal venture succeed?

If ~~he~~ she did, then the defendant is an aider and abettor, and therefore guilty of ~~the offense~~ that count. If, on the other hand, your answer to any one of these questions is "no", then the defendant is not an aider and abettor, and you must find ~~him~~ er not guilty of aiding and abetting on that count.

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-46.1

(Professional Conduct)

The fact that a person violates the rules of Professional Conduct does not necessarily establish that they have committed a crime.  However, you may consider the requirements of the Rules of Professional Conduct that applied to the defendant in your consideration as to whether the defendant's conduct was lawful and good faith representation of a client. I hereby instruct you that the rules of Professional Conduct for attorneys that were applicable to the defendant at the time of the events in question provide, in relevant part, as follows:

A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value.  A lawyer shall not counsel or assist another person to do any such act; [or] (b) falsify evidence.

In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.

It is professional misconduct for a lawyer to:

(a)        violate or attempt to violate the Rule of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

34

(b)      commit a criminal act that reflects adversely on the lawyer's honesty,

trustworthiness or fitness as a lawyer in other respects;

(c)      engage in conduct involving dishonesty, fraud, deceit or misrepresentations; [or]

(d)      engage in conduct that is prejudicial to the administration of justice[.]

Second paragraph: Rule 1.2(d) of the North Carolina Rules of Professional Conduct (as in effect

2001-2003)

Third paragraph: Rule 3.4 of the North Carolina Rules of Professional Conduct (as in effect

2001-2003)

Fourth paragraph: Rule 4.1 of the North Carolina Rules of Professional Conduct (as in effect

2001-2003)

Fifth paragraph: Rule 8.4 of the North Carolina Rules of Professional Conduct (as in effect

2001-2003)

## **GOVERNMENT PROPOSED JURY INSTRUCTION No. G-54.2**

(Express Immunity of Government Witness)

You have heard the testimony of a witness who has testified under a grant of immunity from this court or signed a letter agreement with certain portions of the government, granting him or her immunity.  What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court or the immunity letter.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.


Sand 7-8 (revised to cover letter immunity)

**Redline to the standard instruction:**

You have heard the testimony of a witness who has testified under a grant of immunity from this court or signed a letter agreement with certain portions of the government, granting him or her immunity. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court or the immunity letter.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

### <u>GOVERNMENT PROPOSED JURY INSTRUCTION No. G-64</u>

(Unanimity of Theory)

Your verdict must also be unanimous in another sense with respect to Counts Three and Five of the indictment.  Those two counts charge the defendant with making more than one false statement, or concealing or covering up more than one material fact.

The government is not required to prove that all of the statements that are alleged in these two counts were false, or that all of the material facts alleged in these counts, respectively, were concealed or covered up.  To convict on any one of these counts, however, each juror must agree with each of the other jurors that, within each count, the same statement alleged to be false was in fact false; or the same material fact alleged to be concealed or covered up was concealed or covered up.  The jury need not unanimously agree on all of the facts or statements alleged in each count, but, in order to convict, all of the jurors must unanimously agree upon at least one such false statement, or concealed material fact, in each count.


1A Kevin O'Malley et al., Federal Jury Practice and Instructions (Criminal) § 13.07 (modified for multiple counts and to apply to 18 U.S.C. §§ 1001(a)(1) and (2)); Sand 9-7A (modified for multiple counts and to apply to §§ 1001(a)(1) and (2)).


**Redline to the standard instructions:**

*O'Malley § 13.07*

~~[Count of] [T]he indictment charges the Defendant[s] with a violation of federal law concerning . The indictment alleges a number of separate means or methods by which the defendant[s] is [are] accused of violating this law.~~

Your verdict must also be unanimous in another sense with respect to Counts Three and Five of the indictment.  Those two counts charge the defendant with making more than one false statement, or concealing or covering up more than one material fact.

The government is not required to prove that all of the statements that are alleged in these two counts were false, or that ~~all of the~~ ~~means or methods alleged in [Count of] the indictment.~~

~~Each~~ material facts alleged in these counts, respectively, were concealed or covered up. To convict on any one of these counts, however, each ~~juror must agree with each of the other jurors~~, ~~however, that the same means or method[s] alleged in [Count of] the indictment was, in fact, engaged in or employed by the Defendant[s] in committing the crime charged in [Count of] the indictment.~~ that, within each count, the same statement alleged to be false was in fact false; or the same material fact alleged to be concealed or covered up was concealed or covered up.

The jury need not unanimously agree on all of the facts or statements alleged in each ~~means or method~~ count, but, in order to convict, all of the jurors must unanimously agree upon at least one such ~~means or method as one engaged in by the Defendant[s] .~~

~~Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the Defendant of the crime charged in [Count of] the indictment.~~ false statement, or concealed material fact, in each count.

*Sand 9-7A*

Your verdict must also be unanimous in another sense~~.~~

~~Count~~ of with respect to Counts Three and Five of the indictment ~~charges that~~. Those two counts charge the defendant ~~committed the crime of conspiracy in either one of two ways. The first is that he_____. The second is that he_____.~~

~~If the government fails~~ with making more than one false statement, or concealing or covering up more than one material fact.

The government is not required to prove that ~~at least one of the two objectives was an objective of the conspiracy in which the defendant participated then you must find the defendant not guilty on the conspiracy count. On the other hand, the government need not prove both of those were objectives of the conspiracy for you to find the defendant guilty of the conspiracy count. It is sufficient if you find beyond a reasonable doubt that the defendant committed one or the other in order to convict the defendant on the conspiracy count.~~

~~However~~ all of the statements that are alleged in these two counts were false, or that all of the material facts alleged in these counts, respectively, were concealed or covered up. To convict on any one of these counts, however, each juror must agree with each of the other jurors that, within each count, the same statement alleged to be false was in fact false; or the same material fact alleged to be concealed or covered up was concealed or covered up. The jury need not unanimously agree on all of the facts or statements alleged in each count, but, in order to convict ~~the defendant on this count, all twelve of you must agree on the specific object the defendant agreed to try to accomplish. All of you must agree that the defendant_____. Or, all of you must agree that the defendant_____.~~

40

, all of the jurors must unanimously agree upon at least one such false statement, or concealed material fact, in each count.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2011, a copy of the foregoing THE UNITED STATES'

ADDITIONAL PROPOSED JURY INSTRUCTIONS was electronically filed with the Court

and served on defense counsel listed below via ECF:


Reid H. Weingarten
William T. Hassler
Robert Ayers
Michelle L. Levin
Steptoe and Johnson LLP
Rweingarten@steptoe.com
whassler@steptoe.com
rayers@steptoe.com
millevin@steptoe.com

Brien T. O'Connor
Colleen A. Conry
Samantha Barrett Badlam
Ropes and Gray LLP
Brien.O'Connor@ropesgray.com
Colleen.Conry@ropesgray.com
samantha.badlam@ropesgray.com


   /s/          
ADRIENNE FOWLER
Trial Attorney
U.S. Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, DC 20044
(202) 514-9471