**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 10-cr-694-RWT** |
| | ) | |
| **LAUREN STEVENS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANTS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, Defendant Lauren Stevens, through counsel, respectfully submits the attached proposed jury instructions.

The government has submitted today, April 19, 2011, a package of joint proposed jury instructions on which the parties agree. Defendant respectfully submits these proposed instructions in addition to those jointly agreed by the parties. Defendant respectfully reserves the opportunity to submit additional or modified instructions if necessary.

Defendant respectfully objects to the additional proposed instructions submitted by the government as to which the parties have not jointly agreed. (These proposals by the government are indicated by numbers designated "G-__" in the government's submission.) Defendant will submit specific objections after reviewing the government's final additional proposed instructions.

Respectfully submitted,


Dated:  April 19, 2011                    By: /s/ _____
                                          Reid H. Weingarten
                                          William T. Hassler
                                          Steptoe & Johnson LLP
                                          1330 Connecticut Avenue, NW
                                          Washington, DC 20036-1795
                                          (202) 429-3000

                                          Brien T. O'Connor
                                          Ropes & Gray LLP
                                          Prudential Tower, 800 Boylston Street
                                          Boston, MA 02199-3600
                                          (617) 951-7000

                                          Colleen A. Conry
                                          Ropes & Gray LLP
                                          One Metro Center
                                          700 12th Street, NW, Suite 900
                                          Washington, DC 20005-3948
                                          (202) 508-4600

                                          *Counsel for Defendant Lauren Stevens*

## I.     Defense-Proposed Unmodified Sand Instructions

In addition to the instructions jointly agreed by the parties, Defendant proposes the following additional model instructions, without modification, from L. Sand *et al.*, *Modern Federal Jury Instructions—Criminal* (2010):

| Prop. Instr. | Sand Instr. | Instruction Name | Comments in Support |
|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF TRIAL:** | | | |
| D-PR-4.2 | 3-1 | Preliminary Instruction — Indictment is Not Evidence | |
| D-PR-4.3 | 4-1 | Preliminary Instruction — Presumption of Innocence and the Government's Burden of Proof | Although the concepts of burden of proof and reasonable doubt are covered in summary fashion in Sand Instr. 1-2 (Instructions at Beginning of Trial, ninth paragraph), Ms. Stevens respectfully submits that these concepts are critical to a fair trial and should be explained in more detail than the two sentences contained in the introductory instruction.  *See, e.g.,* Comment to Third Circuit Model Jury Instruction (Criminal) 1.13 ("It is imperative that the trial judge accurately define the government's burden of proof" as well as the requirement of "'beyond a reasonable doubt.'"). |

| Prop. Instr. | Sand Instr. | Instruction Name | Comments in Support |
|---|---|---|---|
| **INSTRUCTIONS AT CLOSE OF TRIAL—** **Before the substantive charges, and elements of the offenses:** | | | |
| D-10.1 | 4-2 | Reasonable Doubt | Despite the Fourth Circuit's general admonition against defining reasonable doubt, *see* Sand Instr. 4-2 Comment, at 4-11 (citing *United States v. Moss*, 756 F.2d 329, 333 (4th Cir. 1985)), Defendant respectfully submits that failure to define the term infringes her right to a verdict beyond a reasonable doubt, *see Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993); *Cage v. Louisiana*, 498 U.S. 39 (1990) (per curiam), and that the Fourth Circuit's cases disapproving defining the term predate the Supreme Court's decisions in *Sullivan* and *Cage*, and are otherwise distinguishable. Indeed, the authors of the Sand Treatise note that despite the position of the Fourth and Seventh Circuits, the better practice, followed by the majority of Circuits and the Federal Judicial Center, is to clarify for the jury the meaning of the term and the government's burden.  Sand Instr. 4-2, Comment, at 4-11 (rev. June 2007). |
| D-45.4 | 3-11 | Venue | |
| **After the substantive charges and elements of the offenses:** | | | |
| D-53 | 7-2 | Bias and Hostility (if applicable) | |
| D-54.1 | 7-9 | Informal Immunity of Government Witness (if applicable) | As indicated in the Comment to Sand Instr. 7-9, this instruction is appropriate where witnesses have been granted "letter agreement" immunity by the government. |
| D-58.1 | Sand 6-5 | Missing Witness Not Equally Available to Defendant (if applicable) | |

II.     **Defense-Proposed Modified Instructions**

The Defense further requests the following proposed instructions, which are modified from the Sand models or the government's proposed instructions. The text of the Defendant's proposed language is attached, along with a redline version to a Sand instruction or to the Government's proposed instruction as appropriate:

| Def. Prop. Instr. | In place of Gov. Prop. Instr: | Source To Be Modified | Instruction Name | Proposed Change/Comments |
|---|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS AT BEGINNING OF TRIAL:** | | | | |
| PR-4.1 | | Sand 2-5 | Preliminary Instruction — The Government as a Party | Defendant objects to the second paragraph of the Sand instruction as unduly suggestive in favor of the prosecution and as unnecessary in light of the remainder of the instruction. The last paragraph of Defendant's proposed instruction is taken unmodified from the Comment to Sand Instr. 2-5. |
| **INSTRUCTIONS AT CLOSE OF TRIAL:** | | | | |
| D-4 | G-4 | Sand 2-5 | The Government as a Party (duplicate of PR-5—see Redline of PR-5 *infra*) | As in the preliminary instruction, we propose deleting the 2nd paragraph of Sand, and adding the last paragraph from the Sand comment. |
| D-30 | G-30 | Sand 46-10; 18 U.S.C. § 1515(a) (1)(C) | Count One: Obstruction of a Proceeding Third Element—An Official Proceeding | |

