**Form Instruction 2-1 Juror Attentiveness**

FILED   ENTERED
RECEIVED

MAY   6 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

Ladies and gentlemen, you are about to enter your final duty, which

is to decide the fact issues in the case.

Before you do that, I will instruct ~~you~~ *give you my instructions* on the law. ~~You must~~ *Please try to* pay

close attention to me now. I will go as slowly as I can and be as clear

as possible.

I told you at the ~~very~~ start of the trial that your principal function

during the taking of testimony would be to listen carefully and

observe each witness who testified. It has been obvious to me and to

~~counsel~~ *the attorneys* that you have faithfully discharged this duty. Your interest

never waned, and it is evident that you followed the testimony with

close attention.

~~I ask you to~~ *Please* give me that same careful attention, as I *now* instruct ~~you~~ *give you my instructions* on

the law.

1

You have now heard all of the evidence in the case and are about to hear the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of

2

any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Your final role is to pass upon and decide the fact issues that are in

the case. You, the members of the jury, are the sole and exclusive

judges of the facts. You pass upon the weight of the evidence; you

determine the credibility of the witnesses; you resolve such conflicts

as there may be in the testimony, and you draw whatever reasonable

inferences you decide to draw from the facts as you have determined

them.

I shall later discuss with you how to pass upon the credibility--or

believability--of the witnesses.

In determining the facts, you must rely upon your own recollection

of the evidence. What the lawyers ~~have said~~ say in their opening

statements, in their closing arguments, in their objections, or in their

questions is not evidence. ~~In this connection, you should bear in~~

~~mind that a question put to a witness is never evidence. It is only the~~

4

Nothing That

answer which is evidence. Nor is anything I may have said during

the trial or may say during these instructions with respect to a factual

should

matter to be taken in substitution for your own independent

recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses--

the testimony they gave, as you recall it--and the exhibits that were

received in evidence.

The evidence does not include questions. Only the answers are

evidence. But you may not consider any answer that I directed you

to disregard or that I directed struck from the record. Do not

consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not

mean to indicate any opinion as to the facts or what your verdict

(5)

should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.   *No¶*

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. ~~You are expressly to~~ *Please* understand that ~~the court has~~ *I have* no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Court Instruction 2-4 Juror Obligations

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

*I want to*
*You*
*a*

*Redundant*

~~You are to perform the duty of finding the facts without bias or prejudice as to any party~~. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. (Equally,) It is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party ~~to a litigation~~. *in a case*

By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

8

## JOINT PROPOSED JURY INSTRUCTION No. 5

(Conduct of Counsel)

Both the prosecutors and the defense attorneys are officers of the Court. They both have important professional roles, and they both are required to adhere to the same standards of honesty and professional conduct.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. ~~Counsel~~ The attorneys also have the right and duty to ask ~~the~~ me ~~court~~ to make rulings of law and to request conferences at the bench ~~review~~ out of the hearing of the jury. All those questions of law must be decided by me, ~~the~~ ~~court~~. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked ~~the court~~ me for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand 2-8 (modified).

**Redline of the standard instruction:**

Both the prosecutors and the defense attorneys are officers of the Court. They both have important professional roles, and they both are required to adhere to the same standards of honesty and professional conduct.

It is the duty of the attorney for each side of a case to object when the other side offers

9

9

**Form Instruction 2-11 Improper Considerations: Race, Religion, National Origin, Sex or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence

10

of the lack of evidence in

Form Instruction 2-12 Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I ~~charge~~ instruct you. ~~It must be clear to you that once~~ If you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt,

12

you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

*Defendant*

## JOINT PROPOSED JURY INSTRUCTION No. 8

(Publicity – Final Charge)

~~Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions~~. You must completely disregard any report which you have read on the Internet or in a newspaper, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

*about* ∅ *this case*

Sand 2-17 (modified to add reference to the Internet)

## Redline of the standard instruction:

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in~~on~~ the press~~Internet or in a newspaper~~, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

48

(14)

## JOINT PROPOSED JURY INSTRUCTION No. 9

(Jury To Consider Only This Defendant)

You are about to be asked to decide whether or not the government has proven beyond a

reasonable doubt the guilt of this defendant. You are not being asked whether any other person,

company or entity has been proven guilty. Your verdict should be based solely upon the

evidence or lack of evidence as to this defendant, in accordance with my instructions and without

regard to whether the guilt of other people has or has not been proven.


Sand 2-18 (modified to refer to companies and entities)


## Redline of the standard instruction:

You are about to be asked to decide whether or not the government has proven beyond a

reasonable doubt the guilt of this defendant. You are not being asked whether any other person,

company or entity has been proven guilty. Your verdict should be based solely upon the

evidence or lack of evidence as to this defendant, in accordance with my instructions and without

regard to whether the guilt of other people has or has not been proven.

15

## JOINT PROPOSED JURY INSTRUCTION No. 9.1

(Consider Only the Charges (if applicable))

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You may have heard evidence of other acts allegedly committed by other persons or entities. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I want to emphasize to you that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

Sand 3-3 (modified to refer to the bad acts of third parties, and to exclude a reference to an instruction not included in these proposed instructions)

**Redline to the standard instruction:**

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You may have heard evidence of other acts allegedly committed by the defendant other persons or entities. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

*Will this be appropriate?*

13

16

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-9.2

(Failure to Name a Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendant~~s~~, from the fact that certain persons were not named as defendants in the indictment. The ~~circumstance~~*fact*s that these persons were not indicted in this case must play no part in your deliberations. You may not consider it in any way in reaching your verdict as to the defendant on trial.

Sand 3-4 (modified to fit the facts of this case)

**Redline of the standard instruction:**

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment ~~or that certain persons were named as co-conspirators but not indicted~~. The circumstances that these persons were not indicted in this case must play no part in your deliberations.

~~Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore,~~ ~~y~~You may not consider it in any way in reaching your verdict as to the defendants on trial.

**Form Instruction 4-1 Presumption of Innocence and Burden of Proof**

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove _her_ guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against _her_ him. I therefore instruct you that the defendant ~~is to be~~ must be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven _her_ him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit ~~a~~ the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of ~~his~~ her guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with ~~him~~ her even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven ~~his~~ her guilt beyond a reasonable doubt.

The question you might ask is what does the standard of proof "beyond a reasonable doubt" mean?    In this court, the term is considered to have a self-evident meaning that is comprehensible to the average juror, and efforts to define the term generally do more to obscure than to illuminate the meaning of the standard. Accordingly, it is the rule in this court that a judge should not provide a definition of the standard.

I will, however, advise you that the burden of proof beyond a reasonable doubt in a criminal case is different and higher than the burdens of proof used in civil cases. In most civil cases, the plaintiff has the burden of proving his or her case by what is called the "preponderance of the evidence." That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads the jury to believe that what the plaintiff claims is more likely true than not. To put it differently, under the preponderance of the evidence standard, if you were to put the plaintiff's and the

defendant's evidence on opposite sides of the scales, the plaintiff would only have to make the scales tip somewhat on his or her side.

In some civil cases, the plaintiff has a higher burden of proving his or her case by what is called "clear and convincing evidence." Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence. To be clear and convincing, evidence should be "clear" in the sense that it is certain, plain to the understanding, and unambiguous and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.

The standard of proof beyond a reasonable doubt in criminal cases is higher than either of these standards that are used in civil cases, and is considered required as a matter of Due Process of Law under the United States Constitution.