| Def. Prop. Instr. | In place of Gov. Prop. Instr: | Source To Be Modified | Instruction Name | Proposed Change/Comments |
|---|---|---|---|---|
| D-30.1 | G-30.1 | Sand 46-32.2 | Count One: Obstruction of a Proceeding Bona Fide Legal Representation Not Covered | 1.  In addition to Sand 46-32.2, Defendant takes language for this instruction from *United States v. Mintmire*, 507 F.3d 1273 (11th Cir. 2007), decided after the current Sand model instruction was drafted in the 2005 revision.<br><br>2.  Defendant proposes including this instruction in full form following the substantive instructions for Count One, and then referring back to it following the substantive instructions for Count Two.  (Otherwise as the jury works sequentially through the instructions they may miss this instruction's applicability to Count One.) |
| D-32 | G-32 | Sand 3-10; 18 U.S.C. § 1519 | Count Two: Falsification/Concealment of Documents Elements of the Offense | NOTE: Through an inadvertent miscommunication between the parties, this instruction is listed as jointly agreed between the parties.  In fact, the Defendant submits D-32 in place of the government's proposed G-32. The difference between the two proposed instructions is in the second element, the mens rea for the offense. For the mens rea, which was disputed between the parties in pretrial motions, Defendant relies on this Court's March 23, 2011 Memorandum Opinion at 5 (ECF No. 132), which resolved those pretrial motions. |
| D-34 | G-34 | Sand 36-7 | Count Two: Falsification/Concealment of Documents: Second Element: Knowingly and With Intent to Impede, | |

| Def. Prop. Instr. | In place of Gov. Prop. Instr: | Source To Be Modified | Instruction Name | Proposed Change/Comments |
|---|---|---|---|---|
| | | | Obstruct or Influence | |
| D-37 | G-37 | Sand 46-32.2 | Count Two: Falsification/Concealment of Documents: Bona Fide Legal Representation Not Covered | This is a short form of D-30.1, *supra*. |
| D-42 | G-42 | Sand 36-6 and 36-12 | Counts Three Through Six: Making False Statements: Third Element—Trick, Scheme or Device or False, Fictitious or Fraudulent Statement | |
| D-45 | G-45 | Sand 48-8 | Literal Truth Is Not Falsity | |
| D-47 | G-47 | Sand 8-4 | Reliance on Counsel | |
| D-47.1 | | | Off-Label Uses of Prescription Drugs | |
| D-47.2 | | | Theory of Defense | To be supplied at close of evidence |
| D-57.1 | | FRE 806 | Witness Credibility – Hearsay Testimony (if applicable) | |
| D-59.1 | | | Markings on Exhibits | |
| D-64 | G-64 | Sand 9-7A; O'Malley § 40.15 | Unanimity as to False Statements, Falsified Documents, or Concealed Facts | |

### III.     Conditional Proposed Instructions

Defendant respectfully submits the following conditional proposed instructions.  Defendant objects to any instruction being given on these proposed subjects, but conditionally offers these proposed alternative instructions in the event that instruction is given on these subjects.

| Def. Prop. Instr. | Gov. Prop. Instr. | Source Modified | Instruction Name | Objection/Comments |
|---|---|---|---|---|
| D-26.1 | G-26.1 | Sand 46-2 and 46-8 | Obstruction of a Proceeding: Purpose of the Statute | Defendant objects to any instructions on the purpose of the statutes defining the various offenses.<br><br>The purpose of the statute is not relevant to determination of whether the elements of the offense have been proven beyond a reasonable doubt, and articulation of statutory purpose is slanted in favor of law enforcement.  If the jury is to be instructed on the purpose of each criminal prohibition, it should equally be instructed on the purpose of the requirement that proof of guilt be beyond a reasonable doubt ("It is better that ten guilty persons escape, than that one innocent suffer."  4 Wm. Blackstone, *Commentaries on the Laws of England*, \*352.), the purpose of the obstruction statutes' state of mind requirements, and the purpose of the bona fide legal representation defense.<br><br>In the event that an instruction on the purpose of the obstruction statutes is given, Defendant conditionally proposes Req. No. D-26.1 for inclusion regarding the purpose of the obstruction statutes charged in Counts One and Two. |
| D-31.1 | G-31.1 | Sand 46-2 and 46-8 | Falsification/ Concealment of Documents: Purpose of the Statute | Defendant objects to any instruction on purpose of the statute.  *See* Objection to Gov. Prop. Instr. G-26.1, *supra*.<br><br>If a statutory purpose instruction is given, Defendant conditionally proposes Req. No. D-31.1 |

| Def. Prop. Instr. | Gov. Prop. Instr. | Source Modified | Instruction Name | Objection/Comments |
|---|---|---|---|---|
| D-45.1 | G-45.1 | Sand 3A-2 | Conscious Avoidance: Deliberate Closing Eyes | Defendant objects to this instruction unless a factual predicate for it is proved.<br><br>If the instruction is given, Defendant proposes the modifications contained in Prop. Instr. D-45.1. |
| D-45.3 | G-45.3 | Sand 11-1 | Aiding and Abetting | Defendant objects to any aiding and abetting instruction, for lack of a factual predicate.  We are not aware of any other person whom the government will prove committed offenses as a principal, whom Ms. Stevens is alleged to have aided and abetted.<br><br>If an aiding and abetting instruction is given, Defendant has no objection to the text of Prop. Instr. G-45.2 (Aiding and Abetting: the Statute). Defendant objects, however, to the language of Prop. Instr. G-45.3, and in its place offers Prop. Instr. D-45.3, *infra*. |

**REQUEST NO. D-PR-4.1**
**[Also Request No. D-4]**

**[Preliminary Instruction –]The Government as a Party**

You are to perform the duty of finding the facts without bias or prejudice as to any party.
You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

**Authority:**     Adapted from Sand 2-5 and Comment.  The second paragraph of the Sand model has been deleted because it is unduly suggestive in favor of the prosecution and is unnecessary in light of the remainder of the instruction.  The last paragraph is taken without modification from the Comment to Sand 2-5.  *See also Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. . . .  'The United States wins its point whenever justice is done its citizens in the courts.'").

**Redline of Sand 2-5:**

You are to perform the duty of finding the facts without bias or prejudice as to any party.
You are to perform your final duty in an attitude of complete fairness and impartiality.