# Form Instruction 4-3 Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-11.1

(Specific Investigation Techniques Not Required (if applicable))

During the trial you *may* have heard argument by counsel that the government did not utilize

specific investigative techniques. You may consider these facts in deciding whether the

government has met its burden of proof, because as I told you, you should look to all of the

evidence or lack of evidence in deciding whether a defendant is guilty of a crime charged.

However, you also are instructed that there is no legal requirement that the government use any

of these specific investigative techniques to prove its case. Law enforcement *techniques* are not

your concern.

Moreover, the law does not require the prosecution to call as witnesses all persons who

have been present at any time or place involved in the case, or who may appear to have some

knowledge of the matters at issue in this trial. Nor does the law require the prosecution to

produce as exhibits all papers and things mentioned in the evidence. On the other hand, the

defendant is not required to call any witnesses or produce any documents in any case. Your

concern, as I have said, is to determine whether or not the government has proved the

defendant's guilt beyond reasonable doubt.   *both paragraphs of Will this be appropriate?*

First paragraph: Sand 4-4 (modified)

Second paragraph: *United States v. Hayes*, 477 F.2d 868 (10th Cir. 1973) (government entitled to

instruction that it was not required to call a witness); *Shurman v. United States*, 233 F.2d 272,

275 (5th Cir. 1956) (government entitled to instruction that it was not required to call a witness

where witness equally available to the defendant).

7

23

Form Instruction 5-2 Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses--what he sees, feels, touches or hears--that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you know, this courtroom has no windows and you cannot look outside.

24

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before

convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

**Form Instruction 6-1 Inference Defined (Presumptions)**

During the trial you *may* have heard the attorneys use the term "inference," and in their arguments they ~~have~~ *may* ask~~ed~~ you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a

matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict her.

28

## JOINT PROPOSED JURY INSTRUCTION No. 16

(Testimony, Exhibits, Stipulations, and Judicial Notice in General)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts. Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence. ~~Similarly, you are to~~ *You must* disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. ~~Similarly~~, *Also* statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

With respect to certain documents, I admitted into evidence only those portions that are relevant to the charges against the defendant. You are not to speculate about the contents of those portions of the exhibits that were not admitted into evidence.

*I will also remind you that* ~~Anything~~ *α* Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

*will this be applicable?*

Sand 5-4 (modified)

### Redline of the standard instruction:

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts. Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits

16

29

## REQUEST NO. D-59.1

### Markings on Exhibits

Many of the exhibits in this case were stamped "confidential" or "redacted" or with

identification numbers and/or letters before being provided to the parties as part of the litigation

process. It is routine to stamp documents confidential or with identification numbers and/or

letters in the litigation process. You are to draw no inference from the fact that a document was

stamped confidential or with identification numbers and/or letters before being provided.

**Authority**: Adapted from the charge in *United States v. Forbes*, No. 3:02 CR 264, at 65
(D. Conn. 2007).

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

*again*

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

Form Instruction 5-12 Charts and Summaries (Admitted as Evidence)

The government (*or* defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Either this
or 5-13

(33)

Form Instruction 5-13 Charts and Summaries (Not Admitted As Evidence)

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these ~~schedules~~ charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

34

Form Instruction 5-14 Defendant's Reputation

The defendant has called witnesses who have testified to his [*her*] good reputation in the community. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether [*she*] the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him [*her*] of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a

35

reasonable doubt that ~~the defend~~ant is guilty, you should not acquit ~~the defend~~ant merely because you believe ~~he~~ is a person of good

reputation.

**Form Instruction 5-15 Opinion of Defendant's Character**

The defendant has *also* called witnesses who have given their opinion of ~~his~~ *her*

good character. This testimony is *also* not to be taken by you as the witness'

opinion as to whether the defendant is guilty or not guilty. That question

is for you alone to determine. You should, however, consider this

character evidence together with all the other facts and all the other

evidence in the case in determining whether ~~the defendant~~ *she* is guilty or

not guilty of the charges.

Accordingly, if after considering all the evidence including testimony

about the defendant's good character, you find a reasonable doubt has

been created, you must acquit ~~him~~ *her* of all the charges.

On the other hand, if after considering all the evidence including that of

defendant's character, you are satisfied beyond a reasonable doubt that

the defendant is guilty, you should not acquit ~~the defendant~~ *her* merely

because you believe ~~him~~ *her* to be a person of good character.

37

The prosecution asked certain questions on cross-examination of the defendant's character witnesses about specific acts supposedly committed by the defendant. I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witnesses was were accurate in forming their opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he/she is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witnesses and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

Will this be appropriate?

(38)

There has been evidence that the defendant made certain

statements in which the government claims ~~he~~ *She* admitted

certain facts charged in the indictment.In deciding what

weight to give the defendant's statements, you should first

examine with great care whether each statement was made

and whether, in fact, it was voluntarily and understandingly

made. I instruct you that you are to give the statements such

weight as you feel they deserve in light of all the evidence.

*Will this be appropriate?*

## Form Instruction 7-1 Witness Credibility--General Instruction

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and

40

being... suspect in some way? How did the way the witness

testified on direct examination compare with how the witness testified on

cross-examination? Was the witness consistent in his testimony or did he

contradict himself? Did the witness appear to know what he or she was

talking about and did the witness strike you as someone who was trying to

report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the

witness' bias. Does the witness have a relationship with the government or

the defendant which may affect how he or she testified? Does the witness

have some incentive, loyalty or motive that might cause him or her to shade

the truth; or, does the witness have some bias, prejudice or hostility that

may have caused the witness--consciously or not--to give you something

other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the

witness had an opportunity to observe the facts he or she testified about and

you should also consider the witness' ability to express himself or herself.

Ask yourselves whether the witness' recollection of the facts stands up in

41

light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

43

In a criminal case, the defendant cannot be required to testify, but, if he [she] chooses to testify, he [she] is, of course, permitted to take the witness stand on his [her] own behalf. In this case, the defendant decided to testify. You should examine and evaluate his [her] testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his [her] testimony simply because he [she] is charged as a defendant in this case.

This or
5-21

44

Form Instruction 3-2 Improper Consideration of Defendant's
Right Not To Testify
Case 8:10-cr-00694-RWT   Document 181   Filed 05/06/11   Page 45 of 100

The defendant did not testify in this case. Under our
constitution, he has [She] no obligation to testify or to present any
other evidence because it is the prosecution's burden to
prove the defendant guilty beyond a reasonable doubt. That
burden remains with the prosecution throughout the entire
trial and never shifts to the defendant. The defendant is never
required to prove that he is [She] innocent. You may not attach any
significance to the fact that the defendant did not testify. No
adverse inference against him [her] may be drawn by you because
he [She] did not take the witness stand. You may not consider this
against the defendant in any way in your deliberations in the
jury room.

## JOINT PROPOSED JURY INSTRUCTION No. 56

(Witnesses Who Are Federal Law Enforcement Officials (if applicable))

You have heard the testimony of **[an FBI agent and/or official(s) of the Food and Drug Administration]**. The fact that a witness may be employed by the federal government as an investigator or an official of a federal agency does not mean that his testimony is necessarily [*or her*] deserving of more or less consideration or greater or lesser weight than that of ~~an ordinary~~ [*any other*] witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of such a witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of **[this/these]** witness[es] and to give to that testimony whatever weight, if any, you find it deserves.