~~The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with a serious crime.~~

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.**

**REQUESTS NO. D-26.1 AND D-31.1**

**Count One: Obstruction of a Proceeding**
**Purpose of the Statute**

**Count Two:  Falsification/Concealment of Documents**
**Purpose of the Statute**

**[Defendant objects to any instructions on the purposes of the
statutes charged.  This instruction is offered only on a condi-
tional basis.  If instructions on statutory purpose are included,
this instruction should be included with regard to the purpose
of the obstruction statutes charged in Counts One (G-26.1) and
Two (G-31.1).]**

The law is not designed to reach all acts by which a person withholds a document from a

government investigation or all acts that might impede a government proceeding.  Rather, the

law is addressed to those who, with consciousness of their wrongdoing, take actions with the evil

intent of corruptly influencing, obstructing or impeding an agency proceeding.  The due admini-

stration of agency proceedings refers to the fair, impartial and uncorrupted and unimpeded inves-

tigation, prosecution, or disposition of any matter in any agency proceeding.

**Authority:**    Sand 46-2 and 46-8 (modified and combined); 18 U.S.C. § 1512(c)(2); Pub. L.
107–204 sec 1102.  *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2004), confirms that
not all withholding of evidence, even with a purpose to "keep [the] information from getting into
the hands of … the Government," violates Section 1512, and that it is not "enough for [the de-
fendant] to have simply 'impede[d]' the Government's factfinding ability."  *Id.* at 703-04, 706.
As this Court recently recognized, Section 1512 embodies a requirement of "evil intent" and that
the defendant was "conscious of the wrongfulness of [her] actions."  3/23/11 Memorandum
Opinion at 5-6 (ECF No. 132).

### REQUEST NO. D-30

### Count One: Obstruction of a Proceeding
### Third Element—An Official Proceeding

The third element the government must prove beyond a reasonable doubt for Count One is that the defendant's actions were directed toward an official proceeding.

The term "official proceeding" includes a proceeding before a federal government agency, such as the United States Department of Health and Human Services (of which the Food and Drug Administration is a part), that is authorized by law.  The proceeding need not be pending or about to be instituted at the time of the charged offense, but the proceeding must have been foreseeable to the defendant, and the defendant must have intended to affect the proceeding.

The term "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions.  It extends to and includes both investigative as well as administrative functions.

**Authority**:  Adapted from Sand 46-10; 18 U.S.C. § 1512(c)(2) (requiring official proceeding); U.S.C. § 1515(a)(1)(C), Sand 46-8, and Gov. Instr. 39 (definition of "proceeding"); 18 U.S.C. § 1512(f) and Gov. Instr. 39 (proceeding need not be pending, but must have been foreseeable); *United States v. Aguilar*, 515 U.S. 593, 598-600 (1995) (for intent to affect proceeding, *i.e.*, nexus to proceeding).  Defendant objects to the inclusion of the Department of Justice, *see* Gov. Prop. Instr. G-39, because the indictment contains no factual allegations concerning any proceeding before the Department of Justice.

### Redline of Government's Proposed Instr. G-30:

The third element the government must prove beyond a reasonable doubt for Count One is that the defendant's actions were directed toward an official proceeding.

The term "official proceeding" includes a proceeding before a federal government agency, such as the United States Department of Health and Human Services (of which the Food and Drug Administration is a part), ~~or the Department of Justice,~~ that is authorized by law.  The

proceeding need not be pending or about to be instituted at the time of the charged offense, but the proceeding must have been foreseeable to the defendant**, and the defendant must have intended to affect the proceeding.**

The term "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions.  It extends to and includes both investigative as well as administrative functions.

### REQUEST NO. D-30.1

### Count One: Obstruction of a Proceeding
### Bona Fide Legal Representation Not Covered

The defendant in this case has introduced evidence that at the time of the conduct alleged in the indictment, she was a licensed practicing attorney and that her alleged conduct constituted lawful and bona fide legal representation of a client in connection with or in anticipation of an official proceeding.

The law provides a complete defense to the offense charged in Count One of the indictment to one who is performing lawful and bona fide legal representation services, because one who is performing such services does not have an improper purpose.  Her purpose to zealously represent her client is fully protected by law.  If you find that, in connection with the conduct charged in Count One, the defendant was providing lawful, bona fide legal representation services in connection with or in anticipation of an official proceeding, then you must find the defendant not guilty.    To satisfy its burden of proof for Count One, the burden is on the government to prove beyond a reasonable doubt that the defendant was *not* engaged in lawful, bona fide legal representation of a client in connection with or in anticipation of an official proceeding.

**Authority:**  Adapted from the instruction given in *United States v. Mintmire,* 507 F.3d 1273, 1293 (11th Cir. 2007), Sand Instr. 46-32.2, and 18 U.S.C. § 1515(c); *see also* 132 Cong. Rec. 32,805 (1986) (Section-by-Section Analysis of Amendment to H.R. 5241, Sec. 50) ("Vigorously and zealously representing a client . . . is not a basis for charging an offense under the obstruction of justice chapter.  Section 50(2) therefore amends 18 U.S.C.§ 1515 to provide specifically that the lawful, bona fide provision of legal representation services does not constitute an offense under any of the obstruction of justice offenses in 18 U.S.C. ch. 73.").

Defendant objects to the word "legitimate" used in the Sand model instruction because it is not contained in the statute and could introduce ambiguity or confusion.  Defendant proposes using "bona fide," the statutory term.  § 1515(c).  In the alternative, in place of "bona fide," Defendant does not object to "good faith," the term used in the government's proposed instruction.

**Redline of Sand 46-32.2:**

The defendant in this case has introduced evidence that at the time of the conduct alleged in the indictment, **s**he was a licensed practicing attorney and that **her** ~~his~~ alleged conduct constituted lawful and **bona fide** ~~legitimate~~ legal representation of a client in connection with or in anticipation of an official proceeding.

~~I instruct you that it is a~~ **The law provides a complete** defense to the **offense** charge**d** in **Count One of** the indictment **to one who is performing** ~~that the defendant's acts constituted~~ lawful and **bona fide** ~~legitimate~~ legal representation **services** ~~of a client~~**, because one who is performing such services does not have an improper purpose.  Her purpose to zealously represent her client is fully protected by law.  If you find that, in connection with the conduct charged in Count One, the defendant was providing lawful, bona fide legal representation services in connection with or in anticipation of an official proceeding, then you must find the defendant not guilty.   To satisfy its burden of proof for Count One,** the burden is on the government to prove beyond a reasonable doubt that the defendant was *not* engaged in lawful**, bona fide** ~~and legitimate~~ legal representation of a client in connection with or in anticipation of an official proceeding.