Sand 7-16 (modified)

*Will this be appropriate?*

**Redline of the Standard Instruction:**

You have heard the testimony of [~~a law enforcement~~ n FBI agent and/or official(s) of the Food and Drug Administration]. The fact that a witness may be employed by the federal government as a ~~law enforcement~~ n investigator or an official of a federal agency does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility

46

46

You have heard evidence that a witness made a statement on an earlier occasion which ~~counsel argues~~ an attorney may is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

(47)

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

*Will this be appropriate?*

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you



substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Case 8:10-cr-00694-RWT   Document 181   Filed 05/06/11   Page 50 of 100

Will this be appropriate?

50

would like to *Before addressing the charges against the defendant, I* *discuss* REQUEST NO. D-47.1

Off-Label Uses of Prescription Drugs.

You have heard evidence about the medical practice of prescribing legally-approved prescription drugs for uses not approved by the FDA—a practice referred to as "off-label pre-scribing." Off-label prescribing is a legally permitted practice. Although the FDA regulates the marketing of prescription drugs and medical devices, it does not have the authority to regulate the practice of medicine or the uses for which doctors prescribe drugs. Not only is off-label prescribing legal, it is also an accepted medical practice. The American Medical Association, the American Academy of Pediatrics, and the American Psychiatric Association have adopted policies condoning "off-label" prescribing of lawfully approved drugs.

Acknowledging the widespread practice of off-label prescribing, the FDA has long recognized the public health importance of disseminating information about unapproved (or "off-label") uses of approved drugs. Through published regulations and guidance, the FDA recognizes four permissible ways for manufacturers to disseminate off-label information about their drug products.

First, FDA regulations permit a manufacturer to discuss scientific information about its products, including off-label uses, provided that the manufacturer does not represent in a promo-tional context that the product is approved for an off-label use.

Second, FDA policy expressly permits manufacturers to disseminate information on off-label uses in response to health care providers' unsolicited requests for such information.

Third, FDA guidance specifically permits a manufacturer to provide financial support for continuing medical education and "other scientific or educational activities" at which informa-tion about off-label uses of the manufacturer's product will be discussed, provided that the con-

51 *Gov*

trol of speakers and topics is exercised by an independent body and not by the manufacturer, and

the manufacturer does not convert the event into a promotional vehicle for a particular product.

Fourth, FDA guidance expressly permits a drug manufacturer to disseminate peer-

reviewed journal articles and medical texts discussing off-label uses of its drugs provided that the

manufacturer adheres to FDA guidelines for such distribution.

**Authority:** 21 U.S.C. § 396 (FDA may not "limit or interfere with" a physician's authority "to prescribe or administer" a legally marketed medical device); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350-51 (2001) (off-label use of medical devices "is an accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine. . . . Off-label use is widespread in the medical community and often is essential to giving patients optimal medical care, both of which medical ethics, FDA, and most courts recognize"); American Medical Association House of Delegates, Resolution 820, "Off-Label Use of Pharmaceuticals," September 21, 2005; American Academy of Pediatrics, Committee on Drugs, "Uses of Drugs Not Described in the Package Insert (Off-Label Uses), Pediatrics 110(1), at 181, July 2002; American Psychiatric Association, Practice Guideline for the Treatment of Patients with Major Depressive Disorder, 3rd Ed.; 21 C.F.R. § 312.7(a); Citizen Petition Regarding the Food and Drug Administration's Policy on Promotion of Unapproved Uses of Approved Drugs and Devices; Request for Comments, 59 Fed. Reg. 59,820, 59,823 (Nov. 18, 1994); Guidance for Industry: Industry Supported Scientific and Educational Activities, 62 Fed. Reg. 64,074 (Dec. 3, 1997); Good Reprint Practices for the Distribution of Medical Journal Articles and Medical or Scientific Reference Publications on Unapproved New Uses of Approved Drugs or Cleared Medical Devices (2009).



38

At the beginning of this trial I told you that you would be hearing testimony and argument about legal advice, and I want to return to that subject and give you more detailed guidance on the subject before I discuss the specific elements of the crimes that have been charged in the indictment.

In considering the evidence concerning legal advice, you should ask yourselves two fairly simple questions:

[1] what was the defendant <u>doing</u> when she signed the letters sent by her to the FDA on behalf of GlaxoSmithKlein?

[2] what was the defendant <u>thinking</u> when she signed the letters sent by her to the FDA on behalf of GlaxoSmithKlein?

I will now explain the importance of these two questions and the law that you should apply to the facts in answering them.

Count One, as I told you at the start of the trial, charges a violation of Section 1512[c][2] of Title 18 of the United States Code, while Count Two charges a violation of Section 1519. Section 1515 of Title 18, however, provides that neither Section 1512[c][2] nor

Section 1519 prohibits or punishes the providing of "lawful, bona fide legal representation services in connection with or anticipation of an official proceeding." Thus, the question of what the defendant was doing when she signed the letters in question is important. If what she was doing when she signed the letters was providing "lawful, bona fide legal representation services in connection with or anticipation of an official proceeding," then there is no crime and she cannot be convicted on these two counts.

If you conclude, based on the evidence, that the defendant is a licensed attorney who was employed to perform legal services which constitute the conduct alleged to be criminal in this case, then there is an inference of innocent purpose that is protected by Section 1515[c]. The reason for this is that Section 1515[c] is designed to protect a lawyer who is engaged in zealous representation of her client, which is a lawyer's professional obligation. Once such an inference has been raised, the government must prove beyond a reasonable doubt that the lawyer's actions had an improper

purpose, in other words that her actions did not constitute "lawful, bona fide legal representation."

As I just mentioned, a lawyer has an ethical obligation to zealously represent the interests of her client. A lawyer may not, however, counsel or assist a client in the commission of a crime and, if she does so, she is not engaged in "lawful, bona fide legal representation" and would not be protected by Section 1515[c].

You have also heard evidence that other lawyers provided legal advice to Lauren Stevens in connection with letters sent by her to the FDA on behalf of GlaxoSmithKlein. The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense to the crimes charged. Whether she relied in good faith on the advice of these lawyers is relevant to determining whether she acted with a wrongful intent, which is a required element of all crimes charged in the indictment.

If you conclude that the defendant honestly and in good faith sought the advice of lawyers as to what she may lawfully do; that she fully and honestly laid all the facts before those lawyers; and that in

good faith she honestly followed such advice, relying upon it and believing it to be correct, then this would negate the willfulness that is a required element of all of the crimes charged in the indictment. If she did so, it is the law that a defendant cannot be convicted of crimes which involve willful and unlawful intent, as charged in this case, even if such advice were an inaccurate construction of the law.

On the other hand, no woman can willfully and knowingly violate the law and excuse herself from the consequences of her conduct by pleading that she followed the advice of her lawyer. Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether she made a full and complete report to these lawyers, and whether she acted substantially in accordance with the advice received, are questions for you to determine.



With these preliminary instructions in mind, let us *now* turn to the

charges against the defendant, as contained in the

indictment. I remind you that an indictment itself is not

evidence. It merely describes the charges made against the

defendant. It is an accusation. It may not be considered by

you as any evidence of the guilt of the defendant.In reaching

your determination of whether the government has proved

the defendant guilty beyond a reasonable doubt, you may

consider only the evidence introduced or lack of evidence.

While we are on the subject of the elements, I should draw

your attention to the fact that it does not matter if the

indictment charges that a specific act occurred on or about a

certain date, and the evidence indicates that, in fact, it was on

another date. The law only requires a substantial similarity

between the dates alleged in the indictment and the date

established by testimony or exhibits.