### REQUEST NO. D-32

### Count Two: Falsification/Concealment of Documents
### Elements of the Offense

To satisfy its burden of proof as to Count Two, the government must prove the following elements beyond a reasonable doubt:

(1)      That, on or about the dates specified in the indictment, the defendant concealed, covered up, or falsified any record, document, or tangible object, as set out in Count Two of the indictment;

(2)      That she did so knowingly, with the intent to impede, obstruct or influence an investigation or matter; and

(3)      That the investigation or the matter be within the jurisdiction of any department or agency of the United States.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime is complete and you may find the defendant guilty.  If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

**Authority:**  Sand Instr. 3-10; 18 U.S.C. § 1519; Gov. Instr. G-42; Count Two of the Indictment; 3/23/11 Mem. Op. at 5 (ECF No. 132).

NOTE:  Through inadvertent miscommunication between the parties, this instruction is listed as a jointly agreed instruction in the government's submission of joint proposed instructions.  In fact the Defendant submits this proposed instruction in place of the government's Instr. G-32. The difference has to do with the second element of the offense, the *mens rea*, which was the subject of pretrial motions.  Defendant relies on this Court's March 23, 2011 Memorandum Opinion at 5 (ECF No. 132), which resolved those pretrial motions and concluded "the *mens rea* is 'knowingly … with intent to impede, obstruct or influence."

# REQUEST NO. D-34

## Count Two: Concealment or Falsification of Records
## Second Element—Knowingly, With Intent to Impede, Obstruct or Influence

The second element which the government must prove beyond a reasonable doubt for Count Two is that the defendant acted knowingly, with intent to impede, obstruct, or influence an investigation or matter.

An act is done knowingly if it is done voluntarily and purposely, as opposed to mistakenly or accidentally. To act "knowingly, with intent to impede, obstruct, or influence" requires consciousness of wrongdoing, that is, the improper purpose of wrongfully impeding, obstructing, or influencing the investigation or matter.

The investigation or matter need not be pending or about to be instituted at the time of the charged offense, but an investigation or matter must have been foreseeable to the defendant, and the defendant must have intended to impede, obstruct, or influence such a potential or contemplated investigation or matter.

**Authority:** Adapted from Sand Instr. 36-7; 3/23/11 Mem. Op. at 5-6 (ECF No. 132) 3/23/11 Mem. Op. at 5 (ECF No. 132) ("[T]he *mens rea* is 'knowingly ... with intent to impede, obstruct or influence,' a *mens rea* clearly requiring consciousness of wrongdoing.");Gov. Prop. Instr. 46; 18 U.S.C. § 1519. *See also Arthur Andersen v. United States*, 544 U.S. 696, 706 (2005); *United States v. Moyer*, 726 F. Supp. 2d 498, 506 (M.D. Pa. 2010); *United States v. Kun Yun Jho*, 465 F. Supp. 2d 618, 635, 637 n.9 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008). The last sentence is copied from Gov. Prop. Instr. 39 (Def. Request D-39.C), with "investigation" substituted for "proceeding".

### Redline of Sand 36-7:

The **second** element which the government must prove beyond a reasonable doubt **for Count Two** is that the defendant acted knowingly**, with intent to impede, obstruct, or influence an investigation or matter.**

An act is done knowingly if it is done voluntarily and purposely, as opposed to mistakenly or accidentally. **To act "knowingly, with intent to impede, obstruct, or influence" requires consciousness of wrongdoing, that is, the improper purpose of wrongfully impeding, obstructing, or influencing the investigation or matter.**

**The investigation or matter need not be pending or about to be instituted at the time of the charged offense, but an investigation or matter must have been foreseeable to the defendant, and the defendant must have intended to impede, obstruct, or influence such a potential or contemplated investigation or matter.**

**REQUEST NO. D-37**

**Count Two: Concealment or Falsification of Records**
**Bona Fide Legal Representation Not Covered**

As I instructed you earlier for Count One, the law provides a complete defense to the of-

fense charged in Count Two for one who is performing lawful and bona fide legal representation

services.  If you find that, in connection with the conduct charged in Count Two, the defendant

was providing lawful, bona fide legal representation services in connection with or in anticipa-

tion of an investigation, then you must find the defendant not guilty.  To satisfy its burden of

proof for Count Two, the burden is on the government to prove beyond a reasonable doubt that

the defendant was *not* engaged in lawful, bona fide representation of a client in connection with

or in anticipation of the investigation.

**Authority:** Short form of Prop. Instr. D-39.D, *supra*.  Defendant requests that the instruction be
included within the substantive instructions for each count to which it applies.

**REQUEST NO. D-42**

**Counts Three Through Six:  Making False Statements
Third Element—Trick, Scheme or Device, or False, Fictitious or Fraudulent Statement**

The third element the government must prove beyond a reasonable doubt for Counts

Three through Six is that:

(1)  the defendant falsified, concealed or covered up the fact by trick, scheme or device;

or

(2)  the statement or representation made by the defendant was false, fictitious or

fraudulent.

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive

act or strategy calculated to deceive other persons.

A statement or representation is "false" or "fictitious" if it was untrue when made, and

known at the time to be untrue by the person making it or causing it to be made.  A statement or

representation is 'fraudulent' if it was untrue when made and was made or caused to be made

with the intent to deceive the government agency to which it was submitted.

In Count Three, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description]**.  The statements that the government

contends were false, fictitious or fraudulent are **[insert description]**.

In Count Four, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description].**   The statement that the government

contends was false, fictitious or fraudulent is **[insert description].**

In Count Five, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description].** The statements that the government

contends were false, fictitious or fraudulent are **[insert description]**.

In Count Six, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description].**  The statement that the government contends was false, fictitious or fraudulent is **[insert description].**

As I have instructed you elsewhere, you must consider each of these counts separately.