## RWT INSTRUCTION ON KNOWINGLY AND WILLFULLY

Before addressing the specific elements of the crimes charged, I want to advise you that it is a required element of all of the crimes charged that the government must prove beyond a reasonable doubt that the defendant acted both knowingly and willfully.  I will now give you some guidance on the meanings of these terms.

A person acts "knowingly" if she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.  In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether she knew what she was required to do and deliberately did not do so.

Knowledge, willfulness, intent and the question of whether one acts corruptly involve the state of a person's mind. It has often been

said to juries that the state of one's mind is a fact as much as the state of her digestion.  Accordingly, this is a fact you are called upon to decide.  Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what she says or does: her words, her actions, and her conduct, as of the time of the occurrence of certain events. The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, knowledge and whether a defendant acted corruptly are usually established by surrounding facts and circumstances at the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

[Based on Sand 3A-1 , 3A-3 and 6-17]

## JOINT PROPOSED JURY INSTRUCTION No. 24

*As I advised you at the (The Charges) beginning of the trial,*

The Indictment contains six counts. Count One charges the defendant with obstruction of

a proceeding, in violation of 18 U.S.C. § 1512. Count Two charges the defendant with

falsification and concealment of documents, in violation of 18 U.S.C. § 1519. Counts Three

through Six of the indictment charge ~~the defendant with making false statements,~~ in violation of

18 U.S.C. § 1001.[2]          *Insert 3-6 here*

   The defendant has denied that she is guilty of these charges.

*I will now review the law with respect to each of the six counts*

Sand 3-2 (modified)

### Redline of the standard instruction:

   The Indictment contains ————— ~~counts. Counts 1 through~~ ————— six counts. Count One
charges the defendant with obstruction of a proceeding, in violation of 18 U.S.C. § 1512. Count
Two charges the defendant with falsification and concealment of documents, in violation of 18
U.S.C. § 1519. Counts Three through Six of the indictment charge the defendant with ~~[general
description of offense, e.g., bank robbery, mail fraud]. Counts ————— through ————— charge the
defendants with [general description of offense, e.g., bank robbery, mail fraud].~~

   ~~————— I will now read the indictment to you:~~

   ~~[Read Indictment]~~ making false statements, in violation of 18 U.S.C. § 1001.

─────────────

   [2] In the event the Court declines to give the jury the government's requested instruction
G-9.1 ("Consider Only the Charges"), the parties agree that the following text should be inserted:
"The defendant is not charged with committing any crime other than the offenses contained in
the indictment." This language is taken directly from Sand 3-3.

The indictment contains a total of _____

counts. Each count charges the defendant with a different

crime. You must consider each count separately and return a

separate verdict of guilty or not guilty for each. Whether you

find the defendant guilty or not guilty as to one offense

should not affect your verdict as to any other offense

charged.



(Count One: Obstruction of a Proceeding: The Indictment and Statute)

Count One charges the defendant with obstructing and attempting to obstruct an official proceeding. The indictment reads:

From in or about October 2002 and continuing through at least in or about January 2004, in the District of Maryland and elsewhere, the defendant, Lauren Stevens, in a matter within the jurisdiction of the FDA, the Department of Health and Human Services (HHS), and the Department of Justice (DOJ), agencies of the executive branch of the government of the United States, attempted to and did corruptly obstruct, influence, and impede an official proceeding, by making false and misleading statements to the FDA, and by withholding and concealing information about promotional activities by GSK for Wellbutrin, including for unapproved uses, while representing that she had completed the response to the FDA.

The relevant statute on this subject is 18 U.S.C. § 1512(c)(2). It provides: "Whoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be [guilty of a crime]."

Sand 46-7 (modified); 18 U.S.C. § 1512(c)(2).

*[handwritten notes: "Insert" (left margin); "Should DOJ be deleted? Surplusage issues?"]*

*[handwritten page number: 62]*

Instruction 46-8 Statutory Purpose

Section 1512 (c) (2)

~~This law~~ is designed to prevent any endeavor, whether successful or not, which is made for the purpose of corruptly influencing, obstructing or impeding an agency proceeding.

The word "proceeding" encompasses all of the steps and stages in the performance by an agency of its governmental functions. It extends to and includes both investigative as well as administrative functions. ~~(If applicable: It includes an audit by an agent of the Internal Revenue Service of a taxpayer's return.)~~

The ~~sweep of the~~ statute extends to any corrupt endeavor or effort to obstruct the due administration of the law under which a proceeding is being conducted.

The key word in the statute is "endeavor." As used in the statute, "endeavor" means any effort or any act, however contrived, to obstruct or interfere with the proceeding. It is the endeavor which is the gist of the crime. Success of the endeavor is not an element of the crime.

The word corruptly means having the improper motive or purpose of obstructing the proceeding.

63

## JOINT PROPOSED JURY INSTRUCTION No. 27

(Count One: Obstruction of a Proceeding – Elements of the Offense)

To satisfy its burden of proof as to Count One, the government must prove beyond a reasonable doubt that, on or about the dates specified in the indictment, the defendant:

(1)     corruptly

(2)     obstructed, influenced or impeded (or attempted to obstruct, influence, or impede)

(3)     an official proceeding,

in the manner set out in Count One of the Indictment.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime is complete and you may find the defendant guilty.  If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

Sand 3-10; 18 U.S.C. § 1512(c)(2)

**Redline of the standard instruction:**

In order t To establish the crime charged in the indictment, you must find that the government has sustained satisfy its burden of proving each of proof as to Count One, the following elements government must prove beyond a reasonable doubt:

First, ...................

Second, ...................

Third, ...................



21

# JOINT PROPOSED JURY INSTRUCTION No. 28

(Count One: Obstruction of a Proceeding: First Element – Acted "Corruptly")

The first element the government must prove beyond a reasonable doubt for Count One is that the defendant acted corruptly.

To act "corruptly," as used in these instructions, means that the defendant acted with consciousness of wrongdoing, that is, with the improper purpose of wrongfully obstructing, influencing, or impeding an official proceeding. "Corruptly" does not include acting by accident or mistake.

See United States v. Matthews, 505 F.3d 698, 706 (7th Cir. 2007); United States v. Johnson, 553 F. Supp. 2d 582, 626 (E.D. Va. 2008) (citing, in a bench trial for a § 1512(c) violation, to Matthews for the definition of "corruptly").

Knowingly (and willfully)

(Count One: Obstruction of a Proceeding: Second Element – Obstructs, Influences, or

Impedes, or Attempts to Do So)

The second element the government must prove beyond a reasonable doubt for

Count One is that the defendant did obstruct, influence, or impede an official

proceeding, or attempt to do so.

It is not necessary for the government to prove that the defendant was successful

in obstructing, influencing, or impeding the proceeding.  An attempt to corruptly obstruct

an official proceeding by one of the means charged in Count One is sufficient.

Count One alleges that the defendant <u>attempted to and did corruptly obstruct,</u>

<u>influence, and impede an official proceeding, by making false and misleading</u>

<u>statements to the FDA, and by withholding and concealing information about</u>

<u>promotional activities by GSK for Wellbutrin, including for unapproved uses, while</u>

<u>representing that she had completed the response to the FDA.</u>

[quote Count One of the indictment].  Under this element, it is essential that

the government prove beyond a reasonable doubt that the defendant knowingly

[paraphrase Count One allegation e.g., made false statements, etc.] <u>made false</u>

<u>and misleading statements to the FDA and withheld and concealed information</u> in

a corrupt attempt to obstruct the agency proceedings. by [e.g., making such false

statements, etc.].[1]

Sand 46-12; 18 U.S.C. § 1512(c)(2); Count One of the Indictment

---

[1] The parties reserve the opportunity to propose specific paraphrasing language at the
close of trial.