Whether defendant's behavior amounted to a trick, scheme or device, is a question for you, as finders of the facts to decide.  Similarly, whether the specified statements were false, fictitious or fraudulent is a question for you, the finders of fact.  In deciding whether the statements were false, fictitious or fraudulent, if the statements were ambiguous, so that they could be interpreted in several ways, then the government must prove that the statements were false under any reasonable interpretation in the circumstances.

For each count, it is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up a material fact by trick, scheme or device, or that the defendant's statement was false, fictitious or fraudulent.

**Authority:**  Sand 36-6 and 36-12.  Defendant submits that the instruction on trick, scheme or device and on false, fictitious or fraudulent statements must direct the jury's attention to the specific statements alleged to be false and the specific conduct alleged to constitute a trick, scheme, or device.  *See* Sand Instr. 36-6 (second paragraph).  To fail to do so would risk permitting the jury to convict for conduct other than that specified in the indictment.  *See Russell v. United States*, 369 U.S. 749, 770-71 (1962); *Stirone v. United States*, 361 U.S. 212, 218 (1960).

**<u>Redline of Sand 36-6:</u>**

The third element the government must prove beyond a reasonable doubt **<u>for Counts Three through Six</u>** is that:

**<u>(1)</u>** the defendant falsified, concealed or covered up the fact by trick, scheme or device;

**<u>or</u>**

**(2)  the statement or representation made by the defendant was false, fictitious or fraudulent.**

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive other persons.

**A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is 'fraudulent' if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.[1]**

**In Count Three,** the government contends that the so called trick, scheme or device employed by the defendant was [insert description].  **The statements that the government contends were false, fictitious or fraudulent are [insert description].**

**In Count Four,** the government contends that the so called trick, scheme or device employed by the defendant was [insert description].  **The statement that the government contends was false, fictitious or fraudulent is [insert description].**

**In Count Five,** the government contends that the so called trick, scheme or device employed by the defendant was [insert description].  **The statements that the government contends were false, fictitious or fraudulent are [insert description].**

**In Count Six,** the government contends that the so called trick, scheme or device employed by the defendant was [insert description].  **The statement that the government contends was false, fictitious or fraudulent is [insert description].**

---

[1] This paragraph is from Sand 36-12, first paragraph.

**As I have instructed you elsewhere, you must consider each of these counts separately.**

Whether defendant's behavior amounted to a trick, scheme or device, is a question for you, as finders of the facts to decide.  **Similarly, whether the specified statements were false, fictitious or fraudulent is a question for you, the finders of fact.  In deciding whether the statements were false, fictitious or fraudulent, if the statements were ambiguous, so that they could be interpreted in several ways, then the government must prove that the statements were false under any reasonable interpretation in the circumstances.**[2]

**For each count,** it is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up a material fact by trick, scheme or device**, or that the defendant's statement was false, fictitious or fraudulent**.

---

[2] The last sentence is adapted from Sand 36-12.

## REQUEST NO. D-45

### Literal Truth Is Not Falsity

In deciding whether the defendant's statements are false, the statements must be given their natural meaning in the context in which the words were used.  If you find that a statement given by the defendant was literally true, then this element is not satisfied and you must find the defendant not guilty on the count concerning that statement.  As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, there can be no conviction for the statement being false.

**Authority**:  Adapted from Sand 48-8; *see United States v. Good*, 326 F.3d 589, 592 (4th Cir. 2003) (holding this concept from perjury law applies to false statement cases, citing *Bronston v. United States*, 409 U.S. 352, 360-62 (1973) and the law of several circuits applying *Bronston* to false statements under § 1001).

**Redline of Sand 48-8**:

In deciding whether the defendant's **statements** ~~answers~~ are false, the **statements** ~~answers~~ must be given their natural meaning in the context in which the words were used.  If you find that a~~n~~ **statement** ~~answer~~ given by the defendant was literally true, then this element is not satisfied and you must find the defendant not guilty on **the count concerning that statement** ~~this charge~~.  As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, there can be no conviction **for the statement being false**.  ~~for perjury, even if you find that the answer was unresponsive to the question asked or intentionally misleading~~.

## REQUEST NO. D-45.1

## Conscious Avoidance (if applicable)[3]

Each count in the indictment charges, among other elements, that the defendant knowingly made false statements and knowingly concealed documents or material facts from the FDA.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed her eyes to what would otherwise have been obvious to her.

If you find beyond a reasonable doubt that the defendant was aware of a high probability that the statements in the letters set out in the indictment were false, and that the defendant acted with conscious and deliberate purpose to avoid learning the truth, you may find that the defendant acted knowingly.  However, knowledge may not be inferred, and the defendant may not be convicted, merely on the theory that the defendant could have known or should have known.  Guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.  In addition, if you find that the defendant actually believed that the statements were true, she may not be convicted.

A finding of conscious avoidance can only establish knowledge; it does not establish that the defendant had the required wrongful purpose to commit the crimes with which she is charged.  The government still has the burden of proving, for each count in the indictment, that the defendant had the required wrongful intent.

**Authority:**    Adapted from 1 Sand et al., Instr. 3A-2; *see United States v. Guay*, 108 F.3d 545, 551 (4th Cir. 1997); *United States v. Mancuso*, 42 F.3d 836, 846 (4th Cir. 1994); *United States v. Hester*, 880 F.2d 799, 802 (4th Cir. 1989).

Defendant objects to the last sentence of the Sand instruction because it is potentially inconsistent with the reasonable doubt standard.  Defendant proposes the last sentence of the proposed instruction to make clear that conscious avoidance can only establish knowledge.  *See, e.g.,*

---

[3] Defendant objects to any instruction on conscious avoidance.  The government must establish the factual predicate for the charge, which we submit will not be shown.

*Guay*, 108 F.3d at 551; *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996); *Hester*, 880 F.2d at 802-03.  It cannot establish wrongful purpose, which is an element of each of the charged offenses in this case.  *See* 3/23/11 Mem. Op. at 15 (ECF No. 132).