66

### REQUEST NO. D-30

#### Count One: Obstruction of a Proceeding
#### Third Element—An Official Proceeding

The third element the government must prove beyond a reasonable doubt for Count One

is that the defendant's actions were directed toward an official proceeding.

The term "official proceeding" includes a proceeding before a federal government

agency, such as the United States Department of Health and Human Services (of which the Food

and Drug Administration is a part), that is authorized by law. The proceeding need not be pend-

ing or about to be instituted at the time of the charged offense, but the proceeding must have

been foreseeable to the defendant, and the defendant must have intended to affect the proceeding.

The term "proceeding" encompasses all of the steps and stages in the performance by an

agency of its governmental functions. It extends to and includes both investigative as well as

administrative functions.

**Authority**: Adapted from Sand 46-10; 18 U.S.C. § 1512(c)(2) (requiring official proceeding);
U.S.C. § 1515(a)(1)(C), Sand 46-8, and Gov. Instr. 39 (definition of "proceeding"); 18 U.S.C.
§ 1512(f) and Gov. Instr. 39 (proceeding need not be pending, but must have been foreseeable);
*United States v. Aguilar*, 515 U.S. 593, 598-600 (1995) (for intent to affect proceeding, *i.e.*,
nexus to proceeding). Defendant objects to the inclusion of the Department of Justice, *see* Gov.
Prop. Instr. G-39, because the indictment contains no factual allegations concerning any proceed-
ing before the Department of Justice.

#### Redline of Government's Proposed Instr. G-30:

The third element the government must prove beyond a reasonable doubt for Count One

is that the defendant's actions were directed toward an official proceeding.

The term "official proceeding" includes a proceeding before a federal government

agency, such as the United States Department of Health and Human Services (of which the Food

and Drug Administration is a part), ~~or the Department of Justice,~~ that is authorized by law. The



## JOINT PROPOSED JURY INSTRUCTION No. 31

(Count Two: Falsification/Concealment of Documents: The Indictment and Statute)

Count Two charges the defendant with the falsification or concealment of documents. The Indictment reads:

[Read Indictment for Count Two]From in or about October 2002 through at least in or about January 2004, in the District of Maryland and elsewhere, the defendant, Lauren Stevens, in a matter within the jurisdiction of the FDA, HHS, and DOJ, agencies of the executive branch of the government of the United States, knowingly altered, concealed, covered up, and falsified records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FDA, HHS, and DOJ, agencies of the United States, and in relation to and contemplation of any such matter, in that she sent false letters, falsified and altered documents, and concealed and covered up evidence of promotional activities including gifts and entertainment by GSK to promote sales of Wellbutrin, including for unapproved uses.

The relevant statute on this subject is 18 U.S.C. § 1519. It provides in pertinent part:

"Whoever knowingly . . . conceals , covers up, falsifies . . . any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States, or in relation to and contemplation of any such matter. . . shall be [guilty of a crime]."

Should poste ted ?

68

18 U.S.C. § 1519

### REQUESTS NO. D-26.1 AND D-31.1

**Count One: Obstruction of a Proceeding
Purpose of the Statute**

**Count Two: Falsification/Concealment of Documents
Purpose of the Statute**

[Defendant objects to any instructions on the purposes of the
statutes charged. This instruction is offered only on a condi-
tional basis. If instructions on statutory purpose are included,
this instruction should be included with regard to the purpose
of the obstruction statutes charged in Counts One (G-26.1) and
Two (G-31.1).]

*Section 1519*

~~The law~~ is not designed to reach all acts by which a person withholds a document from a

government investigation or all acts that might impede a government proceeding. Rather, the

law is addressed to those who, with consciousness of their wrongdoing, take actions with the evil

intent of corruptly influencing, obstructing or impeding an agency proceeding. The due admini-

stration of agency proceedings refers to the fair, impartial and uncorrupted and unimpeded inves-

tigation, prosecution, or disposition of any matter in any agency proceeding.

**Authority:**     Sand 46-2 and 46-8 (modified and combined); 18 U.S.C. § 1512(c)(2); Pub. L.
107–204 sec 1102. *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2004), confirms that
not all withholding of evidence, even with a purpose to "keep [the] information from getting into
the hands of … the Government," violates Section 1512, and that it is not "enough for [the de-
fendant] to have simply 'impede[d]' the Government's factfinding ability." *Id.* at 703-04, 706.
As this Court recently recognized, Section 1512 embodies a requirement of "evil intent" and that
the defendant was "conscious of the wrongfulness of [her] actions." 3/23/11 Memorandum
Opinion at 5-6 (ECF No. 132).



**JOINT PROPOSED JURY INSTRUCTION No. 32**

(Count Two: Falsification/Concealment of Documents: Elements of the Offense)

To satisfy its burden of proof as to Count Two, the government must prove the following elements beyond a reasonable doubt:

(1)     That, on or about the dates specified in the indictment, the defendant altered, concealed, covered up, or falsified any record, document, or tangible object, as set out in Count Two of the indictment;

(2)     That she did so knowingly, with the intent to impede, obstruct or influence an investigation or the proper administration of a matter or in relation to or in contemplation of any such matter or investigation; and

(3)     That the investigation or the matter be within the jurisdiction of any department or agency of the United States.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime is complete and you may find the defendant guilty.  If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

18 U.S.C. § 1519; 3/23/11 Mem. Op. at 5 (ECF No. 132) ("[T]he mens rea is 'knowingly . . .with intent to impede, obstruct or influence . . . .' "); Sand 3-10 (reasonable doubt paragraph) (unmodified).

27

71

## REQUEST NO. D-32

### Count Two: Falsification/Concealment of Documents
### Elements of the Offense

To satisfy its burden of proof as to Count Two, the government must prove the following

elements beyond a reasonable doubt:

(1)     That, on or about the dates specified in the indictment, the defendant concealed,

covered up, or falsified any record, document, or tangible object, as set out in Count Two of the

indictment;

(2)     That she did so knowingly, with the intent to impede, obstruct or influence an in-

vestigation or matter; and

(3)     That the investigation or the matter be within the jurisdiction of any department or

agency of the United States.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the

government has proved each of the foregoing elements as charged in the indictment, then proof

of the crime is complete and you may find the defendant guilty. If, on the other hand, you have a

reasonable doubt after careful consideration of all of the evidence as to any of the elements, then

it is your duty to acquit.

**Authority:** Sand Instr. 3-10; 18 U.S.C. § 1519; Gov. Instr. G-42; Count Two of the Indictment;
3/23/11 Mem. Op. at 5 (ECF No. 132).

NOTE: Through inadvertent miscommunication between the parties, this instruction is listed as
a jointly agreed instruction in the government's submission of joint proposed instructions. In
fact the Defendant submits this proposed instruction in place of the government's Instr. G-32.
The difference has to do with the second element of the offense, the *mens rea*, which was the
subject of pretrial motions. Defendant relies on this Court's March 23, 2011 Memorandum
Opinion at 5 (ECF No. 132), which resolved those pretrial motions and concluded "the *mens rea*
is 'knowingly … with intent to impede, obstruct or influence.'"