**Redline of Sand 3A-2:**

**Each count in the indictment charges, among other elements, that the defendant knowingly made false statements and knowingly concealed documents or material facts from the FDA.**  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed **her** ~~his~~ eyes to what would otherwise have been obvious to **her**.  If you find beyond a reasonable doubt that the defendant ~~acted with (*or* that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth (~~**for example, whether** *~~e.g.~~*, that the statements **in the letters set out in the indictment** ~~were false), then this element may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.~~

~~If you find that the defendant~~ was aware of a high probability that ~~(*e.g.,*~~ the statements **in the letters set out in the indictment** were false~~),~~ and that the defendant acted with **conscious and** deliberate **purpose to avoid learning the truth**, ~~disregard of the facts~~, you may find that the defendant acted knowingly.  However, **knowledge may not be inferred, and the defendant may not be convicted, merely on the theory that the defendant could have known or should have known.  Guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.  In addition**, if you find that the defendant actually believed that ~~(*e.g.,*~~ the statements were true~~)~~, **s**he may not be convicted.

~~It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.~~

**A finding of conscious avoidance can only establish knowledge; it does not establish that the defendant had the required wrongful purpose to commit the crimes with which she is charged.  The government still has the burden of proving, for each count in the indictment, that the defendant had the required wrongful intent.**

## REQUEST NO.  D-45.3

## Aiding and Abetting[4]

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant herself physically committed the crime with which she is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed by some other person, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate herself in some way with the crime, and that she participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated herself with the crime, the government must establish:

---

[4] Defendant objects to any aiding and abetting instruction, for lack of a factual predicate. If an aiding and abetting instruction is given, Defendant proposes these changes to Gov. Prop. Instr. G-45.3.

(1)     For Count One, that the defendant had the improper purpose of wrongfully obstructing, influencing, or impeding an official proceeding;

(2)     For Count Two, that  the defendant knew that a record, document or tangible object was being concealed, covered up, or falsified, with the improper purpose of wrongfully impeding, obstructing, or influencing the investigation;

(3)     For Counts Three to Six, that the defendant knew that the statements specified in each respective count were false and were being made to the FDA with bad purpose to disobey the law.

To establish that the defendant participated in the commission of the crime, the government must also prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of each offense charged in the indictment, ask yourself these questions for each count:

Did the defendant participate in the offense charged in that count as something she wished to bring about?

Did she knowingly associate herself with the criminal venture charged in that count?

Did she seek by her actions to make the criminal venture charged in that count succeed?

If she did, then the defendant is an aider and abettor for that count, and therefore guilty of the offense charged in that count.  If, on the other hand, your answer to any one of those questions is "no,'" or if you have a reasonable doubt as to any of these answers, then the defendant is not an aider and abettor for that count, and you must find her not guilty for that count.  You must consider these questions as you consider each count separately.

**Authority:**     Adapted from Sand 11-2.  Defendant has modified the Government's proposed instruction by spelling out the intent required for each offense charged (in the sixth through eighth paragraphs), and by modifying the eleventh through fifteenth paragraphs to require separate consideration of each count and to conform to the reasonable doubt standard.  The states of mind for the respective counts are taken from Defendants' proposed instructions for those counts above.

## Redline of Gov. Prop. Instr. G-45.3:

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant herself physically committed the crime with which she is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a

crime was committed **by some other person**, then you must consider whether the defendant

aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant know-

ingly associate herself in some way with the crime, and that she participate in the crime by doing

some act to help make the crime succeed.

To establish that defendant knowingly associated herself with the crime, the government

must establish:

(1)     For Count One, that the defendant had the **improper** ~~corrupt~~ purpose of **wrong-**

**fully** obstructing, influencing, or impeding an official proceeding;

(2)     For Count Two, that  the defendant knew that a record, document or tangible

object was being concealed, covered up, or falsified, **with the improper purpose of wrongfully**

**impeding, obstructing, or influencing the investigation;**

(3)     For Counts Three to Six, that the defendant knew that **the** ~~a false~~ statement**s**

**specified in each respective count were false and were** being made **to the FDA** ~~and acted~~

~~willfully~~ **with bad purpose to disobey the law.**

To establish that the defendant participated in the commission of the crime, the

government must **also** prove that defendant engaged in some affirmative conduct or overt act for

the specific purpose of bringing about that crime.

The mere presence of the defendant where a crime is being committed, even coupled with

knowledge by the defendant that a crime is being committed, or merely associating with others

who were committing a crime is not sufficient to establish aiding and abetting.  One who has no

knowledge that a crime is being committed or is about to be committed but inadvertently does

something that aids in the commission of that crime is not an aider and abettor.  An aider and

abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of **each offense** ~~with which she~~ is charged **in the indictment**, ask yourself these questions **for each count**:

Did **the defendant** ~~she~~ participate in the **offense charged in that count** as something she wished to bring about?

Did she knowingly associate herself with the criminal venture **charged in that count**?

Did she seek by her actions to make the criminal venture **charged in that count** succeed?

If she did, then the defendant is an aider and abettor **for that count**, and therefore guilty of the offense **charged in that count**.  If, on the other hand, your answer to any one of those questions is "no,'" **or if you have any reasonable doubt as to any of these answers,** then the defendant is not and aider and abettor **for that count**, and you must find her not guilty **for that count**.  **You must consider these questions as you consider each count separately.**

## REQUEST NO. D-47

### Reliance on Counsel

You have heard evidence that the defendant received advice from various lawyers and you may consider that evidence in deciding whether the defendant acted with the wrongful intent required to find guilt of the offenses charged in this case (for Count One, that the defendant acted corruptly; for Count Two, that she acted knowingly, with intent to impede, obstruct or influence the investigation; and for Count Three, that she acted willfully and with knowledge).

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense.  Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of other lawyers as to what she may lawfully do; whether she fully and honestly disclosed all material facts before those lawyers; and whether in good faith she honestly followed their advice, relying upon it and believing it to be correct.  In short, you should consider whether, in seeking and obtaining advice from other lawyers, the defendant intended that her acts be lawful.  If she did so, then even if such advice were an inaccurate construction of the law, the defendant cannot be convicted of the crimes with which she is charged because they all require wrongful intent.