**GOVERNMENT PROPOSED JURY INSTRUCTION No. G-32.1**

(Count Two: Falsification/Concealment of Documents: Document Destruction and Success of

Obstructive Efforts Not Required)

In order to prove a violation of 18 U.S.C. § 1519, the government does not need to prove

that the defendant destroyed any evidence or altered a document that already existed.

Likewise, the success of the effort to impede, obstruct or influence is not an element of

the crime.  It is sufficient if you find the other elements met that the defendant acted with the

intent to impede, obstruct or influence.

Paragraph 1:   *See* 3/23/11 Mem. Op. at 9-10 (ECF No. 132) ("No federal court has endorsed

Stevens' argument that a document must be pre-existing to be subject to § 1519's

proscriptions.") *United States v. Hunt*, 526 F.3d 739, 744 (11th Cir. 2008) ("[Section 1519] is

not solely concerned with destruction or tampering.  While [the defendant] created the document

in which he made the false statement, such an act clearly is covered by the language of the

statute.  Nothing suggests the document mentioned in § 1519 must be already existing at the time

the false entry was made.").


Paragraph 2: 18 U.S.C. § 1519 (requiring only "*the intent* to impede, obstruct, or influence the

investigation or proper administration of any matter"); *cf.* Sand 46-4 ("Success of the endeavor is

not an element of the crime [of violating 18 U.S.C. § 1503]. Any effort, whether successful or

not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is

condemned.").



## REQUEST NO. D-34

### Count Two: Concealment or Falsification of Records
### Second Element—Knowingly, With Intent to Impede, Obstruct or Influence

The second element which the government must prove beyond a reasonable doubt for Count Two is that the defendant acted knowingly, with intent to impede, obstruct, or influence an investigation or matter.

An act is done knowingly if it is done voluntarily and purposely, as opposed to mistakenly or accidentally. To act "knowingly, with intent to impede, obstruct, or influence" requires consciousness of wrongdoing, that is, the improper purpose of wrongfully impeding, obstructing, or influencing the investigation or matter.

The investigation or matter need not be pending or about to be instituted at the time of the charged offense, but an investigation or matter must have been foreseeable to the defendant, and the defendant must have intended to impede, obstruct, or influence such a potential or contemplated investigation or matter.

**Authority:** Adapted from Sand Instr. 36-7; 3/23/11 Mem. Op. at 5-6 (ECF No. 132) 3/23/11 Mem. Op. at 5 (ECF No. 132) ("[T]he *mens rea* is 'knowingly ... with intent to impede, obstruct or influence,' a *mens rea* clearly requiring consciousness of wrongdoing.");Gov. Prop. Instr. 46; 18 U.S.C. § 1519. *See also Arthur Andersen v. United States*, 544 U.S. 696, 706 (2005); *United States v. Moyer*, 726 F. Supp. 2d 498, 506 (M.D. Pa. 2010); *United States v. Kun Yun Jho*, 465 F. Supp. 2d 618, 635, 637 n.9 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008). The last sentence is copied from Gov. Prop. Instr. 39 (Def. Request D-39.C), with "investigation" substituted for "proceeding".

### Redline of Sand 36-7:

The **second** element which the government must prove beyond a reasonable doubt **for Count Two** is that the defendant acted knowingly**, with intent to impede, obstruct, or influence an investigation or matter.**



(75)   48

**JOINT PROPOSED JURY INSTRUCTION No. 36**

(Count Two: Falsification/Concealment of Documents: Third Element – Matter Within the

Jurisdiction of the United States Government)

The third element the government must prove beyond a reasonable doubt for Count Two

is that the investigation must be a matter within the jurisdiction of the government of the United

States. I ~~charge~~ *instruct* you that the United States Food and Drug Administration (FDA), the United

States Department of Health and Human Services, ~~and the United States Department of Justice~~

~~are all~~ *is an* agenc~~ies or portions of agencies~~ of the United States government.

To be within the jurisdiction of a department or agency of the United States government

means that the ~~statement~~ *investigation or matter* must concern an authorized function of that department or agency.

18 U.S.C. § 1519; *United States v. Ionia Management S.A.*, 526 F. Supp. 2d 319, 329-30 (D.

Conn. 2007) (" '[T]he phrase "within the jurisdiction" merely differentiates the official,

authorized functions of an agency or department from matters peripheral to the business of that

body.' " (quoting *United States v. Rodgers*, 466 U.S. 475, 477 (1984)).

*Why DOJ ?*

76

## JOINT PROPOSED JURY INSTRUCTION No. 38

(Counts Three through Six: Making False Statements: The Indictment and Statute)

Counts Three through Six of the indictment charge the defendant with knowingly and willfully making false statements to the Federal Food and Drug Administration (FDA), an agency of the United States. The Indictment reads:

[Read Counts Three through Six of the Indictment]

*Insert → Handout?*

The relevant statute on this subject is 18 U.S.C. § 1001. It provides in relevant part:

"[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; [or] (2) makes any materially false, fictitious or fraudulent statement or representation, shall be [guilty of a crime]."

Sand 36-1 (as modified)

**Redline of the standard instruction:**

~~T~~Counts Three through Six of the indictment charge the defendant ~~is charged~~ with knowingly and willfully making false statements to ~~————————~~ the Federal Food and Drug Administration (FDA), ~~[a department/agency~~n agency of the United States~~]~~. The ~~i~~Indictment reads ~~as follows:~~

[Read Counts Three through Six of the Indictment]

~~You will observe that the indictment charges that the defendant knowingly and willfully (select appropriate charge: falsified, concealed or covered up a material fact, by trick, scheme or device, or made a materially false, fictitious or fraudulent statement or representation, or used a~~



# Form Instruction 36-2 - The Purpose of the Statute

The purpose of section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences which might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the government to prove certain essential elements--which I will soon describe for you--beyond a reasonable doubt. However, I want to point out now that it is not necessary for the government to prove that the government agency was, in fact, misled as a result of the defendant's action. It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the government of the United States. ( If applicable: The statute covers actions by government employees as well as by private individuals.)

77A

## JOINT PROPOSED JURY INSTRUCTION No. 39

(Counts Three Through Six: Making False Statements: Elements of the Offense)

To satisfy its burden of proof as to Counts Three through Six, the government must prove beyond a reasonable doubt that:

First, on or about the date specified in the indictment, the defendant falsified, concealed or covered up a material fact, or made a statement or misrepresentation;

Second, the fact falsified, concealed or covered up, or the statement or representation, was material;

Third, the defendant falsified, concealed or covered up the material fact by trick, scheme, or device, or the material statement or representation was false, fictitious or fraudulent;

Fourth, the defendant acted knowingly and willfully;

Fifth, the falsification, concealment or coverup, or the statement or representation, was with respect to a matter within the jurisdiction of the government of the United States.

For each count of Counts Three through Six, if you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in that count of the indictment, then proof of the crime charged is complete and you may find the defendant guilty on that count. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements for that count, then it is your duty to acquit on that count.

Sand 36-3, 36-9 (modified to combine)



**JOINT PROPOSED JURY INSTRUCTION No. 40**

(Counts Three Through Six: Making False Statements: First Element – Falsified, Concealed or

Covered Up or Statement or Representation)

The first element that the government must prove beyond a reasonable doubt for Counts

Three through Six is that the defendant either:

(1) falsified, or concealed or covered up a fact, or

(2) made a statement or representation.