On the other hand, no person can willfully and knowingly violate the law and excuse himself or herself from the consequences of that conduct merely by pleading that he or she followed the advice of a lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether she made a full and complete report to the other lawyers, and whether she acted substantially in accordance with the advice she received from them, are questions for you to determine.   If you determine that the defendant did rely in good faith on

informed advice of counsel, that fact would negate the defendant's wrongful intent, and therefore

demonstrate the absence of an essential element of each of the offenses with which she has been

charged.

The burden of establishing that the defendant acted with the required wrongful intent for

each of the charges rests with the government.

**Authority**:    The first four paragraphs are adapted from Sand 8-4.  The last sentence of the first paragraph and the last sentence of the fourth paragraph, applying the instruction to the offenses charged in this case, are adapted from this Court's March 23, 2011 Memorandum Opinion, at 5 and 15 (ECF No. 132); *see also United States v. Miller*, 658 F.2d 235, 236-238 (4th Cir. 1981); *United States v. Polytarides,* 584 F.2d 1350, 1353 (4th Cir. 1978); *United States v. Painter*, 314 F.2d 939, 943 (4th Cir. 1963).

The last paragraph affirms that the burden to prove state of mind is always on the Government. Reliance on advice of counsel is not an affirmative defense on which the Defendant bears the burden of proof.  *See* 3/23/11 Mem. Op. at 13-15 (ECF No. 132) (advice of counsel not an affirmative defense); *compare* Sand Instr. 8-1 (Good Faith) (Gov. Prop. Instr. 57) (burden is on government to prove wrongful state of mind, including absence of good faith); *compare also* Gov. Prop. Instr. 48 (Bona Fide Legal Representation) *and United States v. Kloess*, 251 F.3d 941, 949 (11th Cir. 2001) (though defendant invokes defense of lawful, bona fide legal representation, burden is on government to prove defendant was *not* engaged in lawful, bona fide legal representation).

## Redline of Sand 8-4:

You have heard evidence that the defendant received advice from **various** ~~a~~ lawyer**s** and

you may consider that evidence in deciding whether the defendant acted **with the wrongful**

**intent required to find guilt of the offenses charged in this case (for Count One, that the**

**defendant acted corruptly; for Count Two, that she acted knowingly, with intent to impede,**

**obstruct or influence the investigation; and for Count Three, that she** acted willfully and

with knowledge**)**.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense.  Instead, you must ask yourselves whether the defendant

honestly and in good faith sought the advice of **other** lawyer**s** as to what **s**he may lawfully do; whether **s**he fully and honestly **disclosed** ~~laid~~ all **material** ~~the~~ facts before **those** ~~the~~ lawyer**s**; and whether in good faith **s**he honestly followed **their** ~~such~~ advice, relying upon it and believing it to be correct.  In short, you should consider whether, in seeking and obtaining advice from ~~a~~ **other** lawyer**s**, the defendant intended that **her** ~~his~~ acts ~~shall~~ be lawful.  If **s**he did so, then ~~it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent~~, even if such advice were an inaccurate construction of the law, **the defendant cannot be convicted of the crimes with which she is charged because they all require wrongful intent**.

On the other hand, no **person** ~~man~~ can willfully and knowingly violate the law and excuse himself **or herself** from the consequences of **that** ~~his~~ conduct **merely** by pleading that he **or she** followed the advice of **a** ~~his~~ lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether **s**he made a full and complete report to **the other** lawyer**s**, and whether **s**he acted substantially in accordance with the advice **she** received **from them**, are questions for you to determine.  **If you determine that the defendant did rely in good faith on informed advice of counsel, that fact would negate the defendant's wrongful intent, and therefore demonstrate the absence of an essential element of each of the offenses with which she has been charged.**

**The burden of establishing that the defendant acted with the required wrongful intent for each of the charges rests with the government.**

## REQUEST NO.  D-47.1

### Off-Label Uses of Prescription Drugs

You have heard evidence about the medical practice of prescribing legally-approved prescription drugs for uses not approved by the FDA—a practice referred to as "off-label pre-scribing."  Off-label prescribing is a legally permitted practice.  Although the FDA regulates the marketing of prescription drugs and medical devices, it does not have the authority to regulate the practice of medicine or the uses for which doctors prescribe drugs.  Not only is off-label prescribing legal, it is also an accepted medical practice.  The American Medical Association, the American Academy of Pediatrics, and the American Psychiatric Association have adopted policies condoning "off-label" prescribing of lawfully approved drugs.

Acknowledging the widespread practice of off-label prescribing, the FDA has long recognized the public health importance of disseminating information about unapproved (or "off-label") uses of approved drugs.  Through published regulations and guidance, the FDA recognizes four permissible ways for manufacturers to disseminate off-label information about their drug products.

First, FDA regulations permit a manufacturer to discuss scientific information about its products, including off-label uses, provided that the manufacturer does not represent in a promo-tional context that the product is approved for an off-label use.

Second, FDA policy expressly permits manufacturers to disseminate information on off-label uses in response to health care providers' unsolicited requests for such information.

Third, FDA guidance specifically permits a manufacturer to provide financial support for continuing medical education and "other scientific or educational activities" at which informa-tion about off-label uses of the manufacturer's product will be discussed, provided that the con-

trol of speakers and topics is exercised by an independent body and not by the manufacturer, and

the manufacturer does not convert the event into a promotional vehicle for a particular product.

Fourth, FDA guidance expressly permits a drug manufacturer to disseminate peer-

reviewed journal articles and medical texts discussing off-label uses of its drugs provided that the

manufacturer adheres to FDA guidelines for such distribution.

**Authority:**  21 U.S.C. § 396 (FDA may not "limit or interfere with" a physician's authority "to prescribe or administer" a legally marketed medical device);  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350-51 (2001) (off-label use of medical devices "is an accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine. . . . Off-label use is widespread in the medical community and often is essential to giving patients optimal medical care, both of which medical ethics, FDA, and most courts recognize"); American Medical Association House of Delegates, Resolution 820, "Off-Label Use of Pharmaceuticals," September 21, 2005; American Academy of Pediatrics, Committee on Drugs, "Uses of Drugs Not Described in the Package Insert (Off-Label Uses), Pediatrics 110(1), at 181, July 2002; American Psychiatric Association, Practice Guideline for the Treatment of Patients with Major Depressive Disorder, 3rd Ed.; 21 C.F.R. § 312.7(a); Citizen Petition Regarding the Food and Drug Administration's Policy on Promotion of Unapproved Uses of Approved Drugs and Devices; Request for Comments, 59 Fed. Reg. 59,820, 59,823 (Nov. 18, 1994); Guidance for Industry: Industry Supported Scientific and Educational Activities, 62 Fed. Reg. 64,074 (Dec. 3, 1997); Good Reprint Practices for the Distribution of Medical Journal Articles and Medical or Scientific Reference Publications on Unapproved New Uses of Approved Drugs or Cleared Medical Devices (2009).