To "falsify" means to make an untrue statement which is untrue at the time made and is

known to be untrue at the time made. To "conceal" means to withhold from another. It requires

some act to prevent detection of some fact the defendant was required to reveal. To "cover up"

means to hide from another.

With respect to statements, the government need not prove that the defendant physically

made or otherwise personally prepared the statement in question. It is sufficient if the defendant

caused the statement charged in the indictment to have been made. Under this statute, there is no

distinction between written and oral statements.


Sand 36-4, 36-10 (modified to combine)




**Redline to standard instructions:**

*Sand 36-4*

The first element that the government must prove beyond a reasonable doubt for Counts

Three through Six is that the defendant either:

85/    79

## REQUEST NO. D-45

### Literal Truth Is Not Falsity

In deciding whether the defendant's statements are false, the statements must be given

their natural meaning in the context in which the words were used. If you find that a statement

made
~~given~~ by the defendant was literally true, then this element is not satisfied and you must find the

defendant not guilty on the count concerning that statement. As long as a statement, or a reason-

able interpretation of a statement, is narrowly or literally true, there can be no conviction for the

statement being false.

**Authority**: Adapted from Sand 48-8; *see United States v. Good*, 326 F.3d 589, 592 (4th Cir.
2003) (holding this concept from perjury law applies to false statement cases, citing *Bronston v.
United States*, 409 U.S. 352, 360-62 (1973) and the law of several circuits applying *Bronston* to
false statements under § 1001).

### Redline of Sand 48-8:

In deciding whether the defendant's **statements** ~~answers~~ are false, the **statements** ~~an-~~

~~swers~~ must be given their natural meaning in the context in which the words were used. If you

find that ~~an~~ **statement** ~~answer~~ given by the defendant was literally true, then this element is not

satisfied and you must find the defendant not guilty on **the count concerning that statement**

~~this charge~~. As long as a statement, or a reasonable interpretation of a statement, is narrowly or

literally true, there can be no conviction **for the statement being false**. ~~for perjury, even if you~~

~~find that the answer was unresponsive to the question asked or intentionally misleading~~.

**JOINT PROPOSED JURY INSTRUCTION No. 41**

(Counts Three Through Six: Making False Statements: Second Element – Materiality)

The second element the government must prove beyond a reasonable doubt for Counts

Three through Six is that either:

(1) the fact falsified, concealed or covered up was material; or

(2) the statement or representation was material.

A fact is material if it was capable of influencing the government's decisions or

activities. However, proof of actual reliance on the statement by the government is not required.

Sand 36-5 and 36-11 (modified to combine)

**Redline of the standard instructions:**

*Sand 36-5*

The second element the government must prove beyond a reasonable doubt for Counts

Three through Six is that either:

(1) the fact falsified ( or, concealed or covered up was material; or

(2) the statement or representation was material.

——— A fact is material if it was capable of influencing the government's decisions or

activities. However, proof of actual reliance on the statement by the government is not required.

*Sand 36-11*

The second element the government must prove beyond a reasonable doubt for Counts

Three through Six is that the defendant's either:

81

38

**REQUEST NO. D-42**

**Counts Three Through Six: Making False Statements**
**Third Element—Trick, Scheme or Device, or False, Fictitious or Fraudulent Statement**

The third element the government must prove beyond a reasonable doubt for Counts

Three through Six is that:

(1) the defendant falsified, concealed or covered up the fact by trick, scheme or device;

or

(2) the statement or representation made by the defendant was false, fictitious or

fraudulent.

A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive

act or strategy calculated to deceive other persons.

A statement or representation is "false" or "fictitious" if it was untrue when made, and

known at the time to be untrue by the person making it or causing it to be made. A statement or

representation is 'fraudulent' if it was untrue when made and was made or caused to be made

with the intent to deceive the government agency to which it was submitted.

In Count Three, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description]**. The statements that the government

contends were false, fictitious or fraudulent are **[insert description]**.

In Count Four, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description].**   The statement that the government

contends was false, fictitious or fraudulent is **[insert description]**.

In Count Five, the government contends that the so called trick, scheme or device

employed by the defendant was **[insert description]**. The statements that the government

contends were false, fictitious or fraudulent are **[insert description]**.



In Count Six, the government contends that the so called trick, scheme or device employed by the defendant was **[insert description]**. The statement that the government contends was false, fictitious or fraudulent is **[insert description]**.

*— What is text of insert?*

As I have instructed you elsewhere, you must consider each of these counts separately.

Whether defendant's behavior amounted to a trick, scheme or device, is a question for you, as finders of the facts to decide. Similarly, whether the specified statements were false, fictitious or fraudulent is a question for you, the finders of fact. In deciding whether the statements were false, fictitious or fraudulent, if the statements were ambiguous, so that they could be interpreted in several ways, then the government must prove that the statements were false under any reasonable interpretation in the circumstances.

For each count, it is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up a material fact by trick, scheme or device, or that the defendant's statement was false, fictitious or fraudulent.

**Authority:** Sand 36-6 and 36-12. Defendant submits that the instruction on trick, scheme or device and on false, fictitious or fraudulent statements must direct the jury's attention to the specific statements alleged to be false and the specific conduct alleged to constitute a trick, scheme, or device. *See* Sand Instr. 36-6 (second paragraph). To fail to do so would risk permitting the jury to convict for conduct other than that specified in the indictment. *See Russell v. United States*, 369 U.S. 749, 770-71 (1962); *Stirone v. United States*, 361 U.S. 212, 218 (1960).

### Redline of Sand 36-6:

The third element the government must prove beyond a reasonable doubt **for Counts Three through Six** is that:

**(1)** the defendant falsified, concealed or covered up the fact by trick, scheme or device;

**or**



## JOINT PROPOSED JURY INSTRUCTION No. 43

(Counts Three Through Six: Making False Statements: Fourth Element – Knowing and Willful

Conduct)

The fourth element which the government must prove beyond a reasonable doubt for

Counts Three through Six is that the defendant acted knowingly and willfully, *as those terms have been defined by me previously in those instructions.*

~~An act is done knowingly if it is done purposely and voluntarily, as opposed to~~

~~mistakenly or accidentally.~~

An act is done willfully ~~if it is done with~~ an intention to do something the law forbids, a

bad purpose to disobey the law or, with respect to concealment, with specific intent to fail to do

something the law requires to be done. The defendant's conduct was not "willful" if it was due

to negligence, inadvertence, or mistake.

Sand 3A-3 and 36-13 (modified to combine portions)

**Redline of the standard instructions:**

*Sand 3A-3*

~~You have been instructed that in order to sustain its burden of proof~~ The fourth element

which the government must prove beyond a reasonable doubt for Counts Three through Six is

that the defendant acted ~~willfully. "Willfully" means to act with knowledge that one's conduct is~~

~~unlawful and with the intent~~ knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to

mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids,

AO



**JOINT PROPOSED JURY INSTRUCTION No. 44**

(Counts Three Through Six: Making False Statements: Fifth Element – Matter Within the

Jurisdiction of the United States Government)

The fifth element which the government must prove beyond a reasonable doubt for

Counts Three through Six is that the statement, representation or falsification be made with

regard to a matter within the jurisdiction of the government of the United States. I charge you

that the United States Department of Health and Human Services, the United States Food and

Drug Administration (FDA) and the United States Department of Justice are agencies or portions

of agencies of the United States government.

There is no requirement that the statement, representation or falsification be actually

directed to or given to the federal agency. All that is necessary is that you find that it was

contemplated that the document or statement was to be utilized in a matter which was within the

jurisdiction of the government of the United States. To be within the jurisdiction of a

department or agency of the United States government means that the statement must concern an

authorized function of that department or agency.