**REQUEST NO. D-47.2**

**Theory of the Defense**

**[To be supplied at the close of the evidence]**

### REQUEST NO. D-57.1

### Witness Credibility – Hearsay Testimony (If Applicable)

You have heard about a number of statements made outside of court by witnesses who did not testify here in court.  When a witness' out-of-court statement has been admitted, that witness' credibility may be attacked, and if attacked may be supported, in the same manner as if the witness had testified in court.


**Authority**:     Fed. R. Evid. 806; *see Carver v. United States*, 164 U.S. 694, 697 (1897).

## REQUEST NO. D-59.1

### Markings on Exhibits

Many of the exhibits in this case were stamped "confidential" or "redacted" or with identification numbers and/or letters before being provided to the parties as part of the litigation process.  It is routine to stamp documents confidential or with identification numbers and/or letters in the litigation process.  You are to draw no inference from the fact that a document was stamped confidential or with identification numbers and/or letters before being provided.

**Authority**:  Adapted from the charge in *United States v. Forbes*, No. 3:02 CR 264, at 65 (D. Conn. 2007).

## REQUEST NO. D-64

### Unanimity as to False Statements, Falsified Documents, or Concealed Facts

Your verdict must also be unanimous in another sense.

Counts One, Two, Three and Five of the indictment each charge the defendant with making more than one false statement, falsifying more than one document, or concealing more than one material fact.

The government is not required to prove that all of the statements that are alleged in each of these counts were false, that all of the documents alleged in these counts were falsified, or that all of the material facts alleged in these counts, respectively, were concealed.  To convict on any one of these counts, however, each juror must agree with each of the other jurors that, within each count, the same statement alleged to be false was in fact false; or the same document alleged to be falsified was falsified; or the same material fact alleged to be concealed was concealed.  The jury need not unanimously agree on every fact or statement alleged in each count, but, in order to convict, every juror must unanimously agree upon at least one such false statement, falsified document, or concealed material fact in each count.

For each of Counts One, Two, Three and Five, unless the government has proven to each of you, beyond a reasonable doubt, the same false statement, or the same falsified document, or the same concealed material fact, you must acquit the defendant of the charges in that count.

**Authority:**  Adapted from 2A O'Malley et al., *Federal Jury Practice and Instructions—Criminal* § 40.15 (6th ed. 2009) (modified for multiple counts and to apply to 18 U.S.C. §§ 1001(a)(1) and (2)); and Sand Instr. 9-7A (modified for multiple counts and to apply to 18 U.S.C. §§ 1001(a)(1) and (2)).  "Instruction 9-7A has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." Sand Instr. 9-7A, Comment, at 9.  *See United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) (affirming where district court instructed jury that it had to be unanimous as to at least one statement in each count); *United States v. Holley*, 942 F.2d 916, 929 (5th Cir. 1991) (cited with approval in *Sarihifard* and in *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996)) (revers-

ing conviction where jury was not instructed it had to be unanimous as to which statement(s) were false); *accord United States v. Adams*, 335 Fed. Appx. 338, 347 (4th Cir. 2009) (affirming instruction requiring jury to unanimously agree on at least one false statement); *United States v. Spencer*, 2002 U.S. App. Lexis 27110, at *7-8 (4th Cir. Dec. 27, 2002) (noting that an instruction was improper where it failed to require unanimity as to a particular false statement); *United States v. Siragy*, 1991 U.S. App. Lexis 25157, *3-4 (4th Cir. 1991) (noting that "the better practice, because of the possibility of a non-unanimous verdict when one charge encompasses multiple falsities, is for the trial judge to give an augmented unanimity instruction to the jury"); *United States v. Savoy*, 38 F. Supp. 2d 406, 415 (D. Md. 1998) (to same effect).

**Redline of 2A O'Malley *et al.* § 40.15:**

**Your verdict must also be unanimous in another sense.**[5]

Count**s One, Two, Three and Five** of the indictment **each** charg~~ing~~ **the** ~~D~~**d**efendant with **making more than one false statement, falsifying more than one document, or concealing more than one material fact.** ~~with the knowing and willful [concealment or covering up] [submission of false, fictitious or fraudulent statements] [making or using of any false writing or documents] alleges a number of false or fraudulent statements.~~

The government is not required to prove that all of the statements that are alleged in **each of these counts** ~~Count __ of the indictment as false are, in fact,~~ **were false, that all of the documents alleged in these counts were falsified, or that all of the material facts alleged in these counts, respectively, were concealed.  To convict on any one of these counts, however,** each juror must agree with each of the other jurors~~, however,~~ that**, within each count**, the same statement ~~or representation~~ alleged ~~in Count __~~ to be false, ~~fictitious or fraudulent is~~ **was**, in fact, false~~, fictitious or fraudulent~~**; or the same document alleged to be falsified was falsified; or the same material fact alleged to be concealed was concealed**.  The jury need not unanimously agree on ~~each such~~ **every fact or** statement alleged **in each count**, but, in order to convict, **every juror** must unanimously agree upon at least one **such false** statement**, falsified**

**document, or concealed material fact in each count.**  ~~as false, fictitious or fraudulent when knowingly made or used by Defendant ____.~~

**For each of Counts One, Two, Three and Five,** [u]nless the government has proven ~~the same false or fraudulent statement~~ to each of you, beyond a reasonable doubt,  **the same false statement, or the same falsified document, or the same concealed material fact**, you must acquit the defendant of the charge**s** in **that** Count ~~of the indictment~~.

---

[5] The first sentence is from Sand 9-7A.