In this regard, it is not necessary for the government to prove that the defendant had

actual knowledge that the statement, representation or falsification was to be used in a matter

which was within the jurisdiction of the government of the United States. It is sufficient to

satisfy this element if you find that the false statement was made with regard to a matter within

the jurisdiction of the government of the United States.


Sand 36-14 (modified to identify agencies and include falsification)



85

### REQUEST NO. D-64

**Unanimity as to False Statements, Falsified Documents, or Concealed Facts**

~~Your verdict must also be unanimous in another sense.~~

Counts One, Two, Three and Five of the indictment each charge the defendant with making more than one false statement, falsifying more than one document, or concealing more than one material fact.

The government is not required to prove that all of the statements that are alleged in each of these counts were false, that all of the documents alleged in these counts were falsified, or that all of the material facts alleged in these counts, respectively, were concealed. To convict on any one of these counts, however, each juror must agree with each of the other jurors that, within each count, the same statement alleged to be false was in fact false; or the same document alleged to be falsified was falsified; or the same material fact alleged to be concealed was concealed. The jury need not unanimously agree on every fact or statement alleged in each count, but, in order to convict, every juror must unanimously agree upon at least one such false statement, falsified document, or concealed material fact in each count.

For each of Counts One, Two, Three and Five, unless the government has proven to each of you, beyond a reasonable doubt, the same false statement, or the same falsified document, or the same concealed material fact, you must acquit the defendant of the charges in that count.

**Authority:** Adapted from 2A O'Malley et al., *Federal Jury Practice and Instructions—Criminal* § 40.15 (6th ed. 2009) (modified for multiple counts and to apply to 18 U.S.C. §§ 1001(a)(1) and (2)); and Sand Instr. 9-7A (modified for multiple counts and to apply to 18 U.S.C. §§ 1001(a)(1) and (2)). "Instruction 9-7A has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." Sand Instr. 9-7A, Comment, at 9. *See United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) (affirming where district court instructed jury that it had to be unanimous as to at least one statement in each count); *United States v. Holley*, 942 F.2d 916, 929 (5th Cir. 1991) (cited with approval in *Sarihifard* and in *United States v. Tipton*, 90 F.3d 861, 885 (4th Cir. 1996)) (revers-



86

## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-45.2

(Aiding and Abetting: The Indictment and Statute)

Each count of the indictment charges the defendant with aiding and abetting in the offense charged. The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

Sand 11-1 (modified to omit re-reading the indictment)

**Redline of the standard instruction:**

 ~~T~~Each count of the indictment charges the defendant with aiding and abetting ~~[describe~~

~~principal offense]. The indictment reads as follows:~~

~~[Read Indictment]~~

———in the offense charged. The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."





## GOVERNMENT PROPOSED JURY INSTRUCTION No. G-45.3

(Aiding and Abetting: Elements)

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant herself physically committed the crime with which she is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.

Accordingly, you may find a defendant guilty of any of the offenses charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate herself in some way with the crime, and that she participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated herself with the crime, the government must establish:

(1) For Count One, that the defendant had the purpose of corruptly influencing, obstructing or impeding an official proceeding;





(2) For Count Two, that the defendant knew that a record, document or tangible object was being altered, concealed, covered up or falsified, and acted with the improper purpose of impeding, obstructing, or influencing the investigation or proper administration of a matter;

(3) For Counts Three to Six, that the defendant knew that a false statement was being made, and acted willfully.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of each count, ask yourself these questions:

Did she participate in the crime charged as something she wished to bring about?

Did she knowingly associate himself with the criminal venture?

Did she seek by her actions to make the criminal venture succeed?

89

If she did, then the defendant is an aider and abettor, and therefore guilty of that count. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find her not guilty of aiding and abetting on that count.

Sand 11-2 (modified to include the relevant mens rea requirement for each count)

**Redline of the standard instruction:**

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himerself physically committed the crime with which heshe is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if heshe committed it himerself.

Accordingly, you may find a defendant guilty of any of the offenses charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himerself in some way with the crime, and that heshe participate in the crime by doing some act to help make the crime succeed.



90

To establish that defendant knowingly associated himerself with the crime, the government must establish:

(1) For Count One, that the defendant [describe mental state required for principal offense, e.g., knew that drugs were being imported into the United States; intended that [the victim] be murdered, etc.] had the purpose of corruptly influencing, obstructing or impeding an official proceeding;

(2) For Count Two, that the defendant knew that a record, document or tangible object was being altered, concealed covered up, or falsified, and acted with the improper purpose of impeding, obstructing, or influencing the investigation or proper administration of a matter;

(3) For Counts Three to Six, that the defendant knew that a false statement was being made, and acted willfully.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

91

To determine whether a defendant aided or abetted the commission of ~~the crime with which he is charged~~each count, ask yourself these questions:

Did ~~he~~she participate in the crime charged as something ~~he~~she wished to bring about?

Did ~~he~~she knowingly associate himself with the criminal venture?

Did ~~he~~she seek by his~~er~~ actions to make the criminal venture succeed?

If ~~he~~she did, then the defendant is an aider and abettor, and therefore guilty of ~~the offense~~ that count. If, on the other hand, your answer to any one of these questions is "no", then the defendant is not an aider and abettor, and you must find him~~er~~ not guilty of aiding and abetting on that count.

92

Form Instruction 9-3 Right To See Exhibits and Hear Testimony; Communications With Court

You are about to go into the jury room and begin your deliberations. ~~If during those deliberations you want to see~~ All of ~~any of~~ the exhibits, ~~they~~ will be sent to you in the jury room ~~upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in~~ requesting exhibits or portions of testimony ~~which you may want. Your requests for exhibits or testimony-- in fact any communication with the court--should be made to me in writing, signed by your foreperson, and given to one of the marshals.~~ I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a

93



Form Instruction 9-5 Selection of a Foreperson ~~When you get~~

~~into the jury room, before you begin your deliberations, you~~
As I advised you previously, Juror No 1 will act as your
~~should select someone to be the~~ foreperson. The foreperson

will be responsible for signing all communications to ~~the~~ me

~~court~~ and for handing them to the ~~marshal~~ Court Security officer for delivery to me during your

deliberations.

(95)

**Form Instruction 9-7 Duty To Consult and Need for Unanimity**

The government, to prevail, must prove the essential elements by the
required degree of proof, as _I have_ already explained in these instructions.
If it succeeds, your verdict should be guilty; if it fails, it should be
not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine
whether or not the defendant is guilty, solely upon the basis of such
evidence.

Each juror is entitled to his or her opinion; each should, however,
exchange views with his or her fellow jurors. That is the very
purpose of jury deliberation--to discuss and consider the evidence;
to listen to the arguments of fellow jurors; to present your individual
views; to consult with one another; and to reach an agreement based
solely and wholly on the evidence--if you can do so without violence
to your own individual judgment.

96

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

97

**Form Instruction 9-1 Punishment**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon ~~the court.~~ *me* Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if *she* he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

98

A verdict form has been prepared for your use.  When you have reached your verdicts, your foreperson should enter the verdicts for each count and then date and sign the verdict form in the spaces provided.  You should give a note to the Court Security Officer for delivery to me advising me that you reached your verdicts.

Do not send the verdict form to me; it will presented formally here in the courtroom.  You may begin your deliberations.

99